*(7)*

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: KANSAS | |
|---|---|---|
| Name (under which you were convicted): DONALD L. BROWN II | | Docket or Case No.: 19-3036-SAC __ |
| Place of Confinement : ELLSWORTH CORRECTIONAL FACILITY | Prisoner No.: 0099897 | |
| Petitioner (include the name under which you were convicted) DONALD L. BROWN II DONALD L. BROWN JR | v. | Respondent (authorized person having custody of petitioner) ROGER WERHOLTZ |
| The Attorney General of the State of: DEREK SCHMIDT | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    DOUGLAS COUNTY DISTRICT COURT

    111 EAST 11TH STREET  UNIT 5

    LAWRENCE KS 66044 2966

    (b) Criminal docket or case number (if you know):  2010 CR 0938

2.  (a) Date of the judgment of conviction (if you know):  JAN, 07 2011

    (b) Date of sentencing:  MARCH 4, 2011

3.  Length of sentence:  TWO CONSECUTIVE LIFES WITH MINIMUM OF 25 YEAR MANDATORY EACH

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    3-COUNTS OF RAPE

    3-COUNTS OF AGGRAVATED CRIMINAL SODOMY

    2-COUNTS OF AGGRAVATED INDECENT LIBERTIES

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☒ (2)   Guilty            ☐ (4)   Insanity plea

Page 2 of 24

(8)

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?   *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   *APPEALS OF THE STATE OF KANSAS*

(b) Docket or case number (if you know):   *13-109417-A*

(c) Result:   *AFFIRMED THE DISTRICT COURT'S DECISION IN PART & VACATED IN PART*

(d) Date of result (if you know):   *MARCH 21, 2014*

(e) Citation to the case (if you know):   *STATE V. BROWN, 321 P.3d 36*

(f) Grounds raised:   *SIX TH AMENDMENT RIGHT TO COMPETENT COUNSEL AND
THE DEFICIENT REPRESENTATION OF TRIAL COUNSEL*

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   *SUPREME COURT OF THE STATE OF KANSAS*

(2) Docket or case number (if you know):   *13-109417-A*

(3) Result: *DENIED*

(9)

AO 241 (Rev. 09/17)

(4) Date of result (if you know): MAY 27, 2015

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: DOUGLAS COUNTY DISTRICT COURT

(2) Docket or case number (if you know): 2015 CV 340

(3) Date of filing (if you know): SEP. 24 2015

(4) Nature of the proceeding: STATE HABEAS CORPUS KSA 60-1507

(5) Grounds raised: 6TH AMENDMENT EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED WHEN DEFENSE COUNSEL FAILED TO SUBJECT THE PROSECUTIONS CASE TO MEANINGFUL ADVERSARIAL TESTING AND PLEADING THE DEFENDANT GUILTY WITHOUT PRIOR CONSULTATION THEN TOTALLY ABANDING THE DEFENDANT, 14TH AMENDMENT EQUAL PROTECTION WAS DENIED WHEN THE JUDGE FAIL TO ACCEPT THE PLEA OF GUILTY AS CHARGED AT ARRAINGMENT KSA 22-3209a

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: SUMMARY DENIAL SEE MEMORANDUM/ORDERS

Page 4 of 24

(10)

AO 241 (Rev. 09/17)

(8) Date of result (if you know): MAR, 17, 2016

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: DOUGLAS COUNTY DISTRICT COURT

(2) Docket or case number (if you know): 2010 CR 938

(3) Date of filing (if you know): MAY 26, 2015

(4) Nature of the proceeding: MOTION TO ARREST JUDGEMENT AMENDED

(5) Grounds raised: NOTICE, DUE PROCESS AND DOUBLE JEOPARDY
SEE "OTHER" SECTION FOR THE MOTION
SEE MEMORANDUM / ORDERS FOR RESULT

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: MEMORANDUM DECISION DENYING DEFENDANTS MOTION TO ARREST JUDGEMENT ECT

(8) Date of result (if you know): FEB. 17, 2016

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: DOUGLAS COUNTY DISTRICT COURT

(2) Docket or case number (if you know): 2010 CR 938

(3) Date of filing (if you know): AUG. 30, 2016

(4) Nature of the proceeding: MOTION TO INSPECT PHYSICAL EVIDENCE & DISCOVERY

(5) Grounds raised: D.N.A. RETESTING BY OWN EXPERTS FOR
EXCULPATORY EVIDENCE, CONFRONTATION CLAUSE OF
LABORATORY REPORTS, DUE PROCESS THE DEFENDANTS
INNOCENCES IS ESTABLISHED BY THE D.N.A. EVIDENCE
SEE "OTHER" SECTION
SEE MEMORANDUM / ORDER SECTION FOR RESULT

(11)

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _ORDER DENYING PENDING PROSE MOTIONS_

(8) Date of result (if you know): _JAN. 26, 2017_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☒ No

(3) Third petition:   ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_THE DISTRICT COURT HAS NOT GRANTED APPEALS COUNSEL_

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:   _SEE ATTACHED "ATTACHMENT OF GROUNDS"_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_SEE: "SUPPORTING FACTS FOR GROUNDS"_
_VOLUME TWO TRANSCRIPT OF PROCEEDINGS &_
_VOLUME ONE_

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

*(12)*

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   *SEE LETTER "MARCH 14, 2013"*

*"I AM REQUIRED TO EXERCISE MY PROFESSIONAL JUDGMENT AND CAN ONLY RAISE ISSUES THAT ARE SUPPORTED BY THE LAW AND THE RECORD."*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *AMENDED MOTION TO ARREST JUDGEMENT, HABEAS CORPUS & MOTION TO CORRECT AN ILLEGAL SENTENCE*

Name and location of the court where the motion or petition was filed: *DOUGLAS COUNTY DISTRICT COURT 111 EAST 11TH STREET UNIT S LAWRENCE KS 66044-2966*

Docket or case number (if you know): *2010 CR 938 & 2015 CV 340, 2010 CR 938*

Date of the court's decision: *FEB. 17, 2016, MAR. 17 2016, PENDING*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ORDERS & OTHER FOR PENDING*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *KANSAS COURT OF APPEALS*

Docket or case number (if you know): *16-116744-A   C.O.A. 116744*

Date of the court's decision: *AUG. 30, 2018*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ORDERS*

*✶ CITATION BROWN V. STATE 404 P.3d 358*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*(GRANTED) AMENDED MOTION TO ARREST JUDGEMENT WAS NOTICED FOR APPEAL, NO APPEAL HAS BEEN GRANTED. MOTION TO CORRECT AN ILLEGAL SENTENCE IS PENDING BEFORE DISTRICT COURT*

*(13)*

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**   *SEE "ATTACHMENT OF GROUNDS"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS" VOLUME TWO TRANSCRIPTS OF PROCEEDINGS VOLUME ONE*

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   *SAME AS GROUND ONE SEE LETTER "MARCH 14 2013" UNDERLINED*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   *STATE HABEAS CORPUS*

Name and location of the court where the motion or petition was filed:   *DOUGLAS COUNTY DISTRICT COURT 111 EAST 11TH STREET UNIT 5 LAWRENCE KS 66044 2966*

Docket or case number (if you know):   *2015 CV 340*

(14)

AO 241 (Rev. 09/17)

Date of the court's decision: *MAR. 17 2016*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM OPINION/ ORDERS DECISIONS*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *KANSAS COURT OF APPEALS*

Docket or case number (if you know): *16 - 116 744 - A*

Date of the court's decision: *AUG 30, 2018*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ ORDERS*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*APPELLATE COUNSEL MUST EXERCISE THEIR PROFESSIONAL JUDGMENT. SEE LETTER JPAY NOV. 4, 2016 UNDERLINED*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *N/A*

**GROUND THREE:** *SEE "ATTACHMENT OF GROUNDS"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS" "VOLUME 2 TRANSCRIPT OF PROCEEDINGS"*

*(15)*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *SAME AS GROUND ONE* *SEE LETTER "MARCH 14 2013" UNDERLINED*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *STATE HABEAS CORPUS 60-1507*

Name and location of the court where the motion or petition was filed: *SAME AS GROUND TWO*

Docket or case number (if you know): *2015 CV 340*

Date of the court's decision: *MAR. 17, 2016*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *KANSAS COURT OF APPEALS*

Docket or case number (if you know): *16-116744-A*

Date of the court's decision: *AUG. 30, 2018*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ORDERS*

_____

_____

*(16)*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
       have used to exhaust your state remedies on Ground Three:    *N/A*

_____

**GROUND FOUR:**   *SEE! "ATTACHMENT OF GROUNDS"*

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS"*
*"VOLUME TWO TRANSCRIPT OF PROCEEDINGS"*

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

(c)    **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No
       (2) If you did not raise this issue in your direct appeal, explain why:  *SAME AS*  *GROUND ONE*
       *SEE LETTER "MARCH 14, 2013" UNDERLINED.*

_____

(d)    **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ☒ Yes    ☐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:   *STATE HABEAS CORPUS   KSA 60-1507*

Page 11 of **24**

(17)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *SAME AS GROUND TWO*

Docket or case number (if you know): *2015 CV 340*

Date of the court's decision: *MAR. 17 2016*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ORDERS & OTHERS*

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *KANSAS COURT OF APPEALS*

Docket or case number (if you know): *16-116744-A*

Date of the court's decision: *AUG, 30 2018*

Result (attach a copy of the court's opinion or order, if available): *SEE MEMORANDUM/ORDERS*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

(18)

AO 241 (Rev. 09/17)

GROUND FIVE: SEE "ATTACHMENT OF GROUNDS"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE "SUPPORTING FACTS FOR GROUNDS"

(b) If you did not exhaust your state remedies on Ground 5 explain why: THE CLAIM IS PENDING IN A MOTION TO CORRECT AN ILLEGAL SENTENCE BEFORE THE DOUGLAS COUNTY DISTRICT COURT, FILED SEP. 26, 2018. SEE "OTHER" SECTION FOR THIS MOTION.

(c)    Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: SAME AS GROUND ONE SEE LETTER "MARCH 14, 2013" UNDERLINED

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION TO CORRECT AN ILLEGAL SENTENCE

(19)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _SAME AS GROUND ONE_

Docket or case number (if you know): _2010 CR 938_

Date of the court's decision: _PENDING BEFORE THE COURT FILED SEP 26, 2018_

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground _FIVE: ADMINISTRATIVE MOTION TO CORRECT AN ILLEGAL SENTENCE IS PENDING BEFORE THE DOUGLAS COUNTY DISTRICT COURT WHICH RAISE THIS ISSUE, SEE "OTHERS" SECTION FOR THE MOTION_

_____

_____

(20)

AO 241 (Rev. 09/17)

GROUND SIX: *SEE "ATTACHMENT OF GROUNDS"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS"*

(b) If you did not exhaust your state remedies on Ground **6** explain why:

(c)   Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *SAME AS GROUND ONE SEE LETTER "MARCH 14, 2013" UNDERLINED.*

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *STATE HABEAS CORPUS KSA 60-1507*

(21)

**E – FILING  COVER SHEET**

FROM: BROWN II, DONALD L. #99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II VS ROGER WERHOLTZ

CASE  NUMBER:

DATE OF E-FILING  MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE      TOTAL 151

PART TWO
OF
EIGHT
PG. 21 - 40

PG 21 OF 151

(22)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: DOUGLAS COUNTY DISTRICT COURT

Docket or case number (if you know): 2015 CV 340

Date of the court's decision: MARCH 17, 2016

Result (attach a copy of the court's opinion or order, if available): SEE MEMORANDUM/ORDERS OPINION / DECISION

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: KANSAS COURT OF APPEALS

Docket or case number (if you know): 16-116744-A

Date of the court's decision: AUG 30, 2018

Result (attach a copy of the court's opinion or order, if available): SEE MEMORANDUM OPINION/ ORDER DECISION

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

APPELLATE COUNSEL MUST EXERCISE THEIR PROFESSIONAL JUDGMENT   SEE LETTER JPAY NOV. 4 2016 UNDERLINED.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground SIX:   N/A

(23)

AO 241 (Rev. 09/17)

GROUND SEVEN: *SEE "ATTACHMENT OF GROUNDS"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS"*

(b) If you did not exhaust your state remedies on Ground **7**, explain why: *THE CLAIM IS PENDING IN A MOTION TO CORRECT AN ILLEGAL SENTENCE BEFORE THE DOUGLAS COUNTY DISTRICT COURT. FILE SEP. 26, 2018, SEE "OTHER" SECTION FOR THIS MOTION.*

(c)   Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *SAME AS GROUND ONE SEE LETTER "MARCH 14, 2013" UNDERLINED*

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

(24)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _SAME AS GROUND ONE_

Docket or case number (if you know): _2010 CR 938_

Date of the court's decision: _PENDING BEFORE THE COURT  FILED SEP. 26, 2018_

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground _SEVEN_    _N/A_

_____

_____

_____

_____

_____

*(25)*

AO 241 (Rev. 09/17)

GROUND EIGHT: *SEE "ATTACHMENT OF GROUNDS"*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE "SUPPORTING FACTS FOR GROUNDS"*

(b) If you did not exhaust your state remedies on Ground **8** explain why: *THE CLAIM IS PENDING IN A MOTION TO CORRECT AN ILLEGAL SENTENCE BEFORE THE DOUGLAS COUNTY DISTRICT COURT, FILE SEP. 26, 2018. SEE "OTHER" SECTION FOR THIS MOTION*

(c)      Direct Appeal of Ground

         (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

         (2) If you did not raise this issue in your direct appeal, explain why: *SAME AS GROUND ONE SEE LETTER "MARCH 14, 2013" UNDERLINED.*

(d)      Post-Conviction Proceedings:

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☒ Yes    ☐ No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition: *MOTION TO CORRECT AN ILLEGAL SENTENCE*

(26)

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _SAME AS GROUND ONE_

Docket or case number (if you know): _2010 CR 938_

Date of the court's decision: _PENDING BEFORE TRIAL COURT FILED SEP. 26, 2018_

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?           ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?       ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground _EIGHT_: _N/A_

_____

_____

_____

_____

(27)

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

    (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☐ Yes   ☒ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:   GROUND FIVE, GROUND SEVEN AND GROUND
        EIGHT. A PENDING MOTION TO CORRECT AN ILLEGAL
        SENTENCE HAS GROUND SEVEN AND GROUND 8. GROUND FIVE
        WILL BE RAISED AT THE HEARING FOR THIS MOTION.

    (b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        SAME AS 13 (a)

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ☒ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.   DOUGLAS COUNTY DISTRICT COURT 2010CR938 3 MOTION:
    A WAITING APPELLATE COUNSEL APPOINTMENT ARREST OF JUDGMENT,
    MOTION TO INSPECT PHYSICAL EVIDENCE & DISCOVERY. MOTION TO CORRECT AN
    ILLEGAL SENTENCE. ISSUES ARE DUE PROCESS, NOTICE, DOUBLE JEOPARDY,
    CONFRONTATION CLAUSE, AND EQUAL PROTECTION UNDER THE LAW.

*(28)*

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: MICHAEL CLARKE, 1441 WAKARUSA DRIVE, SUITE 200, LAWRENCE KS 66049 (785) 832-2181

(b) At arraignment and plea: SAME AS (A)

(c) At trial: N/A

(d) At sentencing: SAME AS (a)

(e) On appeal: CHRISTINA M. KERLS, 700 SW JACKSON, SUITE 900 TOPEKA KS 66603 3733 (785) 296 5484

(f) In any post-conviction proceeding: MICHAEL JILKA, 1040 NEW HAMPSHIRE LAWRENCE KS 66044 (785) 218-2999

(g) On appeal from any ruling against you in a post-conviction proceeding: JOSEPH A. DESCH, 201 SW GREENWOOD AVENUE TOPEKA KS 66606 1227

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

28 USCS 2254(C) " AN APPICANT SHALL NOT BE DEEMED TO HAVE EXHAUSTED THE REMEDIES AVAILABLE IN THE COURTS OF THE STATE, WITHIN THE MEANING OF THIS SECTION, IF HE HAS THE RIGHT UNDER THE LAW OF THE STATE TO RAISE, BY ANY AVAILABLE PROCEDURE, THE QUESTION PRESENTED." CLAIMS RAISED IN THE

(29)

AO 241 (Rev. 09/17)

MOTIONS WHICH ARE STILL AWAITING APPEALS &
MOTION TO CORRECT AN ILLEGAL SENTENCE ~~UNDER~~
WHICH RAISES THE ISSUES OF NOTICE, DUE PROCESS,
GROUNDS: FIVE, SIX, SEVEN & EIGHT EQUAL PROTECTION &
DOUBLE JEOPARDY ARE ALL PENDING OR OUTSTANDING BE-
FOR THE COURTS OF THE STATE OF KANSAS.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(30)

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *VACATE SENTENCE AND REMAND FOR RESENTENCING TO THE ONGRID SENTENCE, UNDER THE ORIGINAL PLEA OF GUILT, AT ARRAIGNMENT,*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was ~~placed in the prison mailing~~ system on *MARCH 15, 2019*  (month, date, year).
*FILED USEING EFILING*

Executed (signed) on  *3 -14-2019*  (date).

NOTARY PUBLIC - State of Kansas
MARK A. RADENBERG
My Appt Expires *1-25-2023*

_____  *3-14-2019*
Signature of Petitioner

NOTARY PUBLIC - State of Kansas
MARK A. RADENBERG
My Appt Expires *1-25-2023*

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

(31)

**Attachments / Letters**

(32)

**Attachment**
**Of Grounds**

**Ground One:** Mr. Brown II, was denied his right to Notice under the Sixth Amendment to the United States Constitution, when the Charging Information failed to have sufficient facts to sustain a determination of guilt at arraignment.

**Ground Two:** Mr. Brown II, was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, when trail counsel failed to advise the defendant of their trail strategy and obtaining the defendants consent prior to a guilty plea or a guilty based defense.

**Ground Three:** Mr. Brown II, was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, when trail counsel failed to be prepared with case laws and statues that show the District Court must accept the defendants pleas of guilt, at arraignment.

**Ground Four:** Mr. Brown II, was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution, when trail counsel failed to meaningfully adversaraily test the prosecutions evidence, by failling to bring motions before the court and then abandoning his duty as adversary to the prosecution and advocate for the defendant .

**Ground Five:** Mr. Brown II, was denied his right to due procees of law under the Fourteenth Amendment to the United States Constitution, when the Court attemped to withdrawal the defendants plea, without his consent or motion, only the defendant is able to withdraw a plea by law.

**Ground Six:** Mr. Brown II, was denied his right to due procees of law under the Fourteenth Amendment to the United States Constitution, when the Court made a determination that it was unable to find a factual basis for the plea of guilty, at arraignment to a sufficiently written Probable Cause Information.

**Ground Seven:** Mr. Brown II, was denied his right to equal protection of law under the Fourteenth Amendment to the United States Constitution, when the Court failed to determine that the defendant was factually guilty by the Courts own lack of due diligence of searching the record for the Police Affidavit or anything that supported the defendants guilty pleas.

**Ground Eight:** Mr. Brown II, was denied his right to protection against double jeopardy under the Fifth Amendment to the United States Constitution, when the Court determined him not guilty so that the prosecution could seek a second prosecution by amending the Information to charge the same crimes and offences with just a harsher penalty of life imprisonment.

(33)

<u>Supporting Facts</u>
<u>For Grounds</u>
<u>All supporting facts are taken from Volumes 1 & 2 of the record.</u>

**Ground One:** Mr. Browns' charging Information failed to contain sufficient facts and dates to support the charges and to allow him to build and prepare a defense or to meet and answer the States evidence. The Information was so destitute of facts the judge was unable to determime the defendant guilty, after he plead guilty, at the arraignment.

**Ground Two:** Mr. Brown at no time before preliminary hearing, did the defense counsel Clarke ever ask Mr Brown to plead guilty nor did he ever counsel that he was going to plead Mr.Brown guilty. But that is what the counsel does see record vol. 2 @ 2:14-24, after this catastrophe the counsel fails to tell Mr. Brown the trail strategy or file any motions that would show that counsel is preparing the case for trial. Facts in grounds 3 & 4 are incorporated herein by reference.

**Ground Three:** Counsels fly by the set of his pants approch lost the case and prejudiced the defendant, counsel could have been prepared with case law and statue to ad the court in accepting the pleas made at arraignment because counsel knew himself what he was going to due. Facts in gounds 2 & 3 are incorporated herein by reference.

**Ground Four:** Counsel asked Mr. Brown to waive the preliminary, which Brown did. Counsel Clarke for Mr. Brown never at any point tested the prosecutions evidence, even after this failed attempt to plead the defendant guilty, counsel takes no action to prepare the case for trial, counsel could have filed at very least a motion for a bill of perticulars which would have shown the loylaty of counsel to the defendants right to trial. see R.O.A. from Aug.18,2010 - Jan.07,2011. Counsel Clarke became Judge, Jury and Executioner of Mr. Brown, effectively abandoning Clarkes role of advisary to the prosecution and advocate for the defendant. Counsel instead joins in the prosecution of Mr.Brown for the most time possible double life sentencing.

**Ground Five:** On Aug. 17, 2010 Mr. Brown plead guilty with and by counsel, Mr. Brown never withdraw nor did he change this plea. Mr. Brown protested the courts rejection and did not consent to the courts Sua Sponte enter of a not guilty plea. The court however made this determination regaurdless, which shoulded equate to an implied acquittal.

**Ground Six:** Mr. Brown plead guilty at his arraignment, the court read the Information to the defendant and then went count by count reading and asking the defendant to plead to each and every count was done in this manner, the court can recieve the facts form the following: the Information, the state prosecutor, the defendant's counsel. Counsel Clarke believe he had offered the necessary proffer to support the courts ability to accept the plea of guilt.

**Ground Seven:** Mr. Brown nor his counsel have a right to tell the court where it can receive the factual basis necessary to support the charge, after the defendant has announced his guilty. The court has to attempt to look for something that will support factual guilty, whether that be the police affidavit, police reports or video confession. All of which it could request form the prosecution, the defense counsel or in the case of the police affidavit the judge could simply unsealed it and read it finding the need factual guilty.

(34)

## Supporting Facts for Grounds Continued

**Ground Eight**:  Mr. Brown plead guilty at arraignment, Mr. Brown was at risk that the court could have determined him guilty, at this proceeding based solely on the Probable Cause Information. The Court Sua Sponte determined that Mr. Brown was **not guilty,** which is an implied acquittal. On Oct.06, 2010 the prosecution amends the Information in an attempt to prosecute the defendant again, adding that the defendant was over the age of 18 at the time of the crimes, other wise the same offences and crimes are charged, in which the defendant had already plead guilty too, but for  a lot lease time becuase of the penilty section was for on gride. This was the other thing the prosecution amended, the crimes to off gride seeking a sentence for life.

(35)



Kansas Appellate Defender Office
Jayhawk Tower
700 SW Jackson, Suite 900
Topeka  KS  66603-3733

# Kansas

Phone: 785-296-5484
Fax: 785-296-2869

Kansas Appellate Defender Office

Sam Brownback, Governor

March 14, 2013

Donald Brown
#99897
Po Box 107
Ellsworth   KS   67439-0107

Re:     Douglas County Court Case No:  10 CR 938
        Appellate Court Case No:  13-109417-A

Dear Mr. Brown:

Your appeal has been assigned to me within our office.  I will be preparing your appeal brief and am responsible for representing you in this matter.  Unless there are any transcripts or other documents missing from your record, I should be filing a brief on your behalf in 90 days and I will send you a copy when I file it.  If you have any ideas or information for me, please write as soon as possible.  But please remember that I am required to exercise my professional judgment and can only raise issues that are supported by the law and the record.  And also please remember that I cannot refer to evidence or information that is not included in the record.

If your address changes, please let us know so that we can keep you updated on the status of your case.  Otherwise, you should next be contacted when I file your brief.

Sincerely,

Christina M Kerls

Christina M. Kerls
Kansas Appellate Defender Office

CMK:lv

DONALD BROWN 99897 65 Building: 0NSection: 3Cell:001 ID:244725006 [P 1/1]

(36)

NOV, 4, 2016

You have received a *jpay* letter, the fastest way to get mail

From : Joseph Desch, CustomerID: 15032606
To  : DONALD BROWN, ID: 99897
Date : 11/4/2016 2:51:19 PM EST,    Letter ID: 244725006  Parent Letter ID: 244482407
Location : 65
Housing : 0N3001

Mr. Brown:

I have read your email. I will address these concerns one by one.

The original plea advisory is not part of the appellate record. The problem you mention is noted in the record by Judge Kittel, BUT, since the plea was not accepted, the Plea advisory was not filed. NOW, If the plea advisory prepared by Mr. Clarke reflected his belief that your conviction would be sentenced on grid, as you discussed, this would have been an appropriate strategic posturing. I have read all pages of Dunn, and I don't think it helps here. And arguing two directions only weakens your argument that you should have been allowed to plead as charged in the first complaint, which lacked the necessary facts to impose a Jessica's law sentence. I think Clarke was right there, but as we discussed, was not prepared to make the argument that the court had to accept your pea at arraignment. Still your best argument on this appeal.

NOW, as far as the 22-3424 argument, you are correct that a direct application of Bafford would require re-sentencing. BUT, there was no harmless error analysis in Bafford, which is now the standard argument in appeal cases. Keep in much this was not a direct appeal, rather an appeal of the motion to withdraw plea. The appeals court did address one sentencing issue, the lifetime electronic monitoring. SO, if she waived the allocution issue, she did, but under the circumstances, I don't believe that gets you to ineffectiveness under the circumstances. <u>Appellate counsel are encouraged to pick the strongest issues and those which are likely to succeed as well as have a practical effect.</u>

Add this to the fact that your criminal history of "I" (NONE) was noted by the court at sentencing. While this can be a mitigating factor, it was already before the court. I don't think, in reading 21-4643(d), that any other listed mitigating factors existed. So, while you were eligible for a departure as a first time aggravated sex offender, the evidence you suggest you would have presented was already there. This would be subject to harmless error analysis, and you would have lost. A second problem on this issue is it was not raised in your 1507 petition. While I might be able to raise it on appeal under an exceptional circumstance, it would be unsuccessful, just as it would have been on the appeal of your plea withdrawal. I think it's probably still an issue which could be raised in a 22-3504 motion, but again, would not be successful.   The psychologists report, which was entered into evidence by Clarke, was your only mitigation evidence. It was received by the court and considered. The standard of review is abuse of discretion, and under the facts, even those in the complaint only, the Court of appeals will not find an abuse of discretion.

I am considering the adversarial testing/abandonment issue. I watched your Mirandized interview and the interviews with the 2 girls. Since the accounts of the incidents matched up almost exactly, it's kind of hard to say Clarke abandoned your case, but I am going to consider this issue with some more time.

As to the Arrest of Judgement, I think if you read Dunn, you will realize that a lack of a specific time of the incident is not crucial in the charging instrument, and Subject matter jurisdiction existed. Looking at Reyna, your case is different, because the amended complaint to which you ultimately pled added the fact you were over 18 YOA. K.S.A. 21-3201(b) kills any argument that the time period alleged in the complaint was not specific enough. However, the other side of that coin is whether the complaint sufficiently (constitutionally) informed you of the charged in a way in which you could sufficiently prepare a defense, there can be a problem.  Under Dunn, or any of the prior law, this was waived when you plead. So the claim against Clarke on this one is a failure to move for a bill of particulars. I don't think the complaint is defective to lack subject matter jurisdiction. It invokes the Jurisdiction of the district court of Douglas County Kansas, and describes a crime. What there is may be a waivable error.

Those are my thoughts.

I need to get to work on your case. I have considered everything in your letters and the last email.

Sincerely,

Joseph A. Desch

*jpay* Tell your friends and family to visit www.jpay.com to write letters and send money!

(37)

**Memorandum / Orders**
OPINIONS

DECISIONS

(38)

NOT DESIGNATED FOR PUBLICATION

No. 109,417

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DONALD L. BROWN, II
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed March 21, 2014.
Affirmed in part and vacated in part.

*Christina M. Kerls,* of Kansas Appellate Defender Office, for appellant.

*Patrick Hurley,* assistant district attorney, *Charles E. Branson,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before STANDRIDGE, P.J., BRUNS and POWELL, JJ.

*Per Curiam*: Donald L. Brown, II appeals the district court's denial of his postsentencing motion to withdraw plea. Brown argues he received ineffective assistance of defense counsel and the district court erred by imposing the parole condition of lifetime electronic monitoring. While we agree with Brown the district court was without authority to impose the parole condition of lifetime electronic monitoring and vacate that part of his sentence, we find his claims of ineffective assistance of counsel to be without merit and affirm the district court in all other respects.

(39)

## Factual and Procedural History

In June 2010, Brown was charged with three counts of rape, three counts of sodomy, and two counts of aggravated indecent liberties with a child. Two months later, without any plea agreement with the State, Brown attempted to enter a guilty plea on all counts in order to prevent the application of Jessica's Law during sentencing because the information did not contain Brown's date of birth. However, the district court refused to accept the plea because Brown refused to proffer more of a factual basis for the charges beyond what was listed in the original information. The case was then set for trial.

*Plea Hearing*

The State subsequently amended the information to include Brown's date of birth, and, in a January 2011 hearing, Brown pled guilty to all counts in the amended information. At the plea hearing, the district court explained to Brown he was presumed innocent; the State had the burden to prove his guilt; and he had a right to a trial by jury or a bench trial, the right to call witnesses and personally testify at the trial, and the right not to testify or present any evidence at the trial. Brown verbally indicated he understood these rights. The district court continued to explain that Brown was limiting his right to appeal by pleading guilty and, after entering the guilty plea, it was very unlikely the court would allow him to withdraw his plea and request a trial. Brown again verbally indicated he understood and had no questions.

The district court explained the minimum and maximum sentences for the charges. In response to questioning by the court, Brown verbally indicated no one had made promises, put pressure on him, or told him the court would go easier on him if he entered the plea. The district court also clarified the decision to plead was Brown's decision and not his defense counsel's. Brown then swore under oath before the court he had reviewed

2

(40)

the plea advisory, understood the rights set out in the advisory and described by the court, and understood the penalties associated with the charges.

Defense counsel presented the court with a plea advisory containing Brown's name and his initials throughout the document. Brown agreed his initials signified he understood the sentences preceding the initials. Brown also proffered the factual basis for the charges, and the court accepted Brown's pleas of guilty to all eight charges.

*Sentencing Hearing*

The district court sentenced Brown to life imprisonment with a mandatory minimum sentence of 25 years for each of the eight counts: two to run consecutively and six to run concurrently. The court also ordered lifetime parole supervision with electronic monitoring on all counts.

*Hearing on Postsentence Motion to Withdraw Plea*

Six months after sentencing, Brown filed a pro se motion to withdraw his plea. The district court appointed counsel and held a hearing at which Brown testified his defense counsel was ineffective: (1) because he failed to investigate possible coercion of the victims by their parents or the police; (2) because he failed to file a motion to force the State to give exact dates and times of the alleged acts; (3) because he failed to file a motion to suppress after Brown told counsel he had asked for an attorney when he gave his confession at the police station and because counsel never indicated to Brown he had even watched the video of Brown's statement; (4) because he refused to follow Brown's instruction to withdraw his plea prior to sentencing; and (5) because defense counsel wrote the statement Brown read at sentencing and he did not agree with the statement.

3

(41)

**E – FILING  COVER SHEET**

FROM: BROWN II, DONALD L.  # 99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II VS ROGER WERHOLTZ

CASE  NUMBER:

DATE OF E-FILING  MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE     TOTAL 151

PART THREE
OF
EIGHT

PG. 41 – 59

PG 41 oF 151

(42)

Brown also argued his learning disability prevented him from understanding the plea advisory he signed. He acknowledged he told the district court he understood his rights, but he claimed he really did not understand. Brown testified his decision to plead guilty was made by defense counsel and not by him, which was why defense counsel lied about the DNA evidence and said Brown's DNA was found on the victims' underwear and the victims' DNA was found on Brown's bed sheets. Brown also testified defense counsel told him the district court would reduce his sentence to 25 years if he pled guilty.

Defense counsel testified that in his case preparation he reviewed all written reports; listened to the recording of Brown's statement to police; retained the services of a private investigator; had a psychologist do an evaluation of Brown; and spoke with Brown, his mother, and his pastor. Defense counsel testified he properly reviewed Brown's statement to the police and failed to find any grounds to argue for suppression of the statement. Had he seen a possible *Miranda* violation—see *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)—or any indication that Brown's statement to police had been involuntary, counsel testified he would have requested a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368, 376-77, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). He admitted he discussed with Brown the statement Brown read at sentencing but denied Brown disagreed with it. Defense counsel explained his normal practice was to review what a client wished to say at sentencing and provide feedback and edits to help make it clear and sound more sincere. Defense counsel specifically testified Brown's statement was Brown's work because it was not what defense counsel would have written.

Defense counsel further testified he was aware of Brown's learning disability. He explained his normal practice when filling out a plea advisory with a client was to go through it line by line and explain the contents to the client. If something changed and he needed to go back over the plea advisory with the client, it was his normal practice to just point out what changes were made rather than go through the advisory line by line again.

4

(43)

Defense counsel testified this was probably what he had done with Brown when he entered his plea in January rather than at the prior hearing in August.

Defense counsel denied lying to Brown about the DNA evidence. He had discussed the DNA report with Brown, and Brown was convinced the DNA evidence was exculpatory. Defense counsel explained Brown was mistaking the DNA results as proof of innocence rather than what it was: merely a nonincriminating fact. Counsel testified he never left a meeting with Brown feeling like Brown wanted to take the case to trial. Defense counsel claimed he presented Brown with the options of pleading not guilty and going to trial or pleading no contest or guilty. He denied making the decision for Brown to plead guilty or promising Brown he would receive a lesser sentence by pleading.

From the bench, the district court denied Brown's motion and provided a very detailed overview of the evidence and explanation of its reasoning.

Brown timely appeals.

### DID THE DISTRICT COURT ERR BY DENYING BROWN'S MOTION TO WITHDRAW PLEA?

On appeal, Brown argues the district court abused its discretion by basing its action on errors of fact and law. Brown argues defense counsel was ineffective because he (1) failed to investigate Brown's case, (2) failed to file motions on Brown's behalf, and (3) coerced Brown into entering his guilty pleas. His arguments essentially boil down to whether the district court believed his version of the facts or defense counsel's version of the facts.

From the bench, the district court provided very detailed findings of fact, conclusions of law, and explanation of its ruling. After listening to the hearing testimony

5

(44)

of Brown and defense counsel and reviewing the record, transcripts, and exhibits from the case, the court found Brown's arguments meritless and concluded defense counsel provided effective assistance.

Brown's motion to withdraw plea was filed after sentencing and is governed by K.S.A. 2013 Supp. 22-3210(d)(2): "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." "A defendant filing a postsentence motion to withdraw plea under K.S.A. 22-3210(d) that alleges ineffective assistance of counsel due to deficient performance must meet constitutional standards to demonstrate manifest injustice." *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). In order to show manifest injustice, Brown needed to satisfy the two-part test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984), by showing (1) defense counsel's representation fell below an objective standard of reasonableness, and (2) but for defense counsel's deficient performance Brown would not have pled guilty. See *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland* standards).

On appeal, "[t]he district court's decision to deny a postsentence motion to withdraw a plea is reviewed under an abuse of discretion standard." *Bricker*, 292 Kan. at 244. A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable . . . ; (2) is based on an error of law . . . ; or (3) is based on an error of fact . . . ." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Brown bears the burden of showing the trial court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Additionally,

"[w]hen a district court makes factual findings related to claims of ineffective assistance of counsel, an appellate court determines whether the factual findings of the district court

6

*(45)*

are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. The court's legal conclusions are reviewed de novo." *State v. White*, 289 Kan. 279, 286, 211 P.3d 805 (2009).

1. *Failure to investigate*

In arguing the district court's findings of fact were erroneous, Brown first argues defense counsel's testimony during the hearing on the motion to withdraw plea was insufficient to support the court's conclusion that defense counsel adequately investigated the case or considered filing a motion to suppress Brown's statement to the police. Brown points out defense counsel did not testify to what the private investigator investigated. Brown argues defense counsel should have explained whether the investigator looked into the background of the victims and witnesses to determine if a motion for a psychological examination would have been appropriate. He also argues the court incorrectly relied on the fact defense counsel asked for a psychological evaluation of Brown because the report was not written until after Brown pled guilty.

"'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (quoting *Strickland*, 466 U.S. at 691).

As for Brown's first argument that defense counsel did not explain what the private investigator did, the burden to provide evidence during the hearing regarding what the investigator did or did not do rested on Brown, not defense counsel. See *State v. Adams*, 292 Kan. 151, 167-68, 254 P.3d 515 (2011); *State v. Moody*, 35 Kan. App. 2d 547, 558, 132 P.3d 985, *rev. denied* 282 Kan. 794 (2006). Brown failed to cross-examine

(46)

defense counsel regarding what information the private investigator provided or to present any other evidence on the subject.

Brown's second argument correctly states that the psychologist did not write her report until after Brown had pled guilty; however, the report was to evaluate Brown's risk of sexual recidivism, not to provide evidence related to the determination of his guilt or innocence. The district court noted defense counsel had hired the psychologist as part of his work and investigation on the case. The results of the evaluation were not essential to the pre-plea investigation of the case.

Brown's third argument merely asserts defense counsel's testimony was incorrect. The district court weighed the credibility of the witnesses and found defense counsel, not Brown, to be credible.  Since the district court is in the better position to weigh the credibility of the witnesses, we do not pass on the credibility of witnesses or reweigh conflicting evidence. *Drach v. Bruce*, 281 Kan. 1058, 1067, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007). The district court's ruling reflects its decision was based on defense counsel's testimony and the record from the case. After reviewing the record and defense counsel's testimony, we conclude the district court's recitation of its findings of fact is amply supported by the evidence.

Moreover, the district court listed multiple factors to support its conclusion that defense counsel adequately completed an investigation. In general preparation of the case, defense counsel hired a private investigator, met with Brown multiple times, reviewed all of the evidence including the State's evidence and lab reports, and listened to the taped interview. The court also noted defense counsel showed his expertise and detail of preparation in his review of the case by his strategic attempt to take advantage of the alleged error in the original complaint by having Brown plead to the charges early on, which were ineligible for sentencing under Jessica's Law, in order to create the possibility of a reduced sentence for Brown.

*(47)*

In sum, Brown's arguments fail to provide the necessary basis to overcome the heavy measure of deference this court gives defense counsel's judgments. The facts relied on by the district court provide significant support for its reasonable legal conclusion that defense counsel adequately investigated this case.

## 2. *Failure to file a motion to suppress*

Next, Brown briefly argues defense counsel was ineffective for not filing a motion to suppress Brown's recorded statement to police. The district court reviewed the videotape of Brown's statement to police and described it on the record. The court found that Brown was "Mirandized at the beginning, [and] that he freely made a lengthy statement about the abuse without requesting an attorney." This finding was supported by the video evidence as well as defense attorney's testimony that when watching the video, he had not seen a *Miranda* violation or any indication that Brown's statement had been made involuntarily. Brown argues defense counsel never testified that he conducted research on whether to file a motion to suppress; however, such testimony is not required, especially considering defense counsel's almost 20 years of experience in criminal defense. A lawyer has no obligation to bring a frivolous motion or argument before the court. Kansas Rules of Professional Conduct, Rule 3.1 (2013 Kan. Ct. R. Annot. 584). Brown's argument is without merit.

## 3. *Coercion by defense counsel*

Brown claims defense counsel coerced him into entering the guilty pleas by (1) misleading him regarding the DNA report, (2) telling Brown he would receive only 25 years in prison if he chose to plead guilty, and (3) refusing to take the case to trial. Again, all these arguments boil down to Brown's testimony verses defense counsel's testimony. Since the district court is the finder of fact and determines the credibility of witnesses, we

(48)

do not pass on the credibility of witnesses or reweigh conflicting evidence. *Drach*, 281 Kan. at 1067. We find there was sufficient evidence to support the district court's findings of facts and conclusions of law.

Brown testified that defense counsel told him his DNA was found on the victims' underwear and the victims' DNA was found on Brown's bed sheets. Brown argues that eventually he reviewed the DNA report himself and discovered the report did not contain incriminating evidence against him. On the stand, defense counsel denied lying to Brown about the DNA evidence. He testified that he discussed the DNA report with Brown and Brown was convinced the DNA evidence was exculpatory. Defense counsel tried to explain to Brown that he was mistaking the DNA results as proof of innocence rather than what it was, merely a nonincriminating fact.

Brown also claims defense counsel coerced him into pleading guilty by promising he would only serve 25 years in prison. Defense counsel denies making any promises regarding sentencing. The district court heard both parties' testimony, reviewed the plea advisory, and considered Brown's statements when he pled guilty. The plea advisory, initialed and signed by Brown, stated no one had made promises to him or told him the court would "be easy" on him if he pled guilty. Brown also verbally indicated to the district court during the plea hearing that no one had induced him to enter the pleas or told him the court would impose a lesser sentence. The court directly asked whether anyone was putting pressure on him to enter the pleas. Brown answered no.

Finally, Brown alleged defense counsel refused to take this case to trial. Brown told the district court that when he told defense counsel he wanted to take the case to trial, defense counsel got angry and upset, stood up, towering over Brown, and told Brown he would not take the case to trial. Brown told the court that it brought back memories of his abusive father and he believed he had overstepped his bounds so he submitted to defense counsel's wishes from then on. Conversely, defense counsel testified he explained

10

(49)

Brown's options to take the case to trial or plead guilty or no contest. Defense counsel recalled that during the meeting when they discussed the DNA evidence, Brown waivered on what course of action to take; however, he could not remember leaving any meeting with Brown where defense counsel had the impression that Brown wanted to go to trial.

The district court resolved all conflicting evidence in favor of defense counsel. The evidence supports the district court's findings of fact, and its conclusions of law are sufficiently based on those findings. We find the district court did not err in denying Brown's motion to withdraw plea.

### DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE BY ORDERING BROWN BE SUBJECT TO ELECTRONIC MONITORING ON PAROLE?

The State concedes the reference from the bench and in the sentencing journal entry requiring lifetime electronic monitoring constitutes an illegal sentence. Since our Supreme Court has held that the imposition of parole conditions, including lifetime electronic monitoring, is within the authority of the Kansas Parole Board (now Prisoner Review Board) but outside the jurisdiction of the district court, we must conclude the district court erred by imposing lifetime electronic monitoring. *State v. Jolly*, 291 Kan. 842, 848, 249 P.3d 421 (2011) (citing K.S.A. 22-3717(u) and K.S.A. 21-4603d).

The State argues the error may be fixed through a nunc pro tunc order; however, this is incorrect because during sentencing the district court announced lifetime electronic monitoring from the bench as part of Brown's sentence. See *State v. Clark*, __ Kan. __, __, 317 P.3d 776, 782 (2014) (No. 105,613, filed February 7, 2014) (nunc pro tunc order appropriate when district court did not announce lifetime electronic monitoring from bench). Therefore, it is necessary to vacate the district court's imposition of lifetime electronic monitoring.

11

(50)

The order of the district court is affirmed in part and vacated in part.

(51)

Robert W. Fairchild, Judge

B. Kay Huff, Judge

James McCabria, Judge

Paula B. Martin, Judge

Peggy C. Kittel, Judge

Sally Pokorny, Judge

Linda Koester-Vogelsang
Court Administrator
785-832-5264

Douglas A. Hamilton
Clerk of the District Court
785-832-5256

ELECTRONICALLY FILED
2016 Feb 17 PM 2:23
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2010-CR-000938

**DOUGLAS COUNTY DISTRICT COURT**
Seventh Judicial District
Judicial Center, 111 E. 11th St.
Lawrence, Kansas 66044-2966

Deborah Wright
Chief Community Corrections Officer
785-832-5220

Michelle Roberts
Chief Court Services Officer
785-832-5218

Katy Nitcher
Court Trustee
785-832-5315

Heather Krase-Minnick
Citizen Review Board Director
785-832-5219



STATE OF KANSAS,
Plaintiff,

v.                                                  Case No. 2010-CR-938

DONALD L. BROWN II,
Defendant

## MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO ARREST JUDGEMENT, MOTION FOR TRANSCRIPTS AND MOTION TO APPOINT COUNSEL

Before the court are several post-sentencing motions filed *pro se* by Defendant Donald L. Brown II, in his criminal case in which he pled guilty to three counts of rape, three counts of sodomy and two counts of indecent liberties with a child. And this court, having reviewed the official court file, including the mandate from the Kansas Court of Appeals affirming this court's denial of Defendant's motion to withdraw his plea, and being well and fully advised therein, this court finds that all outstanding motions in this case should be denied.

### Findings of Fact

1. In June, 2010 Defendant Donald L. Brown II was charged in Douglas County District Court with three counts of rape, three counts of sodomy and two counts of aggravated indecent liberties with a child.

2. On August 17, 2010, at his arraignment, Defendant Brown attempted to enter guilty pleas before this court to take advantage of the fact that the information did not contain his date of birth, which would have precluded the application of Jessica's Law at sentencing.

1

(52)

3. This court did not accept Defendant's plea when he failed to provide a factual basis to support the plea.
4. The State subsequently amended the information to include Defendant's date of birth.
5. On January 7, 2011 Defendant pled guilty to all counts in the amended information. At this plea hearing, the State orally amended the previously amended information to correct the dates of the commission of the crimes, to reflect the original charged time frames of June 1, 2008 to May 1, 2010.
6. Six months after Defendant was sentenced in this case, he filed a *pro se* motion to withdraw his plea. Counsel was appointed and a hearing held. Defendant claimed his original defense counsel had been ineffective.
7. This court denied Defendant's motion to withdraw his plea.
8. On November 8, 2012 Defendant while still represented by counsel, filed a *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 and a motion for transcripts.
9. On November 20, 2012, Defendant, through counsel, filed a notice of appeal as to this court's ruling on his motion to with draw his plea. On April 26, 2013 Defendant filed a *pro se* motion for appointment of counsel to represent him on his motion to arrest judgment.
10. On March 21, 2014 the Kansas Court of Appeals issued an opinion affirming this court's denial of Defendant's motion to withdraw his plea.
11. An amended *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 was filed on May 26, 2015 and a *pro se* motion to expedite a ruling was filed on June 29, 2015.

## Conclusions of Law

Shortly after Defendant filed his *pro se* motion to arrest judgment and before this court had the opportunity to consider the motion, Defendant appealed the court's ruling denying his motion to withdraw plea. Once an appeal is filed, the trial court loses jurisdiction, and therefore Defendant's motion was left unaddressed.

Assuming this court retained jurisdiction, the motion to arrest judgment would have been denied as Defendant failed to file his motion within the statutory fourteen day time limit. K.S.A. 22-3502, Arrest of Judgment, reads:

"The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 14 days after the verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court may fix during the 14-day period."

Defendant should have had his motion on file by January 21, 2011. He filed it on November 8, 2012.

2.

(53)

Defendant brings his motion to arrest judgment, however, under K.S.A. 22-3503, which reads:

"Whenever the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be sustained, if filed, the court may arrest the judgment without motion."

The ability of Defendant to bring his motion under K.S.A. 22-3503 rather than under 22-3502 was the subject of a recent ruling by the Kansas Supreme Court. In *State v. Sellers*, 301 Kan. 540, 344 P. 3d 950 (2015), Mr. Sellers was convicted at jury trial of two counts of aggravated indecent liberties. After several legal proceedings that did not end with favorable results for Mr. Sellers, he filed a motion to arrest judgment pursuant to K.S.A. 22-3503. Our Supreme Court held:

"K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken." 301 at 547.

The Supreme Court noted that Sellers did not avail himself of relief under K.S.A. 22-3502 because he was years outside the time limits for filing such a motion to arrest judgment. Additionally, the Supreme Court found that Sellers' reliance on *State v. Portillo*, 294 Kan. 242, 274 P.3d 640 (2012) was misplaced in that K.S.A. 22-3503 contemplated *sua sponte* district court action, not action prompted by filing of a defense motion, which the court found to be in keeping with the plain language of the statute, specifying that the court may arrest judgment "without motion". 301 at 547. The court concluded "the import of our decision today is that, if Sellers still wishes to challenge the adequacy of the charging document, he needs to employ a procedural mechanism other than K.S.A. 22-3503." 301 at 548.

Following that logic, therefore, in the present case K.S.A. 22-3503 is not available to Defendant.  And pursuant to K.S.A. 22-3202, Defendant should have had his motion to arrest judgment on file within fourteen days of his plea hearing January 7, 2011. Defendant filed his motion November 8, 2012, almost two years after his plea hearing, and just days before he filed a notice of appeal in this case. The procedural vehicle of this motion to arrest judgment is no longer available to defendant given that he missed the deadline for the filing of said motion by twenty months, and therefore Defendant's motion to arrest judgment is denied.

Had Defendant timely filed his motion for arrest of judgment, this court would have found the motion to be substantively without merit. Defendant alleged that the information filed against him was unconstitutionally vague as to the time frame in which the crimes charges occurred. In *State v. Roja-Marceleno*, 295 Kan. 525, 285 P.3d 361 (2012), the Kansas Supreme court has held:

"A charging document must contain 'a plain and concise written statement of the essential facts constituting the crime charged.' K.S.A. 22–3201(b). A charging document is generally sufficient if it is 'drawn in the language of the statute,' and '[t]he precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to

3

(54)

have been within the statute of limitations, except where the time is an indispensable ingredient in the offense.' K.S.A. 22–3201(b)."  295 Kan. at 533-34.

In *Rojas-Marcelano*, the defendant was charged with numerous sex crimes against a child alleged to have occurred over the course of a year. The Supreme Court held:

"[T]he State is generally allowed to allege approximate time frames in prosecutions for sex offenses committed against children. See *State v. Armstrong*, 238 Kan. 559, 561–63, 712 P.2d 1258 (1986); *Myatt*, 237 Kan. at 28–29, 697 P.2d 836." 295 Kan. 534.

Defendant's complaint concerning the lack of specific dates of the offenses is without merit.

Defendant additionally argues that the amended information was defective in that it charged the crimes to have occurred "on or about the 1st day of June, 2008 **and** the 1st day of May, 2010". The State orally amended the amended information at the plea hearing to read on all counts "on or about the 1st day of June, 2008, **to** the 1st day of May, 2010". This conformed to the time frames set out in the original information in this case. Defendant had adequate notice of the timeframe of the charged crimes, and with the oral amendment made by the State, without objection from Defendant at the plea hearing, the information was not defective.

Wherefore this court finds that Defendant's motion to arrest judgment is denied because he filed his motion well outside the time limit for filing. Additionally, on its merits, Defendant's motion is denied in that the information as amended at the time of his plea is not defective, and the State is not required to set out the precise time of the commission of sex crimes against children.

As there is no merit to his motion to arrest judgment, Defendant's motion for a court-appointed attorney to represent him on this motion for arrest of judgment is denied. Any transcripts requested by Defendant may be obtained through his appellate counsel at the Kansas Appellate Defender's Office and therefore that motion is denied as well.

IT IS SO ORDERED.

Peggy C. Kittel
District Judge


CC: District Attorney; Defendant Donald L. Brown II

4

(55)

ELECTRONICALLY FILED
2016 Mar 17 PM 2:08
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER 2015-CV-000340

Robert W. Fairchild, Judge

B. Kay Huff, Judge

James McCabria, Judge

Paula B. Martin, Judge

Peggy C. Kittel, Judge

Sally Pokorny, Judge

Linda Koester-Vogelsang
Court Administrator
785-832-5264

Douglas A. Hamilton
Clerk of the District Court
785-832-5256

**DOUGLAS COUNTY DISTRICT COURT**
Seventh Judicial District
Judicial Center, 111 E. 11th St.
Lawrence, Kansas 66044-2966

Deborah Wright
Chief Community Corrections Officer
785-832-5220

Michelle Roberts
Chief Court Services Officer
785-832-5218

Katy Nilcher
Court Trustee
785-832-5315

Heather Krase-Minnick
Citizen Review Board Director
785-832-5219



DONALD L. BROWN II,
    Petitioner/defendant,

v.                                     Case NO. 2015 CV 340

STATE OF KANSAS,
    Respondent/plaintiff

## MEMORANDUM DECISION GRANTING RESPONDENT'S MOTION FOR SUMMARY DENIAL OF K.S.A 60-1507 ACTION

    The above-referenced matter is before the court on the motion of Respondent State of Kansas to summarily deny Defendant's K.S.A. 60-1507 action. And, having reviewed the official court file, the State's motion, Petitioner's opposition to the same, and being well and fully advised in the premises, the court now finds as follows:

### Findings of Fact

1. In June, 2010 Defendant Donald L. Brown II (hereinafter referred to as "Defendant") was charged in Douglas County District Court case no. 2010CR 938 with three counts of rape, three counts of aggravated sodomy and two counts of aggravated indecent liberties with a child.
2. The victims of the charged crimes were two children, one who was not quite seven years old at the start of the offenses, and the other who was not yet nine years old at the start of the offenses.
3. On August 17, 2010, at his arraignment, Defendant Brown attempted to enter guilty pleas before this court to take advantage of the fact that the information did not contain his date of birth, which would have precluded the application of Jessica's Law at sentencing. This court did not accept Defendant's pleas when he failed to provide a factual basis to support the plea.
4. The State subsequently amended the information to include Defendant's date of birth.

1

(5.6)

5. On January 7, 2011 Defendant pled guilty to all counts in the amended information. At this plea hearing, the State orally amended the previously amended information to correct the dates of the commission of the crimes, to reflect the original charged time frames of June 1, 2008 to May 1, 2010.

6. On March 4, 2011 Defendant was sentenced. Prior to pronouncement of sentence, Defendant was allowed to address the court and gave the following statement:

> "I confess to this court, this community and the victims of my crimes and to the Lord Jesus Christ, that I have committed terrible sins. I have hurt many people. I'm very sorry for all the harm I've caused. Pray to God that he heal those that I have hurt. I know that I have— I must be held accountable for my crimes. I am praying for guidance on what I can do to atone for my crimes. I accept responsibility for my sins. In prison, I'll try to help other inmates know God's love and forgiveness. I promise to do what I can to help prevent their—these types of crimes in the future. I ask the community, especially pastors, therapists and doctors to remove barriers to men like me seeking help so that crimes like mine are prevented. To the family that I hurt, I want, again to express how sorry I am. Every day—every day that goes by, I regret what I have done to you. I will carry the burden and shame of my sin for the rest of my life. As a Christian, I believe God has forgiven me, even though I'm not going to deserve it."

7. Defendant was sentenced to a minimum 50 years in prison before being eligible for parole.

8. Defendant did not appeal his sentence. Six months after Defendant was sentenced in this case, he filed a *pro se* motion to withdraw his plea. Counsel was appointed and a hearing held. Defendant claimed his original defense counsel had been ineffective.

9. This court denied Defendant's motion to withdraw his plea.

10. On November 8, 2012 Defendant while still represented by counsel, filed a *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 and a motion for transcripts.

11. On November 20, 2012, Defendant, through counsel, filed a notice of appeal as to this court's denial of his motion to withdraw his plea.

12. On April 26, 2013 while this case was on appeal, Defendant filed a *pro se* motion for appointment of counsel to represent him on his motion to arrest judgment.

13. On March 21, 2014 the Kansas Court of Appeals issued an opinion affirming this court as to its ruling on the motion to withdraw plea. The Court of Appeals found this court to be without authority to impose the parole condition of lifetime electronic monitoring and that part of Defendant's sentence was vacated.

14. A petition for review was filed by Defendant's appellate counsel on March 21, 2014. The petition for review was denied by the Kansas Supreme Court on March 12, 2015 and a mandate was issued on March 13, 2015.

15. An amended *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 was filed on May 26, 2015 and a *pro se* motion to expedite a ruling was filed on June 29, 2015.

2

*(57)*

16. This court has now ruled on all outstanding motions filed by Defendant in 2010CR938, denying the motion to arrest judgment, motion for transcripts and motion for appointment of counsel.

## Governing Law

The district court has three options to resolve this K.S.A. 60-1507 motion:

1) The court may determine that the motion, files and records of the case conclusively show that the defendant is not entitled to relief and summarily deny the motion;

2) The court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and records, and hold a preliminary hearing after appointment of counsel to determine whether the issues in the motion are substantial;

3) The court may determine from the motion, files and records that a substantial issue or issues are presented, that require a full evidentiary hearing with the presence of the defendant.

See, *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

## Conclusions of Law

The movant bears the burden to allege sufficient facts to warrant a hearing on the motion and "must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. [Citation omitted.]" *Trotter v. State*, 288 Kan. 112, 131-32, 200 P. 3d 1236 (2009).

Persons in custody claiming the right to be released may challenge the validity of a sentence under K.S.A. 60-1507, however this action may not ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. "Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." K.S.A. 60-1507(c)(3). The movant has the burden of establishing grounds for relief by a preponderance of the evidence. K.S.A. 60-1507(g). And finally, the sentencing court may determine whether a claim or issues of fact are substantial before granting an evidentiary hearing and requiring the movant to be present.

When the evidentiary issues presented in a 1507 motion were or could have been addressed in an initial appeal, those issues may not be raised again. " 'Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990); see also *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008). The rule reflects this State's clear

3

(58)

policy against piecemeal appeals. See *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014); *State v. Cady*, 254 Kan. 393, 401, 867 P.2d 270 (1994); *State v. Newman*, 235 Kan. 29, 31, 680 P.2d 257 (1984)." *State v. Riley*, 344 P.3d 397 (Kan. Ct. App. 2015), *review denied* (Sept. 23, 2015).

"Res Judicata consists of four elements: '[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits.' The essence of the doctrine of res judicata is that issues 'once finally determined... cannot afterwards be litigated.' *Jayhawk Equipment Co, v. Mentzer*, 191 Kan. 57, 61, 379 P. 2d 342 (1963)." *State v. Kingsley*, 299 Kan. 896, 901, 326 P. 3d 1083 (2014). Many of Defendant's claims in this 1507 motion either were raised or could have been raised in his direct appeal.

1, Trial Counsel Michael Clarke.

As to trial counsel Michael Clarke, Defendant already raised ineffective assistance of counsel in his motion to withdraw plea. After this court's denial of the motion, Defendant appealed this court's ruling, which was affirmed by the Kansas Court of Appeals. As our Supreme Court stated: "a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court." *Rowland v. State*, 289 Kan. 1076, 1087, 219 p. 3d 1212, 1220 (2009). And Defendant may not couch issues as ineffective assistance of counsel when the issues he raises are actually issues of trial errors. The issues that were raised in the direct appeal concerning Mr. Clarke's alleged ineffectiveness of counsel were resolved by the appellate court in the State's favor. Defendant cannot now attempt to re-litigate these same issues through this 1507 action. The matters are res judicata.

The Defendant has shown no exceptional circumstances to excuse any failure to bring up any additional issues as to the adequacy of Mr. Clarke's representation of him in his direct appeal. However, the court will address the Defendant's claim that Mr. Clarke failed to file a notice of appeal after sentencing, as the Defendant requested.

There is no evidence proffered by the Defendant as to how, if Mr. Clarke ignored the Defendant's request to file an appeal, it affected his due process rights. The Defendant was advised by the court that he had a right to appeal within fourteen days. Defendant was allowed to address any deficiencies he believed occurred in his representation by Mr. Clarke at the Motion to Withdraw Plea. The Defendant was able to appeal the court's ruling on the Motion to Withdraw Plea on direct appeal. The Court of Appeals struck the lifetime electronic monitoring requirement but otherwise found the sentence given to be a legal sentence and found no grounds to reverse this court's ruling on the Motion to Withdraw Plea. There was nothing else to appeal. There is no jurisdictional issue with the information filed in this case, there was no preliminary hearing or trial. The plea and the sentencing are the only issues that could be and in fact were addressed on appeal. The Defendant fails to show any harm suffered by a lack of initial appeal after sentencing.

It is strongly assumed that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*,

4

(59)

to prove ineffectiveness, a particular decision not to take an action must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment. 466 U.S. at 691. Strategic decisions made by counsel cannot be used as a basis for an ineffective assistance of counsel claim. *Flynn v. State*, 281 Kan. 1154, 1165, 136 P.3d 909 (2006).

2. Counsel for Motion to Withdraw Plea, Michael Jilka.

As to Defendant's claims of ineffective assistance of counsel by Michael Jilka, in representing Defendant on his motion to withdraw plea, Defendant had the opportunity to raise any issue concerning Mr. Jilka in the direct appeal but did not. See *Rowland v. State*, supra. Those issues which could have been raised on direct appeal and were not are deemed waived. The court, however, will review all of the Defendant's claims as to Mr. Jilka.

Defendant's 1057 petition claims that Mr. Jilka, on the motion to withdraw the plea, should have presented as evidence a plea advisory from the August, 2010 hearing, when Defendant's plea was not accepted by this court. There is nothing relevant about a plea advisory for a plea that was not accepted. This claim has no merit. Defendant alleges that this advisory will support his contention that he has a severe learning disability. There is no support in the record that Defendant was incompetent or that his purported learning disability interfered with his understanding of the proceedings throughout this case. This court notes that the Defendant has two years of college education. Defendant answered all questions asked of him at both the attempted plea in August 2010 and the actual plea hearing in January, 2011 in an appropriate manner. Defendant indicated he understood the proceedings, the charges and the penalties. The plea advisory used at the actual plea January 7, 2011 is on file and is also a part of the record on appeal in 2010 CR 938. Defendant indicated to this court that he read and understood the plea advisory.

Defendant alleges Mr. Jilka was ineffective because he did not subpoena three witnesses to testify at the motion to withdraw plea. The first witness is the attorney for the co-defendant, who Defendant alleges was in the courtroom when Defendant waived his right to preliminary and tried to enter a guilty plea in August 2010. Defendant alleges that this attorney, Mr. Crews, could possibly testify as to the actions of Mr. Clarke at that hearing concerning Mr. Clarke giving information to the State's attorney concerning a deficiency in the information. This proffered evidence is irrelevant as to whether this court should have allowed Defendant's plea taken in January, 2011 to be withdrawn. Defendant's attempt at a plea in August, 2010 failed not due to anything Mr. Clarke did or said to anyone in the courtroom that day, but failed because no one gave the court the required factual basis to support Defendant's plea. The State filed an amended information on October 6, 2010, adding Defendant's date of birth which then qualified the case for a Jessica's Law sentence. Defendant provides no affidavit from Mr. Crews that would indicate he would testify in the manner in which Defendant speculates he would.

The second witness listed is Pastor Steve Koberlein who Defendant alleges would testify that Mr. Clarke is an agent for the State. Defendant alleges that

5

(60)

## E – FILING  COVER SHEET

FROM: BROWN II, DONALD L.  #99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II VS ROGER WERHOLTZ

CASE  NUMBER:

DATE OF E-FILING  MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE  TOTAL 151

PART FOUR
OF
EIGHT
PG. 60-79

PG 60 OF 148 151

*(6 P)*

Pastor Koberlein would give testimony that Mr. Clarke informed him it was Mr. Clarke's job to convince defendant that he was guilty of all the charges. There is no support for this contention. On the contrary, the evidence is that once the allegations of sexual abuse of two young girls came to light and the investigation began, Defendant agreed to go to the police station where he waived his right to remain silent, waived his right to counsel, and gave a full confession. Defendant waived his right to preliminary hearing. Defendant twice attempted to enter a plea, the second time successfully. The voluntariness of Defendant's plea was reviewed by the trial court and the appellate court. Mr. Clarke testified at the motion to withdraw plea that Defendant never gave any impression to him other than his desire was to take a plea in this case. Defendant provides no affidavit from Pastor Koberlein to support Defendant's speculation that the Pastor would testify in this manner.

The third witness Defendant alleges Mr. Jilka should have been called at the motion to withdraw plea is this trial judge, regarding why this judge "failed to ask the petitioner the questions required by K.S.A. 22-3424(e)(4) at his plea hearing on August 17, 2010…" The August 17, 2010 hearing was the one in which Defendant tried to enter guilty pleas but failed to provide a sufficient factual basis to support the plea as required under K.S.A. 22-3210(a)(4). Defendant's reliance on K.S.A. 22-3424(e)(4) is misplaced as this statute concerns the sentencing hearing, not the plea hearing.

Defendant gives no evidentiary basis to support these contentions. Without pleading a sufficient legal and factual basis in the record, Defendant is not entitled to relief. As the State cites in its Motion to Summarily Deny Petitioner's K.S.A. 60-1507 Motion, "[t]o be entitled to an evidentiary hearing on a post-conviction motion under K.S.A. 60-1507 the movant is required to allege a factual basis from the record in the motion to support his claim for relief." *Sullivan v. State*, 222 Kan. 222, 223, 564 P. 2d 455 (1977). Defendant failed to do so.

3. Appellate Counsel Christina Kerls

To actually prevail on an ineffective of assistance claim, the movant must show that his attorney's performance was deficient, and then show the deficient performance prejudiced the movant.

First, Defendant alleges that his appellate counsel Christina Kerls was ineffective because she failed to timely notify him of the decision by the Kansas Supreme Court to deny his petition for review on his direct appeal. Attached to his 1507 petition is Ex. J1, a letter from Ms. Kerls to Defendant dated May 27, 2015. The mandate in the appeal was handed down on March 13, 2015.

Defendant in this 1507 action fails to show how this delay in notification that his State remedies on his direct appeal were exhausted prejudiced him in any way. And Defendant filed this 1507 action on September 24, 2015, well within the one year deadline. Defendant states that a result of the delay in notification from Ms. Kerls "the petitioners [sic] case may very well suffer for it", but he fails to state how this two and one half month delay has prejudiced him.

162

Second, Defendant alleges that Ms. Kerls failed to "motion the court to withdraw his appeal due to a jurisdiction matter" concerning the pro se filing of his motion to arrest judgment, filed prior to the docketing of the appeal. Defendant states that the Court of Appeals should not have heard his appeal until after the motion to arrest judgment had been heard by the district court. For the reasons set forth in the State's Motion to Summarily Deny the 1507, Defendant's argument on this point is without merit. A notice of appeal must be filed within 14 days of the final order in a criminal case. In addition, the Motion to Arrest Judgment had no merit, procedurally as it was filed out of time, and also substantively, as the court set out in its ruling denying the Motion. Therefore any deficiency, real or imagined, in Ms. Kerls' representation of Defendant on direct appeal is moot.

The standard for evaluating a claim of ineffective assistance of counsel is this:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time...

> The availability of intrusive post-trial inquiry into the attorney performance or detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense. Counsel's performance and even willingness to serve would be adversely affected. Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client.

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that

7

(63)

determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and make all significant decisions in the exercise of reasonable professional judgment."

*Strickland v. Washington,* 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The *Strickland* standard was adopted by the Kansas Supreme Court in *Chamberlain v. State,* 236 Kan. 650, 694 P. 2d 468 (1985). Under the *Strickland* standard, as to all three attorneys representing Defendant in criminal case, this court finds each of them to be competent counsel and under the totality of circumstances in this case, their conduct was reasonable.

4. Abuse of Discretion/Judicial Misconduct.

Defendant alleges this court abused its discretion when it refused to accept Defendant's plea in August, 2010 when no proffer of evidence was made to support the guilty plea. He also alleges this court, the prosecutor and defense counsel conspired against him.

As the record reflects, after Defendant waived his right to preliminary hearing, this court refused to take Defendant's guilty plea without a proffer of evidence to support the plea. Pursuant to K.S.A. 22-3210(a), a plea of guilty or nolo contendere may be accepted when:
(1) The defendant or counsel for the defendant enters such a plea in open court; and
(2) In felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and
(3) In felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and
(4) **the court is satisfied that there is a factual basis for the plea.** (emphasis added).

There was no preliminary hearing in this case. This court required a proffer of facts to support Defendant's guilty plea. A proffer could come from the State, defense counsel or Defendant. This court would be negligent had it not required some proffer that there existed sufficient evidence to support the charges brought against Defendant, all high level felonies committed against children, and to give Defendant an opportunity to refute the proffer if he so chose.

Defendant's reliance on *U.S. v. Gaston,* 485 F. 2d 1046 (D.C. Cir. 1973) is misplaced. The appellate court held in that case that the lower court erred in insisting on a trial merely because the defendant refused to accompany his plea with an admission

8

64

of guilt, **when there was other evidence presented to the court and the trial court was fully satisfied that there was a factual basis for the plea** and that the presentation of the pertinent facts disclosed no plain legal defenses. In *Gaston*, the trial court had a factual basis. In the present case, this court did not, and therefore could not accept the plea.

As to the judicial misconduct allegation, Defendant makes a broad statement that the attorneys and court conspired against him. All the interaction between counsel and the court in this case is of record. Defendant provides no cite to the record of this alleged conspiracy nor is there any proffer of evidence of any communications or actions taken outside of the courtroom that supports this allegation. There is no basis to this allegation.

5. Prosecutorial Misconduct.

Defendant alleges prosecutorial misconduct at sentencing when the Assistant District Attorney mentioned to this court that Defendant had previously sexually abused a six year old girl in Virginia. This was mentioned by the State, as Defendant had disclosed this prior abuse to police detectives, but failed to disclose it to the evaluator who was assessing Defendant for sentencing as to his propensity to re-offend. The Assistant District Attorney qualified her statement at sentencing as to the specifics of any prior sexual abuse by Defendant. And Defendant was never convicted on any such offense. This court did not consider any statement by counsel about a possible prior offense. The facts in the present case were more than sufficient for the sentence handed down, this court clarifying at sentencing that there were two very young victims, that the abuse occurred over a long period of time and that Defendant actually had sexual intercourse with a child as reasons to support a sentence which requires Defendant to serve 50 years before he is eligible for parole. This court finds no misconduct by the prosecutor in this case.

<u>Ruling</u>

The evidence shows conclusively that Donald L. Brown II is not entitled to the relief he seeks under his 60-1507 motion. Donald L. Brown received effective assistance of trial and appellate counsel guaranteed by the Kansas Constitution and United States Constitution and was fairly convicted and sentenced. And for all the reasons stated herein the petitioner 1507 motion is denied. This decision constitutes a Journal Entry and judgment is hereby entered.

IT IS SO ORDERED ON THIS 17th DAY OF MARCH, 2016.

Peggy C. Kittel
District Judge

I HEREBY CERTIFY THAT THE FOREGOING
INSTRUMENT IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE IN THIS OFFICE
Dated _____ 20___

Douglas County District Court
Lawrence, Kansas

_____
Deputy

CC:  Patrick Hurley, Assistant District Attorney
      Donald L. Brown II

9

(65)

ELECTRONICALLY FILED
2016 Feb 18 AM 11:41
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000340

**DOUGLAS COUNTY DISTRICT COURT**
Seventh Judicial District
Judicial Center, 111 E. 11th St.
Lawrence, Kansas 66044-2966

Robert W. Fairchild, Judge

B. Kay Huff, Judge

James McCabria, Judge

Paula B. Martin, Judge

Peggy C. Kittel, Judge

Sally Pokorny, Judge

Linda Koester-Vogelsang
Court Administrator
785-832-5264

Douglas A. Hamilton
Clerk of the District Court
785-832-5256

Deborah Wright
Chief Community Corrections Officer
785-832-5220

Michelle Roberts
Chief Court Services Officer
785-832-5218

Katy Nitcher
Court Trustee
785-832-5315

Heather Krase-Minnick
Citizen Review Board Director
785-832-5219



DONALD L. BROWN II,
Petitioner,

v.                                              Case No. 2015-CV-340

STATE OF KANSAS,
Respondent.

## MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR DISQUALIFICATION OF JUDGE

The above-referenced matter is before the court on Petitioner Donald L. Brown II's motion for disqualification of judge. And the court, begin well and fully advised in the premises finds that Petitioner's motion should be denied, as Petitioner has failed to proffer any substantive evidence to support his claim that this court's impartiality has been compromised or that this court has shown bias toward Petitioner in his criminal case 2010 CR 938. Additionally Petitioner has provided no evidence that this court would be a potential witness in this action.

### Findings of Fact

1. In June, 2010 Defendant Donald L. Brown II was charged in Douglas County District Court with three counts of rape, three counts of sodomy and two counts of aggravated indecent liberties with a child.
2. On August 17, 2010, at his arraignment, Defendant Brown attempted to enter guilty pleas before this court to take advantage of the fact that the information did not contain his date of birth, which would have precluded the application of Jessica's Law at sentencing.
3. This court did not accept Defendant's plea when he failed to provide a factual basis to support the plea.
4. The State subsequently amended the information to include Defendant's date of birth.

1

(66)

5. On January 7, 2011 Defendant pled guilty to all counts in the amended information. At this plea hearing, the State orally amended the previously amended information to correct the dates of the commission of the crimes, to reflect the original charged time frames of June 1, 2008 to May 1, 2010.

6. Six months after Defendant was sentenced in this case, he filed a *pro se* motion to withdraw his plea. Counsel was appointed and a hearing held. Defendant claimed his original defense counsel had been ineffective.

7. This court denied Defendant's motion to withdraw his plea.

8. On November 8, 2012 Defendant while still represented by counsel, filed a *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 and a motion for transcripts.

9. On November 20, 2012, Defendant, through counsel, filed a notice of appeal as to this court's ruling on his motion to with draw his plea. On April 26, 2013 Defendant filed a *pro se* motion for appointment of counsel to represent him on his motion to arrest judgment.

10. On March 21, 2014 the Kansas Court of Appeals issued an opinion affirming this court.

11. An amended *pro se* motion to arrest judgment pursuant to K.S.A. 22-3503 was filed on May 26, 2015 and a *pro se* motion to expedite a ruling was filed on June 29, 2015. The motion to arrest judgment was denied.

12. This 1507 action was filed prior to the court's ruling on the motion to arrest judgment. Petitioner's motion for disqualification in this case was filed prior to the ruling denying the motion to arrest judgment in the underlying criminal case.

## Conclusions of Law

Petitioner states that through this motion he is "attempting to show corruption of the judicial process in the State of Kansas and obtain a reversal of the conviction." Petitioner provides no basis to support his contention of corruption and appears to be using this motion for disqualification as another attempt to withdraw his plea. As previously mentioned, the Kansas Court of Appeals found no error in this court's handling of this case, including this court's refusal to accept petitioner's plea when *no* underlying factual basis was provided; the court's acceptance of Petitioner's later plea; and this court's denial of Petitioner's motion to with draw his plea. This court's rulings are not based on bias or prejudice but rather the facts as set out in the record and the applicable law, and Petitioner has proffered nothing to support his contention that this court has relevant information to provide as a witness, nor has he proffered any evidence of an ulterior motive or conflict of interest that would require disqualification.

WHEREFORE, Petitioner's motion for disqualification of judge is hereby denied.

IT IS SO ORDERED.

Peggy C. Kittel
District Judge

CC: District Attorney; Defendant Donald L. Brown II

2

*(67)*

Robert W. Fairchild, Judge

B. Kay Huff, Judge

James McCabria, Judge

Paula B. Martin, Judge

Peggy C. Kittel, Judge

Sally Pokorny, Judge

Linda Koester-Vogelsang
Court Administrator
785-832-5264

Douglas A. Hamilton
Clerk of the District Court
785-832-5256

ELECTRONICALLY FILED
2016 Feb 18 AM 11:41
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000340

**DOUGLAS COUNTY DISTRICT COURT**
Seventh Judicial District
Judicial Center, 111 E. 11th St.
Lawrence, Kansas 66044-2966

Deborah Wright
Chief Community Corrections Officer
785-832-5220

Michelle Roberts
Chief Court Services Officer
785-832-5218

Katy Nitcher
Court Trustee
785-832-5315

Heather Krase-Minnick
Citizen Review Board Director
785-832-5219



DONALD L. BROWN II
    Petitioner

v.

STATE OF KANSAS,
    Respondent.

Case No. 2015 CV 340

### MEMORANDUM DECISION DENYING
### DEFENDANT'S MOTION
### FOR JUDGMENT ON THE PLEADINGS

    Before the court Petitioner Donald L. Brown II's *Pro Se* motion for judgment on the pleadings in the above-referenced case. And this court, having reviewed the official court file, and being well and fully advised therein, this court finds that this motion should be denied for the following reasons:

### Findings of Fact

1. In June, 2010 Defendant Donald L. Brown II was charged in Douglas County District Court case no. 2010CR 938 with three counts of rape, three counts of sodomy and two counts of aggravated indecent liberties with a child.
2. On August 17, 2010, at his arraignment, Defendant Brown attempted to enter guilty pleas before this court to take advantage of the fact that the information did not contain his date of birth, which would have precluded the application of Jessica's Law at sentencing.
3. This court did not accept Defendant's plea when he failed to provide a factual basis to support the plea.
4. The State subsequently amended the information to include Defendant's date of birth.

1

(70) **ELECTRONICALLY FILED**
2017 Jan 26 PM 3:14
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2010-CR-000938

Amy Hanley, Judge

B. Kay Huff, Judge

James McCabria, Judge

Paula B. Martin, Judge

Peggy C. Kittel, Judge

Sally Pokorny, Judge

Linda Koester-Vogelsang
Court Administrator
785-832-5264

Douglas A. Hamilton
Clerk of the District Court
785-832-5256

Deborah Wright
Chief Community Corrections Officer
785-832-5220

Michelle Roberts
Chief Court Services Officer
785-832-5218

Katy Nilcher
Court Trustee
785-832-5315

Heather Krase-Minnick
Citizen Review Board Director
785-832-5219

**DOUGLAS COUNTY DISTRICT COURT**
Seventh Judicial District
Judicial Center, 111 E. 11th St.
Lawrence, Kansas 66044-2966



State of Kansas,

        Plaintiff

v.                                                    2010 CR 000938

Donald L. Brown II,

        Defendant.

### ORDER DENYING PENDING PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, FOR INSPECTION OF PHYSICAL EVIDENCE AND MOTION FOR DISCOVERY

      The above-referenced matters are before the court for ruling on Defendant Donald L. Brown II's Pro Se motions, above-named, all filed on August 30, 2016. And having reviewed the court file and being well and fully advised therein, the court denies all three motions for the following reasons:

1. Defendant Donald L. Brown II entered guilty pleas to eight counts in this case on January 7, 2011. Defendant was subsequently sentenced to life imprisonment with two sentences running consecutively and the other six to run concurrently.

2. Defendant filed a Pro Se motion with withdraw his plea. Counsel was appointed and a hearing was held. The motion was denied. Defendant appealed this court's ruling denying the motion to withdraw plea.

3. This court's ruling denying the motion to withdraw plea was affirmed by the Kansas Court of Appeals on March 21, 2014, however the imposition of lifetime electronic monitoring was vacated.

(71)

4. Defendant filed a Motion Pursuant to K.S.A. 60-1507, claiming ineffective assistance of counsel. See Douglas County case no. 2015-CV-000340. Defendant's motion was summarily denied.

5. Defendant appealed this court's summary denial of the 1507 motion. Counsel was appointed and that case remains pending.

6. Defendant has already appealed this case and lost. Defendant is currently challenging the effectiveness of counsel assigned in this case through his 60-1507 motion in 2015-CV-000340. Defendant has counsel in that case and his request for counsel in the underlying criminal action is denied.

7. This court finds no merit in Defendant's motion for discovery or his motion to inspect physical evidence both filed five years after he entered his guilty pleas in this case. In the event that Defendant believed that his trial attorney did not provide effective assistance of counsel in representing him in this case and in obtaining and reviewing all the evidence pre-plea, Defendant should have raised those issues in his 1507 claim. The motions are denied.


IT IS SO ORDERED.

Peggy C. Kittel
Chief Judge


CC:  District Attorney
     Donald L. Brown II

$(72)$

NOT DESIGNATED FOR PUBLICATION

No. 116,744

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD L. BROWN II,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed October 6, 2017.
Affirmed.

*Joseph A. Desch,* of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler,* assistant district attorney, *Charles E. Branson,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

PER CURIAM: Donald L. Brown II, appeals from the trial court's summary denial of his K.S.A. 60-1507 motion. In his motion, Brown alleged ineffective assistance of counsel and errors on behalf of the trial court. Specifically, Brown argues (1) that the trial court erred as a matter of law in rejecting his guilty plea at arraignment, and (2) that his trial counsel was ineffective for failing to offer legal authority supporting his guilty plea. For reasons stated below, we reject Brown's arguments. Accordingly, we affirm the trial court's summary denial of his K.S.A. 60-1507 motion.

1

(73)

On June 3, 2010, Brown was charged in Douglas County District Court with three counts of rape, three counts of criminal sodomy, and two counts of aggravated indecent liberties with a child. The charging document listed two victims, both with the initials M.D.M. and M.D.M. The victims were only differentiated by their dates of birth—one having a date of birth of 9/20/1999 and the other having a date of birth of 7/17/2001. Thus, when the crimes occurred both children were under the age of 14.

On August 17, 2010, the trial court was set to hold a preliminary hearing. At the beginning of the hearing, Brown's trial counsel, Michael Clarke, told the court that Brown wanted to waive the preliminary hearing and enter a plea of guilty on all eight counts. The court accepted Brown's waiver of his right to the preliminary hearing. The court then took a short break to allow Clarke to prepare a plea advisory. The trial judge told the parties that she preferred Brown review a plea advisory in writing based on the severity of the charges against him. Once Clarke had an opportunity to review the plea advisory with Brown, the trial court proceeded to arraignment.

The trial judge asked the parties whether Jessica's Law applied to the case. The State answered in the affirmative. Clarke disagreed. He told the court that because none of the counts in the charging document alleged Brown's age, Jessica's Law was not applicable. The trial court stated, "We're going to go ahead with the plea, with the understanding that that issue [of whether Jessica's Law applies] is something that will be argued at sentencing."

The trial court proceeded with the plea colloquy. The court advised Brown of the rights he would relinquish if he entered his plea of guilty. Brown indicated that he understood what rights he was giving up. The court also advised Brown that aside from the Jessica's Law sentencing issue, he would not be able to appeal the question of his guilt if he entered his plea of guilty. After a thorough plea colloquy, the trial court read the counts individually to Brown, asking him how he wished to plead to each count.

2

*(74)*

Brown answered that he wanted to plead guilty to each charge listed in the charging document.

After the court heard Brown's pleas to each count, it asked Clarke for "a proffer of evidence to support [his] client's plea." Clarke and the court had the following exchange:

· "MR. CLARKE: Your Honor, the proffer would be simply that the counts as alleged are the facts. That's what I have discussed with Mr. Brown in terms of being the factual basis for the plea. And he is prepared to essentially read what you just read to establish a factual basis for the plea.

"THE COURT: I usually ask for more detail as far as what you would believe the State's evidence would be.

"MR. CLARKE: I understand, and I had looked at the plea statute earlier today in anticipation of this issue, trying to decide what level of factual proffer would be necessary. I guess I came to the conclusion that a statement of fact that supported the elements would be enough would be our position.

. . . .

"THE COURT: I think I need more. I mean, there is victims with the same initials and . . . there is different ways these acts could be committed, and I think I need more information. So Mr. Clarke, you can provide that or Ms. McGowan can.

"MR. CLARKE: Well, I think I should discuss that issue with Mr. Brown first, if I may, Your Honor.

. . . .

"MR. CLARKE: Your Honor, the issue of the—the fact that Counts 1 and 2 are identical and then 3 and 4 are identical is something that had factored into our decision to go through a plea today after the waiver of preliminary hearing. And it is Mr. Brown's . . . intent to enter a plea to the counts as alleged. And it would be our argument that they are multiplicitous for sentencing because they are identical—completely identical, there is no distinction between the charges.

"If the court is not prepared to proceed based upon his plea of guilt as he's already stated, we're not prepared to have the State make a separate factual proffer of what the State's evidence would be at this time. We're not prepared to offer a more detailed proffer than we've already given.

3

*(75)*

"So I think that leaves us in the position if . . . the court's not willing to entertain a plea as has been stated then I think we are at the position where . . . we would be in a position of setting this matter for trial at this point.

"THE COURT: I feel it's my duty to hear what the underlying factual basis is for the charges, for that very reason that you're trying to address. And without that, I'm not going to accept the plea.

"MR. CLARKE: Understand, Your Honor.   .

"THE COURT: So let's get a trial date.

"I'll state that, Mr. Clarke, with the caveat that if either counsel can provide me case law that says otherwise, I would entertain it. But, I think it's my duty to know what underlying facts support the plea, and I don't feel that just stating the charges as written on the Information is sufficient."

The court proceeded to arraignment. Brown stood mute in response to the charges, so the court entered a plea of not guilty on his behalf. Brown waived his right to a speedy trial, and the case was set for jury trial on January 24, 2011.

On October 6, 2010, the State amended Brown's charging document to include Brown's age. On January 7, 2011, the trial court held a status conference hearing. At the beginning of the hearing, Clarke informed the trial court that Brown wanted to plead guilty to all counts. The pleas were not the result of negotiations. Clarke produced a written plea advisory that he had gone through with Brown. The trial court then conducted its plea colloquy. The court asked Clarke if he would be able to proffer facts to support Brown's pleas. Clarke told the court that Brown would be making the proffer himself. After the trial court thoroughly questioned Brown regarding his intent to plead guilty, Brown pled guilty to each count as read by the trial court. Brown made the following proffer in support of his pleas:

"With remorse and sorrow, in the summer of 2008, I, Donald L. Brown, II, sexually touched MDM '99 and MDM '01. In the summer of 2009, I, Donald L. Brown,

4

(76)

II, had oral sexual sodomy with MDM '99 on more than one occasion and once with MDM '01.

"In the spring of 2010, I, Donald L. Brown, II, had sexual intercourse on more than one occasion with MDM '99 and once with MDM '01. This all occurred at my apartment in Douglas County, Kansas. I did this for my sexual gratification, and I'm truly sorry.

. . . .

"I was 32—31."

The trial court asked additional questions which clarified that Brown had penetrated both victims' vaginas with his penis and one victim's vagina with his finger. He also clarified that he had made oral contact with both victims' vaginas. The court accepted Brown's guilty pleas as to all eight counts he was charged with.

On March 4, 2011, the court held a sentencing hearing. Brown addressed the court:

"I confess to this court, this community and the victims of my crimes and to the Lord Jesus Christ, that I have committed terrible sins. I have hurt many people. I'm very sorry for all the harm I've caused. Pray to God that he heal those that I have hurt. I know that I have—I must be held accountable for my crimes. I am praying for guidance on what I can do to atone from my crimes. I accept responsibility for my sins."

Brown was sentenced to eight life sentences with a mandatory minimum of 25 years' imprisonment. The court ordered two of the sentences to be run consecutive with the remaining sentences running concurrently. He was also sentenced to a period of lifetime postrelease supervision.

On September 19, 2011, Brown moved to withdraw his guilty pleas based on ineffective assistance of counsel. He argued that his trial counsel was ineffective in "wrongly coercing him into entering a plea without effectively investigating the case." He

5

(77)

further stated "that had his counsel properly investigated the case and properly counseled his client there would have never been any mention of entering a plea of guilty." He requested the trial court "permit him to withdraw his plea of guilty and set his case for trial in the intrest [*sic*] of justice." On November 6, 2012, the court denied Brown's motion to withdraw his guilty pleas. Brown appealed the court's decision. In *State v. Brown*, No. 109,417, 2014 WL 1193422 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1048 (2015), we affirmed the trial court's denial of Brown's motion to withdraw his guilty pleas.

On September 24, 2015, Brown filed the current K.S.A. 60-1507 motion. In his motion, he argued that his trial counsel, Clarke, was ineffective for the following reasons: (1) Clarke "failed in filing of motions to subject the prosecutions [*sic*] case to meaningful adversarial testing"; (2) Clarke failed to adequately communicate his trial defense strategy with Brown; (3) Clarke failed to determine how Brown's learning disability would affect his competency; (4) Clarke totally abandoned his duties as Brown's defense counsel; (5) Clarke failed "to provide statute and case law in support of [his] August 17th plea"; and (6) Clarke failed to file a notice of appeal.

Additionally, Brown argued that his counsel at the hearing on his motion to withdraw his guilty pleas was ineffective for the following reasons: (1) he failed to present evidence of Brown's inability to understand the contents of the plea advisory; (2) he failed to depose and subpoena witnesses for the hearing; and (3) he failed to adequately examine Clarke about his trial strategy and his failure to file a notice of appeal.

Brown also argued that his appellate counsel was ineffective in appealing from the trial court's denial of his motion to withdraw his guilty pleas. He argued that she was ineffective for the following reasons: (1) she failed to notify Brown in a timely manner of the Supreme Court's decision to deny his petition for review; and (2) she failed "to

6

*(78)*

motion the Supreme Court on the issue of subject matter regarding the fact that there was a motion to Arrest Judgment filed with the District Court."

Finally, Brown argued "[a]buse of [d]iscretion and [j]udicial [m]isconduct by Judge Peggy Kittel by refusing to accept the petitioner's plea at the August 17th preliminary/plea hearing" and "[p]rosecutorial misconduct by giving misleading and false statements to the court."

On appeal, Brown does not present arguments for each and every issue he presented in his K.S.A. 60-1507 motion. Issues not briefed by an appellant are deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Based on Brown's arguments on appeal, the only issues he has properly preserved from his motion are the following:  (1) the district court erred in failing to accept his August 17, 2010, guilty plea; and (2) trial counsel was ineffective because he was not adequately prepared to support Brown's August 17, 2010, guilty plea with sufficient legal support. Accordingly, only those two arguments will be addressed moving forward.

On December 9, 2015, the State moved to summarily deny Brown's K.S.A. 60-1507 motion. The State argued that "Brown's [K.S.A. 60-]1507 motion is meritless because his ineffective assistance of counsel claims are conclusory, some are trial claims, some are barred by the statute of limitations and he has not set forth how he was prejudiced by his counsels' representation."

On March 17, 2016, the trial court filed its memorandum decision granting the State's motion for summary denial of Brown's K.S.A. 60-1507 motion. In its decision, the trial court ruled that "[t]he evidence shows conclusively that . . . Brown . . . is not entitled to the relief he seeks under his 60-1507 motion. . . . Brown received effective assistance of trial . . . counsel guaranteed by the Kansas Constitution and United States Constitution and was fairly convicted and sentenced." Brown filed a timely notice of appeal.

7

*(79)*

*Did the Trial Court Err in Summarily Denying Brown's K.S.A. 60-1507 Motion?*

On appeal, Brown argues that the trial court erred in summarily denying his K.S.A. 60-1507 motion because potentially substantial issues of fact show that he is entitled to an evidentiary hearing. In support of that contention, Brown advances two specific arguments, both related to his attempt at pleading guilty at arraignment on August 17, 2010. First, Brown argues that the trial court erred in refusing to accept his guilty pleas as a matter of right. Second, Brown argues that his trial counsel was not adequately prepared to proceed at arraignment and, thus, was ineffective.

*Standard of Review*

When presented with a K.S.A. 60-1507 motion, a trial court has three options: (1) it may summarily deny the motion after determining that the motion, files, and records of the case definitively show that the defendant is not entitled to relief; (2) it may appoint counsel and hold a preliminary hearing after determining that a potentially substantial issue is raised in the motion, supported by the files and records; or (3) it may hold a full evidentiary hearing in the presence of the defendant after determining that the motion, files, and records show that a substantial issue is presented. The standard of review on appeal depends on which option the trial court utilizes. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

When the trial court summarily denies the K.S.A. 60-1507 motion, as it did here, the appellate court conducts de novo review to determine whether the motion, files, and records of the case definitively show that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881. To avoid summary denial of a K.S.A. 60-1507 motion, a movant must establish that he or she is entitled to an evidentiary hearing. To establish that entitlement, the movant's contentions must be more than conclusory. Additionally,

(80)

**E – FILING  COVER SHEET**

FROM:  BROWN II, DONALD L. # 99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME:  DONALD L. BROWN II VS ROGER WERHOLTZ

CASE NUMBER:

DATE OF E-FILING  MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE

PART FIVE
OF
EIGHT
PG. 80 - 99

(81)

the movant must state an evidentiary basis in support of the claims or an evidentiary basis must be apparent in the record. 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]). If the movant is able to make such a showing, the court must grant an evidentiary hearing, unless the motion is a "second" or "successive" motion. 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]). When an appellant bases his or her K.S.A. 60-1507 motion on the alleged ineffectiveness of trial counsel, "the substantive guarantees of effective counsel control whether he [or she] is entitled to an evidentiary hearing." 300 Kan. at 881-82.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish two things: (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient performance resulted in prejudice to the defendant. *Sola-Morales*, 300 Kan. at 882-83 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Counsel's performance will be held deficient when "counsel's representation fell below an objective standard of reasonableness, considering all the circumstances." *Bledsoe v. State*, 283 Kan. 81, 90, 150 P.3d 868 (2007). Judicial scrutiny of counsel's performance is highly deferential, and the reviewing court is required to strongly presume that counsel's conduct was reasonable. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). As for prejudice, a defendant must show that but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the proceeding's outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015) (quoting *Robertson v. State*, 288 Kan. 217, 225, 201 P.3d 691 [2009]).

Here, Brown's issue, in its simplest form, is that the trial court should have accepted his original guilty plea that he attempted to enter on August 17, 2010. Within that overarching issue he presents two arguments: (1) that the trial court erred as a matter

9

(82)

of law in rejecting the guilty plea and (2) that Clarke provided ineffective assistance of counsel when he failed to offer legal authority supporting the guilty pleas. Thus, the prospective success of Brown's second argument necessarily depends on the outcome of his first argument. If the trial court did not err in rejecting Brown's guilty pleas, it follows that he cannot show that Clarke was ineffective for failing to provide legal support for those guilty pleas. Said differently—if the trial court acted properly in rejecting his plea, Brown will not be able to show that Clarke's actions prejudiced him in any way, as they could not have had any impact on the outcome of the proceeding.

For that reason, we begin by considering Brown's first argument—that the trial court erred in rejecting his guilty pleas at arraignment. After that issue is disposed of, we will address Brown's second argument—which the trial court refused to hear on the basis of the doctrine of res judicata.

*Did the Trial Court Err in Rejecting Brown's Guilty Pleas at Arraignment?*

Brown argues that "he had both a statutory and constitutional right to plead guilty at arraignment, and that the district court, had it been in possession of the proper authority at the time of [his] plea under the original information, was obliged to accept his plea under the circumstances."

The State, on the other hand, argues that K.S.A. 22-3210 governs when a trial court is permitted to accept a guilty plea, and K.S.A. 22-3210 requires the trial court to be "satisfied that there is a factual basis for the plea." The State specifically argues that "because the statute leaves room for district court discretion, Brown's contention that he is entitled as a matter of right to the district court accepting his plea is simply unsound."

Based on the parties' arguments, whether Brown was entitled to plead guilty as a matter of right depends on the interpretation of the statutes governing pleas. The

10

*(83)*

interpretation of a statute is a question of law over which appellate courts exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory interpretation is that the Legislature's intent governs, so long as that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court interpreting a statute must first try to find the legislative intent through the plain language of the statute, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). If a statute is plain and unambiguous, an appellate court should not speculate as to the legislative intent behind the clear language, and it should refrain from reading anything into the statute that is not actually found in its language. *Barlow*, 303 Kan. at 813.

The applicable statutes, as identified by the parties, are: K.S.A. 22-3201; K.S.A. 22-3205; K.S.A. 22-3206; K.S.A. 22-3208; K.S.A. 22-3209; and K.S.A. 22-3210. We must examine those statutes to determine whether the trial court erred in rejecting Brown's August 17, 2010, guilty pleas as a matter of right. Each statute relevant to this appeal is briefly described below.

- K.S.A. 22-3201(b) governs the sufficiency of charging documents and reads: "The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient."

- K.S.A. 22-3205(a) governs arraignment procedure and reads:

  "Arraignment shall be conducted in open court and shall consist of reading the complaint, information or indictment to the defendant or stating to the defendant the substance of the charge and calling upon the defendant to plead thereto. The defendant shall be given a copy of the indictment or information

11

(84)

before the defendant is called upon to plead. Except as provided in subsection (b), if the crime charged is a felony, the defendant must be personally present for arraignment; if a misdemeanor, with the approval of the court, the defendant may appear by counsel. The court may direct any officer who has custody of the defendant to bring the defendant before the court to be arraigned."

- K.S.A. 22-3206(3) governs the time for arraignment and reads:  "If the preliminary examination is waived, arraignment shall be conducted at the time originally scheduled for the preliminary examination if a judge of the district court is available . . . to conduct arraignment."

- K.S.A. 22-3208(1) governs pleadings and motions in criminal proceedings and reads:  "Pleadings in criminal proceedings shall be the complaint, information or indictment, the bill of particulars when ordered, and the pleas of not guilty, guilty or with the consent of the court, *nolo contendere*." K.S.A. 22-3208 defines pleadings and motions in criminal proceedings and is not particularly procedural in nature, like most of the other statutes listed herein. This is an important distinction, as will be discussed below.

- K.S.A. 22-3209(1) governs pleas and reads:  "A plea of guilty is admission of the truth of the charge and every material fact alleged therein."

- K.S.A. 22-3210(a) governs when a guilty plea may be accepted by the court and reads:

   "Before or during trial a plea of guilty or *nolo contendere* may be accepted when:
   (1) The defendant or counsel for the defendant enters such plea in open court; and

12

(85)

(2) in felony cases the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) *the court is satisfied that there is a factual basis for the plea.*" (Emphasis added.)

In *State v. Edgar*, 281 Kan. 30, 42, 127 P.3d 986 (2006) (quoting *State v. Shaw*, 259 Kan. 3, Syl. ¶ 6, 910 P.2d 809 [1996]), our Supreme Court held that a factual basis for the plea, as required in K.S.A. 22-3210(a)(4), may be satisfied in four ways: (1) by a charging document that is read to the defendant and sets forth the factual details and essential elements of the charged crime; (2) by a proffer of evidence presented to the court by the prosecutor; (3) by a proffer of evidence presented to the court by the defendant; or (4) by the fact that the judge accepting the plea had already conducted the defendant's preliminary examination.

Here, Brown specifically argues that the language of K.S.A. 22-3208 shows that "the defendant need not have the consent of the court when entering a plea of not guilty or guilty, which is consistent with the arraignment procedure [found in K.S.A. 22-3205]." Brown would argue that because K.S.A. 22-3208 only lists that a plea of nolo contendere must be made with the consent of the court, he did not need the court's consent to enter his guilty pleas at arraignment. As additional support, Brown argues that K.S.A. 22-3209 is "another statutory provision which provides for a guilty plea to the truth of the charge, and every material fact alleged therein." Brown argues that "[w]hen taken in conjunction with K.S.A. 22-3201 . . . the facts stated in the charge must be sufficient to maintain a plea of guilty without further factual development."

13

(86)

In his brief, Brown argues that K.S.A. 22-3210 cannot apply to his plea because it was entered at arraignment, and K.S.A. 22-3210 governs only guilty pleas made "[b]efore or during trial." Brown asserts that arraignment "is a separate and discreet proceeding" that lies beyond the reach of K.S.A. 22-3210. Brown supports his assertion with K.S.A. 22-3201(b), arguing that "[i]f the district court was not satisfied a factual basis existed for the plea at arraignment, then there necessarily would not be a sufficient factual basis for the charges."

But Brown's argument is fatally flawed in that it ignores how the statutes listed above work together. Instead, Brown's argument would require this court to read K.S.A. 22-3208(1) in isolation and ignore the very plain language of K.S.A. 22-3210(a)(4). When construing statutes in an effort to find the Legislature's intent, this court must consider various provisions of an act *in pari materia* and attempt to reconcile and bring the provisions into a workable harmony where possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Additionally, this court is required to construe statutes in a way that avoids unreasonable or absurd results. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Here, a brief discussion of the relevant statutory provisions and the specific procedure of Brown's attempted guilty plea will show that his asserted statutory interpretation is unreasonable. First, we recognize that the August 17, 2010, hearing at which Brown entered his guilty pleas was actually scheduled as a preliminary hearing. Brown waived his right to the preliminary hearing. Thus, K.S.A. 22-3206 dictated that arraignment was to be held in lieu of the preliminary hearing. The court complied and proceeded to arraignment. K.S.A. 22-3205 then dictated that Brown was called upon to plead. This is when Brown attempted to enter his guilty pleas. Under K.S.A. 22-3209(1), Brown's pleas of guilty was an "admission of truth of the charge and every material fact alleged therein." As we mentioned earlier, K.S.A. 22-3208 defines the pleadings and motions of a criminal proceeding—it is not particularly concerned with the procedure

14

## (87)

surrounding pleas. See Black's Law Dictionary 1339 (10th ed. 2014) (A "pleading" is "[a] formal document in which a party to a legal proceeding . . . sets forth or responds to allegations, claims, denials, or defenses."). Despite Brown's argument, then, K.S.A. 22-3208 was not specifically relevant to his proffered oral plea. Finally, when Brown attempted to enter his guilty pleas, K.S.A. 22-3210(a)(4) required that the court be satisfied, within its discretion, that a factual basis existed to support his pleas.

The progression listed above shows the purpose of each of the relevant statutes and how those statutes are designed to work together. Based on that progression, we reject Brown's contention that K.S.A. 22-3210 does not apply to pleas entered at arraignment. Brown himself acknowledges that arraignment occurs before trial. And the plain language of K.S.A. 22-3210(a) indicates that the procedure outlined therein applies to guilty pleas entered "[b]efore or during trial." Thus, based on the most logical interpretation of the statutes, K.S.A. 22-3210(a) applies to guilty pleas entered at arraignment. And because K.S.A. 22-3210(a) grants the trial court discretion in accepting or rejecting a criminal defendant's guilty plea, we cannot say that Brown had an absolute right to plead guilty at arraignment on August 17, 2010. Indeed, were we to hold that guilty pleas entered at arraignment need not be supported by a sufficient factual basis but all other guilty pleas do need to be supported by such a factual basis, we would be reaching an unreasonable and absurd result. Instead, we hold that K.S.A. 22-3210(a)(4) applies equally to all guilty pleas entered "[b]efore or during trial," including those entered at arraignment.

Still, even though Brown did not have an absolute right to have his guilty pleas accepted by the court, the trial court *could* have, within its discretion, accepted Brown's guilty pleas based upon the facts alleged in the charging document. See *Shaw*, 259 Kan. 3, Syl. ¶ 1.

15

(88)

At its most basic function, the sufficient factual basis requirement aims to ensure that the trial court finds that all elements of the crime charged are present. *State v. Adams*, 284 Kan. 109, 117, 158 P.3d 977 (2007). "K.S.A. 22-3210(a)(4)'s purpose of ensuring that a plea is knowingly and voluntarily entered is defeated if the district court is presented with no evidence to establish the defendant's conduct falls within the elements of the charged crime." *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012). Our caselaw is clear that the trial court has a statutory duty to satisfy itself that the factual basis exists. See *Ebaben*, 294 Kan. at 816. In fact, "[i]t is incumbent upon the judge to personally make a finding that a factual basis for the guilty plea in fact exists." *State v. Snyder*, 10 Kan. App. 2d 450, 454, 701 P.2d 969 (1985). We review a trial court's determination of whether a factual basis exists to support a plea for an abuse of discretion. See *Ebaben*, 294 Kan. at 816. A trial court abuses its discretion (1) if no reasonable person would take the view adopted by the trial court; (2) if the trial court's action is based on an error of law; or (3) if the trial court's action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Brown argues that *State v. Donesay*, 265 Kan. 60, 959 P.2d 862 (1998), should guide our examination of whether the trial court abused its discretion in rejecting his guilty plea. In *Donesay*, the defendant attempted to plead guilty to four out of the six charges he was facing. But at arraignment the State objected to "splitting up the pleas." 265 Kan. at 73. "[T]he trial court concluded that the defendant had neither a constitutional nor a statutory right to enter a plea of guilty to some, but not all, of the charges contained in the single complaint against him." 265 Kan. at 73-74. The defendant appealed, arguing "that the trial court has no discretion to deny a plea that is voluntary and knowing and based on facts." 265 Kan. at 74.

On appeal, the *Donesay* court looked to *State v. Clanton*, 5 Kan. App. 2d 77, 612 P.2d 662 (1980), for guidance. In *Clanton*, the defendant's guilty plea to the charge of attempted rape was rejected by the trial court after the defendant disputed the State's

16

(89)

factual proffer and refused to admit guilt. The defendant appealed, arguing that the trial court lacked "good reason" to reject his plea. 5 Kan. App. 2d at 79. This court noted that accepting the defendant's argument "would require adoption of a rule making it an abuse of judicial discretion for the court to reject a plea of guilty when a defendant not only refuses to admit the alleged facts of the crime, but denies that he committed the crime." 5 Kan. App. 2d at 81-82. Thus, the court held that the trial court did not abuse its discretion in rejecting the defendant's plea.

Relying on the reasoning from *Clanton*, our Supreme Court held in *Donesay* that "[a]bsent a valid reason, the trial court should accept guilty pleas when the requirements of [K.S.A.] 22-3210 are satisfied *and* the defendant, unlike the defendant in *Clanton*, admits the truth of the charge and every material fact alleged in it." 265 Kan. at 81-82. The court acknowledged, however, that "[b]ecause the attention of the trial judge immediately was diverted to the question of whether [the defendant] could plead guilty to some but not all charges, no inquiries were made about satisfaction of the [K.S.A.] 22-3210 requirements." 265 Kan. at 82.

Here, Brown argues that because he wished to plead guilty to *all* of the charges against him and not just *some* of the charges against him, like the defendant in *Donesay*, the trial court abused its discretion in rejecting his guilty pleas. He further argues that because K.S.A. 22-3201 requires a charging document to include "the essential facts constituting the crime charged," then his charging document should have been sufficient to support his guilty pleas.

But Brown misses the main thrust of the *Donesay* opinion, ignoring that the *Donesay* court did not specifically consider whether the requirements of K.S.A. 22-3210 had been met. Instead, the *Donesay* court's focus was put on whether a criminal defendant could plead guilty to less than all charges alleged in a charging document. Within that context, the *Donesay* court expressly held that a trial court should accept a guilty plea

17

(90)

when K.S.A. 22-3210 is satisfied *and* the defendant admits to the truth of the charges and does not dispute the factual basis offered in support of the plea. Were we to accept Brown's argument, we would effectively eliminate the first requirement—that the trial court be satisfied that a sufficient factual basis exists to support the plea. Accepting Brown's argument would usurp the trial court's discretion in accepting or rejecting a defendant's plea—discretion that is clearly and unequivocally granted by K.S.A. 22-3210 and recognized by our Supreme Court.

Moreover, Brown's argument relating to K.S.A. 22-3201 relies on the presumption that the Legislature intended the statute to be applied in the context of pleas. But such a presumption is not supported by the plain language of the statute or by Kansas caselaw. And even though K.S.A. 22-3201 requires the State to charge "the essential facts constituting the crime," those essential facts are not always sufficient to support a guilty plea under K.S.A. 22-3210.

To begin, the plain language of K.S.A. 22-3201 does not support Brown's assertion that it applies to pleas. The word "plea" is not found in the text of K.S.A. 22-3201. Instead, K.S.A. 22-3201 clearly contemplates the sufficiency of charging documents in the context of due process—and to an extent jurisdiction—in criminal proceedings. This interpretation is supported by Kansas Supreme Court precedent. Our Supreme Court has held that "[i]f the charging document is . . . statutorily insufficient [under K.S.A. 22-3201(b)], then the State has failed to properly *invoke* the subject matter jurisdiction of the court." *State v. Dunn*, 304 Kan. 773, 812, 375 P.3d 332 (2016). Additionally, our Supreme Court has held that the purpose of a charging document is to inform "the defendant about the crime alleged so that he or she can challenge the State's case." 304 Kan. at 775. The focus of K.S.A. 22-3201 is further evidenced by one of its very own provisions, K.S.A. 22-3201(f), which calls for a bill of particulars "[w]hen a complaint, information or indictment charges a crime but fails to specify the particulars of the crime sufficiently to enable the defendant to prepare a defense." The provision is

18

(91)

clearly concerned with notice to the defendant, which reinforces the conclusion that the purpose of K.S.A. 22-3201 centers on due process. Finally, we note that in the cases identified by our research related to K.S.A. 22-3210, namely *Snyder, Ebaben,* and *Edgar,* K.S.A. 22-3201 was not once discussed. This lends additional support to our determination that K.S.A. 22-3201 is not intended to be applied in considering the sufficiency of a guilty plea under K.S.A. 22-3210.

For those reasons, we know that the sufficiency of a charging document under K.S.A. 22-3201 is not dispositive of its factual sufficiency to support a plea. Indeed, as we discuss later, it is entirely possible for a charging document to be sufficient for the purposes of charging a defendant but not sufficient for the purposes of factually supporting a guilty plea.

Thus, we reject Brown's argument that because he admitted to all of his crimes as charged, the trial court was obligated to accept his guilty pleas. The trial court here was still required under K.S.A. 22-3210(a)(4) to satisfy itself that a sufficient factual basis existed to support Brown's pleas. And as we discuss later, the trial court had good reason to request additional factual support before accepting Brown's guilty pleas.

In *Snyder,* the defendant pled guilty to the charge of attempted aggravated interference with parental custody. As support for the plea, the parties stipulated that a factual basis existed for the plea but did not expand on the stipulation. The only facts supporting the defendant's charge were presented at the preliminary hearing, which was presided over by a different judge than the judge who accepted the plea. Additionally, no facts regarding the specific charge of attempted aggravated interference with parental custody were presented at the preliminary hearing. The defendant moved to withdraw his plea, but his motion was denied. On appeal, this court held that the trial court abused its discretion in finding that a sufficient factual basis existed under K.S.A. 22-3210(a)(4) to accept the defendant's plea. See 10 Kan. App. 2d at 457.

19

(92)

More recently, in *Ebaben*, our Supreme Court addressed a plea that was eventually held not to be supported by a sufficient factual basis. In *Ebaben*, the defendant entered an *Alford* plea, in which he pled guilty without actually admitting to the crime. In Kansas, an *Alford* plea is treated the same as a guilty plea under K.S.A. 22-3210. See *State v. Case*, 289 Kan. 457, 464-65, 213 P.3d 429 (2009). In support of the defendant's plea, the trial judge summarized the charge to the defendant. The judge's factual summary was derived from the defendant's charging document. The judge accepted the defendant's plea. The defendant filed a presentencing motion to withdraw his plea, arguing that the trial court failed to find that his plea was supported by a sufficient factual basis under K.S.A. 22-3210(a)(4). At his motion hearing, the trial court acknowledged that it would have been better to get a factual proffer from the State, but it still denied his motion to withdraw plea based on K.S.A. 22-3210. On appeal, our Supreme Court held that the trial court's summary of the charge against the defendant was not a sufficient factual basis under K.S.A. 22-3210(a)(4). The court noted that the charging document lacked factual details and was too "bare-boned" to support the defendant's plea. 294 Kan. at 815-16. As a result, the court held that the trial court abused its discretion in finding a sufficient factual basis existed to support the plea. 294 Kan. at 816.

Here, as we discussed earlier, Brown waived his preliminary hearing. Had the trial court had the opportunity to hear the State's evidence at the preliminary hearing, it is possible that it would not have needed additional factual support before accepting Brown's pleas. But Brown waived his preliminary hearing for strategic reasons, which he acknowledged when he entered his guilty pleas. Brown's counsel told the court that he wanted to plead guilty as charged so that he could raise a multiplicity argument at sentencing. Brown's counsel also acknowledged that he wanted to plead guilty as charged because the charging document failed to allege Brown's age, which would have precluded the imposition of Jessica's Law at sentencing. The trial court continued on with its plea colloquy and eventually requested Brown provide factual support for his pleas. Most

20

(93)

likely for the same strategic reasons discussed earlier, Brown refused to provide any more factual details than alleged in the charging document. The trial court then asked if the State could provide a factual proffer, but Brown's counsel insisted that his pleas be limited to the facts in the charging document. He did this in a strategic attempt to plead guilty to the charging document before the State had an opportunity to amend and fix what he saw as a plea advantage. In fact, Brown's counsel told the trial court that if it did not accept Brown's pleas as supported by the charging document, Brown would prefer to go to trial.

The trial court had good reason, though, to be cautious in accepting Brown's pleas based on the limited facts in the charging document. We begin by noting that Brown's charging document was not a tediously detailed document that laid out each and every fact supporting each charge therein. Instead, the charging document mimicked the "bare-boned" document from *Ebaben*. Brown's charging document merely listed the dates and location of the offenses; the identities of the victims; and general statutory language identifying the crime charged. While the charging document was most likely sufficient under K.S.A. 22-3201, that is not our concern. Our concern is whether the charging document provided the trial court with a sufficient factual basis to support Brown's guilty pleas as required by K.S.A. 22-3210(a)(4).

The trial court here was concerned by the fact that the victims had the same initials and by the fact that the criminal acts could have been committed in different ways. It is true that both victims shared the initials "MDM," which could lead to some confusion. Granted, the two victims were identifiable based on their individual dates of birth, but the court was still justified in wanting to be sure each victim was correctly identified in each charge. To be sure, the court needed a more detailed factual basis.

Moreover, Brown was charged with three counts of rape, three counts of criminal sodomy, and two counts of aggravated indecent liberties with a child. When Brown was

(94)

charged with rape, "sexual intercourse" was defined as "any penetration of the female sex organ by a finger, the male sex organ or any object." K.S.A. 21-3501(1). Additionally, when Brown was charged with aggravated criminal sodomy, "sodomy" was defined as "oral contact or oral penetration of the female genitalia . . . ; [or] anal penetration . . . by any body part or object." K.S.A. 21-3501(2). Finally, when Brown was charged with indecent liberties with a child, "indecent liberties" meant "[a]ny lewd fondling or touching of the person of either the child or the offender." K.S.A. 21-3503. The statutory definitions above lend support for the trial court's contention that Brown's crimes could have been committed in a number of different factual ways. Moreover, Brown's charging document failed to detail how the crimes were committed.

Finally, a review of Brown's guilty pleas entered on January 7, 2011, shows that he was capable of providing a detailed factual account in relation to each crime he was charged with. Moreover, Brown's January 7, 2011, factual proffer confirms the trial court's hesitation in accepting his original pleas because the crimes could be committed in different factual ways. Thus, Brown's factual proffer supporting his eventual guilty pleas confirms that the trial court was justified in requesting a more detailed factual basis for his August 17, 2010, guilty pleas.

As a result, Brown has failed to show that his charging document was sufficiently factually detailed to support his August 17, 2010, guilty pleas. Brown refused to offer any factual basis in support of his pleas outside of the bare-boned facts alleged in the charging document. He even refused to allow the State to offer any additional factual basis. As we discussed previously, he did so to gain a strategic advantage in sentencing. Even so, the trial court was not obligated to grant him that tactical advantage without first satisfying itself that a sufficient factual basis existed to support his pleas under K.S.A. 22-3210(a)(4). And because Brown's charging document was bare-boned, we cannot say that it alone was sufficient to support his pleas. Accordingly, we hold that the trial court

22

(95)

did not abuse its discretion in rejecting Brown's August 17, 2010, pleas for lack of a sufficient factual basis.

*Was Brown's Trial Counsel Ineffective?*

As was mentioned earlier, the trial court summarily denied Brown's K.S.A. 60-1507 motion, ruling that "[m]any of Defendant's claims in this 1507 motion either were raised or could have been raised in his direct appeal." Thus, the trial court ruled that it was precluded from considering the merits of Brown's arguments based on the doctrine of res judicata. As the trial court's decision related specifically to Brown's ineffective assistance of counsel claims against Clarke, the trial court ruled:

> "As to trial counsel Michael Clarke, Defendant already raised ineffective assistance of counsel in his motion to withdraw plea. After this court's denial of the motion, Defendant appealed this court's ruling, which was affirmed by the Kansas Court of Appeals. As our Supreme Court stated: 'a K.S.A. 60-1507 motion cannot serve as a vehicle to raise an issue that should have been raised on direct appeal, unless the movant demonstrates exceptional circumstances excusing earlier failure to bring the issue before the court.' *Rowland v. State*, 289 Kan. 1076, 1087, 219 [P.]3d 1212, 1220 (2009). And Defendant may not couch issues as ineffective assistance of counsel when the issues he raises are actually issues of trial errors. The issues that were raised in the direct appeal concerning Mr. Clarke's alleged ineffectiveness of counsel were resolved by the appellate court in the State's favor. Defendant cannot now attempt to re-litigate these same issues through this 1507 action. The matters are res judicata."

Before we address the parties' arguments relating to res judicata, we note that Brown's claim of ineffective assistance of counsel cannot stand on other grounds. As we noted previously, to prevail on a claim of ineffective assistance of counsel a criminal defendant must establish two things:  (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient

23

(96)

performance resulted in prejudice to the defendant. *Sola-Morales*, 300 Kan. at 882-83 (relying on *Strickland v. Washington*, 466 U.S. at 687).

Here, Brown cannot show that he was prejudiced by his trial counsel's performance. This is true because of our conclusion under Brown's first issue—that the trial court did not err in rejecting Brown's pleas under K.S.A. 22-3210(a)(4) because it lacked a sufficient factual basis. Brown's main argument in support of his ineffective assistance of counsel claim is that his trial counsel was not adequately prepared to proceed with his August 17, 2010, guilty pleas. But as we determined under Brown's first issue, the trial court was neither statutorily nor factually obligated to accept Brown's guilty pleas. Thus, despite Brown's contention that his trial counsel failed to present caselaw that would have supported his pleas, we have already shown that no such caselaw exists. And because no such caselaw exists, we can confidently say that Brown was not prejudiced by his trial counsel's performance.

Even so, Brown argues that his trial counsel "wholly failed to subject the [S]tate's case to a meaningful adversarial testing, under [*United States v.*] *Cronic*[, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)]." The *Cronic* exception makes it so that "a court may presume the defendant was prejudiced, *i.e.*, he or she is 'spared . . . the need of showing probable effect upon the outcome.' [Citations omitted.]" *Fuller v. State*, 303 Kan. 478, 487-88, 363 P.3d 373 (2015). The exception applies only "when a defendant is completely denied the assistance of counsel or denied counsel 'at a critical stage of a proceeding.' [Citations omitted.]" 303 Kan. at 487.

Based on *Cronic*, Brown would be expected to argue that he was "denied the assistance of counsel at a critical stage of a proceeding"—his arraignment. But other than acknowledging the *Cronic* exception's standards and making his statement that his trial counsel "wholly failed to subject the [S]tate's case to a meaningful adversarial testing," Brown fails to present such an argument. A point that is incidentally raised in a brief but

24

(97)

not sufficiently argued therein is deemed abandoned. *Sprague*, 303 Kan. at 425. And even if the issue had not been abandoned, a simple review of the record shows that Brown was not actually or constructively denied the assistance of counsel at his arraignment. As we discussed earlier, Brown's trial counsel went into arraignment with a clear goal of taking advantage of what he saw as mistakes in the State's charging document. When Brown attempted to plead guilty, the court asked for a more detailed factual basis to support the pleas. Brown's counsel told the trial court that he had looked at the plea statute and concluded that a statement of fact supporting the elements of the crime would be sufficient. The trial court disagreed with Brown's counsel, which we have determined was a proper action in this case. Thus, based on trial counsel's strategic decisions and interactions with the trial court, we cannot say that Brown was completely denied the assistance of counsel at a critical stage of a proceeding. Accordingly, the *Cronic* exception does not apply to Brown's appeal.

So, our conclusion from before does not change. Because Brown is unable to show that he was prejudiced by his trial counsel's performance, he is unable to succeed on his ineffective assistance of counsel claim. Thus, even if the trial court erred in refusing to consider the merits of his arguments based on the doctrine of res judicata, Brown has failed to show that he is entitled to relief. We now turn to whether the trial court properly concluded that Brown's ineffective assistance of counsel claim was barred by the doctrine of res judicata.

Whether the doctrine of res judicata applies is a question of law over which an appellate court exercises unlimited review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). "[R]es judicata consists of four elements: "'[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits'". . . . The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citation omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

25

(98)

The doctrine of res judicata applies in the context of K.S.A. 60-1507 motions. *Woods v. State*, 52 Kan. App. 2d 958, 964-65, 379 P.3d 1134 (2016). Similarly, Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"Exceptional circumstances" have been defined as including "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can also include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Here, the State argues that "Brown had the ability to raise all of the instant claims of ineffectiveness under the same standard in the motion to withdraw his pleas." Brown disagrees, arguing that the "evidentiary standard is much different" in a motion to withdraw plea based on ineffective assistance of counsel than in the current K.S.A. 60-1507 motion based on ineffective assistance of counsel. Brown further argues that his claim should not be barred by res judicata because "[i]n this case, the claims involved the overall performance of Mr. Clarke, not just the alleged ineffectiveness leading to the [January 7, 2011,] plea." He contends that the focus in his motion to withdraw plea "was solely on whether he would not have pled guilty after the information had been amended."

26

(99)

A postsentence motion to withdraw guilty plea may be granted "[t]o correct manifest injustice." K.S.A. 2016 Supp. 22-3210(d)(2). "When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional tests for ineffective assistance must be met to establish manifest injustice." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014) (citing *State v. Bricker*, 292 Kan. 239, Syl. ¶ 5, 252 P.3d 118 [2011]). Thus, when ineffective assistance of counsel is alleged to support the postsentence withdrawal of a guilty plea, the appellate court performs the *Strickland* analysis as detailed in *Sola-Morales*. *Kelly*, 298 Kan. at 969.

Here, Brown made a postsentence motion to withdraw his guilty plea. To succeed on that motion, Brown was required to make a showing of manifest injustice. And because his motion was based on ineffective assistance of counsel, in order to show manifest injustice Brown was required to show (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient performance resulted in prejudice to the defendant. Thus, the State is correct that the standards in a motion to withdraw plea based on ineffective assistance of counsel are the same as the standards in a K.S.A. 60-1507 motion based on ineffective assistance of counsel.

Despite Brown's argument that his motion to withdraw plea was confined to the issue of whether trial counsel was ineffective in the context of his January 7, 2011, guilty pleas, we do not agree that he could not have raised his current argument in his earlier motion. Brown essentially argues that it would not have made sense for him to raise the ineffective assistance of counsel claim he raises here in his motion to withdraw plea. But his ultimate goal of withdrawing his guilty pleas could have been supported by his present argument. It is well established that a criminal defendant is entitled to pursue inconsistent defenses. *State v. Williams*, 303 Kan. 585, 599, 363 P.3d 1101 (2016). Thus, in his motion to withdraw his guilty pleas, Brown could have hedged his original argument by presenting his current argument. Specifically, Brown could have argued that

27

(100)

**E – FILING  COVER SHEET**

FROM: BROWN II, DONALD L. #99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II VS ROGER WERHOLTZ

CASE  NUMBER:

DATE OF E-FILING MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE        TOTAL  151

PART SIX
OF
EIGHT
PG. 100 – 119

PG 100 OF 151

*(101)*

even if his trial counsel was not ineffective in relation to his January 7, 2011, guilty pleas, the trial court should still allow him to withdraw his guilty pleas because his trial counsel was ineffective for failing to support his initial guilty pleas—his current argument. As the trial court ruled, Brown's current ineffective assistance of counsel claim is barred by the doctrine of res judicata because he could have presented it in his earlier motion to withdraw his guilty pleas. But even if the trial court had reached the merits of Brown's ineffective assistance of counsel claim, the outcome of his case would not have changed.

In conclusion, Brown's ineffective assistance of counsel claim is not persuasive. Brown cannot show that he was prejudiced by his trial counsel's performance because the trial court was not obligated, either in law or fact, to accept his August 17, 2010, guilty pleas. Additionally, because Brown's claims were precluded by the doctrine of res judicata, he is not entitled to relief.

Affirmed.

(102)

**OTHERS**

Date: 2/15/2019        **Douglas County District Court** (103)      User: JMOORE
Time: 09:14 AM                ROA Report
Page 1 of 5        Case: 2010-CR-000938   Current Judge: Peggy C. Kittel, Division 6
Defendant: Brown, Donald L Jr

State of Kansas  vs.  Donald L Brown Jr

Felony

| Date | | Judge |
|---|---|---|
| 6/3/2010 | Information Filed | Peggy C. Kittel, Division 6 |
| | Police Affidavit | Peggy C. Kittel, Division 6 |
| | Document sealed | |
| | Hearing Scheduled  (First Appearance  06/03/2010 03:00 PM) | James T. George, Pro Tem Division |
| | Docket Sheet Printed | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Preliminary (No Go)  06/08/2010 09:30 AM) | Peggy C. Kittel, Division 6 |
| | Order Appointing Felony Counsel | Peggy C. Kittel, Division 6 |
| | Hearing result for First Appearance held on 06/03/2010 03:00 PM:   First Appearance Held, def n per pro se n cust. apt aty m. clarke. nogo PH div 6 6/8/10 9:30 a.m. bond $500,000c/s; no contact w/ victim/witness or co-defendant | James T. George, Pro Tem Division |
| | Order of commitment, bond & Hearing | Peggy C. Kittel, Division 6 |
| | Application for Appointed Defense Services | Peggy C. Kittel, Division 6 |
| 6/4/2010 | Motion for Discovery | Peggy C. Kittel, Division 6 |
| | Request for Jury Trial | Peggy C. Kittel, Division 6 |
| | Request for written PH Transcript | Peggy C. Kittel, Division 6 |
| 6/8/2010 | Hearing result for Preliminary (No Go) held on 06/08/2010 09:30 AM: Continued to 08/17/10 at 1:30pm for go prelim. | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Preliminary  08/17/2010 01:30 PM)  1:30-5:00PM | Peggy C. Kittel, Division 6 |
| 6/22/2010 | Subpoena: Subpoena Issued on 6/22/2010 on Witness: Verbanic, Andrea 8/17/10 | Peggy C. Kittel, Division 6 |
| | Subpoena: Subpoena Issued on 6/22/2010 on Officer: Brixius, Anthony James, LCPD. 8/17/10 | Peggy C. Kittel, Division 6 |
| | Subpoena: Subpoena Issued on 6/22/2010 on Officer: Lawson, Jamie Len, LCPD. 8/17/10 | Peggy C. Kittel, Division 6 |
| 6/28/2010 | Subpoena: Subpoena Served/Returned on 6/28/2010 on Officer: Brixius, Anthony James, LCPD. | Peggy C. Kittel, Division 6 |
| | Subpoena: Subpoena Served/Returned on 6/28/2010 on Officer: Lawson, Jamie Len, LCPD. | Peggy C. Kittel, Division 6 |
| 7/16/2010 | Subpoena: Subpoena Served/Returned on 7/16/2010 on Witness: Verbanic, Andrea PS | Peggy C. Kittel, Division 6 |
| 8/11/2010 | Def's Motion for Expert and Investigative Assistance | Peggy C. Kittel, Division 6 |
| 8/16/2010 | Order Authorizing investigative, Expert or Other Services--Christy Blanchard, PHD | Peggy C. Kittel, Division 6 |
| | Order Authorizing investigative, Expert or Other Services--Dick Investigations--Kathy Padia | Peggy C. Kittel, Division 6 |
| 8/18/2010 | Hearing result for Preliminary held on 08/17/2010 01:30 PM:   Preliminary Hearing Waived | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Arraignment  08/17/2010 01:30 PM) | Peggy C. Kittel, Division 6 |

Date: 2/15/2019                    **Douglas County District Court** *(104)*         User: JMOORE
Time: 09:14 AM                             ROA Report
Page 2 of 5                  Case: 2010-CR-000938  Current Judge: Peggy C. Kittel, Division 6
                                    Defendant: Brown, Donald L Jr

State of Kansas  vs.  Donald L Brown Jr

Felony

| Date | | Judge |
|------|--|-------|
| 8/18/2010 | Hearing result for Arraignment held on 08/17/2010 01:30 PM:  Plea Entered.  def arraigned & stands mute.  NG pleas are entered on all counts.  Def waives right to speedy trial.  jury trial 01/24/11 a t9am 5 days. status conf 01/07/11 at 9am | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Status Conference  01/07/2011 09:00 AM) | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Jury Trial  01/24/2011 09:00 AM)  5 days | Peggy C. Kittel, Division 6 |
| 10/6/2010 | Charge Amended to (21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Charge Amended to (21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Amended Information | Peggy C. Kittel, Division 6 |
| 1/7/2011 | Plea Entered (GT 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Plea Entered (GT 21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Case Status Change:  Disposed | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3502.a.2.1 Rape; offender 18 YOA or older, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3506.a.1.1 Aggravated criminal sodomy; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |
| | Guilty Plea (Guilty Plea 21.3504.a.3.1 Aggravated indecent liberties; offender 18 YOA, victim <14 YOA) | Peggy C. Kittel, Division 6 |

Date: 2/15/2019  
Time: 09:14 AM  
Page 3 of 5

**Douglas County District Court** *(105)*  
ROA Report  
Case: 2010-CR-000938  Current Judge: Peggy C. Kittel, Division 6  
Defendant: Brown, Donald L Jr

User: JMOORE

State of Kansas  vs.  Donald L Brown Jr

Felony

| Date | | Judge |
|------|---|-------|
| 1/11/2011 | Presentence Investigation Order | Peggy C. Kittel, Division 6 |
| | Hearing result for Status Conference held on 01/07/2011 09:00 AM:  Plea Entered.  Def plds G as charged to all 8 cts in amended info.  PSI ordered. Sentencing 03/04/11 at 1:30PM.  def to be held w/o bond. | Peggy C. Kittel, Division 6 |
| | Hearing result for Jury Trial held on 01/24/2011 09:00 AM:  Hearing canceled; documents filed  5 days | Peggy C. Kittel, Division 6 |
| | Hearing Scheduled  (Sentencing  03/04/2011 01:30 PM) | Peggy C. Kittel, Division 6 |
| | Plea Advisory | Peggy C. Kittel, Division 6 |
| 2/28/2011 | Presentence Investigation Report | Peggy C. Kittel, Division 6 |
| | Psychological Evaluation | Peggy C. Kittel, Division 6 |
| | Document sealed | |
| 3/7/2011 | Hearing result for Sentencing held on 03/04/2011 01:30 PM:  Sentencing Held. as each ct def receives life sentence w/mand 25 yrs be4 elig for parole.  post rel suprv parole for life w/ elect mon.  Ct 1,2,3,4&5 concurrent to ech oter cts 6,7 & 8 are concurrent to each other, but ordered consecutive to ct1-5, def givn cred for 276 days already srvd.  def not elig for any good time.  all costs waived | Peggy C. Kittel, Division 6 |
| 3/17/2011 | Motion for Finding Exceptional Case | Peggy C. Kittel, Division 6 |
| 4/1/2011 | Journal Entry of Judgment | Peggy C. Kittel, Division 6 |
| | Order finding Exceptional Case | Peggy C. Kittel, Division 6 |
| | Attorney Voucher sent to bids $3069 (Clarke) | Peggy C. Kittel, Division 6 |
| 4/4/2011 | Commitment Issued--Papers to sheriff | Peggy C. Kittel, Division 6 |
| 4/28/2011 | Expert  Service Claim Form to Blanchard Psychological Svs $3,750 sent to bids | Peggy C. Kittel, Division 6 |
| 6/23/2011 | Bids Paid $3069 to clarke | Peggy C. Kittel, Division 6 |
| 7/29/2011 | Expert Voucher sent to bids $180.50 (Dick Investigation) | Peggy C. Kittel, Division 6 |
| 9/19/2011 | Motion to Withdraw Plea Pursuant to: KSA 22-3210 (d)(2), KSA 22-3424 (e)(4), KSA 22-3422, the 6th & 14th Amendments of the US Constitution | Peggy C. Kittel, Division 6 |
| 10/13/2011 | Bids Paid $180.50 to padia | Peggy C. Kittel, Division 6 |
| 2/16/2012 | Bids Paid $2400 to Chrisy Blanchard | Peggy C. Kittel, Division 6 |
| 3/23/2012 | Order Appointing Felony Counsel | Peggy C. Kittel, Division 6 |
| 7/11/2012 | Hearing Scheduled  (Motion  10/30/2012 03:00 PM) | Peggy C. Kittel, Division 6 |
| 8/27/2012 | Motion to Transport | Peggy C. Kittel, Division 6 |
| 8/31/2012 | Warrant to Convey | Peggy C. Kittel, Division 6 |
| 10/26/2012 | Warrant to Convey - returned. | Peggy C. Kittel, Division 6 |
| 11/5/2012 | Hearing Scheduled  (Hearing  11/06/2012 11:30 AM)  ruling | Peggy C. Kittel, Division 6 |
| 11/8/2012 | Motion for Transcripts filed pro se - copy to Joyce | Peggy C. Kittel, Division 6 |
| | Motion to Arrest Judgment Pursuant to KSA 22-3503 - file pro se - copy to Div. 6 | Peggy C. Kittel, Division 6 |
| 11/9/2012 | Hearing result for Motion held on 10/30/2012 03:00 PM:  Other Hearing Held (not statistically reported)  3-5PM | Peggy C. Kittel, Division 6 |

Date: 2/15/2019        **Douglas County District Court** *(106)*      User: JMOORE
Time: 09:14 AM              ROA Report
Page 4 of 5        Case: 2010-CR-000938 Current Judge: Peggy C. Kittel, Division 6
Defendant: Brown, Donald L Jr

State of Kansas  vs.  Donald L Brown Jr

## Felony

| Date | | Judge |
|------|---|-------|
| 11/9/2012 | Hearing result for Hearing held on 11/06/2012 11:30 AM:   Motion Denied ruling | Peggy C. Kittel, Division 6 |
| | Journal Entry : RE--Def's motion to withdraw plea.  Denied | Peggy C. Kittel, Division 6 |
| 11/20/2012 | Notice of Appeal | Peggy C. Kittel, Division 6 |
| | Motion to appoint Appellate Defender's Office | Peggy C. Kittel, Division 6 |
| 11/30/2012 | Attorney Voucher sent to bids $620 (Jilka) | Peggy C. Kittel, Division 6 |
| 12/21/2012 | Order Appointing Appellate Defender | Peggy C. Kittel, Division 6 |
| 1/16/2013 | Bids Paid $620 to jilka | Peggy C. Kittel, Division 6 |
| 1/17/2013 | Correspondence from Appellate Defender office. Wanting Info.  Faxed 1-18-13 | Peggy C. Kittel, Division 6 |
| 2/27/2013 | Order for Transcript | Peggy C. Kittel, Division 6 |
| 3/5/2013 | Certificate of Completion of Transcript | Peggy C. Kittel, Division 6 |
| | Transcript Deposit (4) | Peggy C. Kittel, Division 6 |
| 3/7/2013 | Order for Transcript | Peggy C. Kittel, Division 6 |
| 3/8/2013 | Appellant's Request for Additions to the Appellate Record | Peggy C. Kittel, Division 6 |
| 3/11/2013 | Docketing Notice from Clerk of Appellate Courts filed 13-109417-A | Peggy C. Kittel, Division 6 |
| | Certificate  of Completion | Peggy C. Kittel, Division 6 |
| | Transcript Deposit (1) | Peggy C. Kittel, Division 6 |
| 3/13/2013 | Table of Contents vol 1-6 sent to parties | Peggy C. Kittel, Division 6 |
| 4/26/2013 | Motion for Appointment of Counsel - copy to Div. 6 | Peggy C. Kittel, Division 6 |
| 5/17/2013 | Certificate  of Completion of Transcript | Peggy C. Kittel, Division 6 |
| | Transcript Deposit (1) | Peggy C. Kittel, Division 6 |
| 5/20/2013 | Table of Contents vol 7 sent to parties | Peggy C. Kittel, Division 6 |
| 7/2/2013 | Appellant's Request for additions to the Appellate Record | Peggy C. Kittel, Division 6 |
| 7/3/2013 | Exhibit -- Def's 1 & 2 -- Added to Appeal file | Peggy C. Kittel, Division 6 |
| | Table of Contents vol 8 sent to parties | Peggy C. Kittel, Division 6 |
| 7/9/2013 | Appellant's Request for Additions to the Appellate Record | Peggy C. Kittel, Division 6 |
| | Table of Contents Vol 9 sent to parties | Peggy C. Kittel, Division 6 |
| 3/19/2015 | Mandate | Peggy C. Kittel, Division 6 |
| 5/26/2015 | Amended Motion to arrest judgment | Peggy C. Kittel, Division 6 |
| 6/29/2015 | Motion to expedite ruling | Peggy C. Kittel, Division 6 |
| 2/17/2016 | Memorandum  Decision Denying Def Motion To Arrest Jdgmnt For Trans to Appt Counse    ORD: Order Originated by Judge | Peggy C. Kittel, Division 6 |
| 2/29/2016 | Notice of Appeal | Peggy C. Kittel, Division 6 |
| | Motion to appoint counsel | Peggy C. Kittel, Division 6 |
| | Motion to stay and consolidate | Peggy C. Kittel, Division 6 |
| 8/30/2016 | Application for Appointed Defense Services | Peggy C. Kittel, Division 6 |
| | Motion to Inspect Physical Evidence Pursuant to KSA 21-2512 & KSA 22-3212.a | Peggy C. Kittel, Division 6 |
| | Motion for Discovery | Peggy C. Kittel, Division 6 |

Date:  2/15/2019
Time:  09:14 AM
Page 5 of 5

**Douglas County District Court**
ROA Report    *(107)*

User: JMOORE

Case: 2010-CR-000938  Current Judge: Peggy C. Kittel, Division 6
Defendant: Brown, Donald L Jr

State of Kansas  vs.  Donald L Brown Jr

Felony

| Date | | Judge |
|------|---|-------|
| 8/31/2016 | NOTE: sent Order Appointing Counsel with Application and Motions to Div 6 | Peggy C. Kittel, Division 6 |
| 1/26/2017 | Order Deny Pro Se Mot's Appt of Atty Inspection of Evidence and Discovery ORD: Order Originated by Judge | Peggy C. Kittel, Division 6 |
| 2/15/2017 | Motion to appoint counsel | Peggy C. Kittel, Division 6 |
| | Notice of Appeal | Peggy C. Kittel, Division 6 |
| 9/13/2018 | Motion for Appointment of Appellate Counsel | Peggy C. Kittel, Division 6 |
| 10/1/2018 | Motion to Correct Illegal Sentence | Peggy C. Kittel, Division 6 |
| 2/6/2019 | Letter of Additional Authority | Peggy C. Kittel, Division 6 |

(108)

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS FILED
DOUGLAS COUNTY
DISTRICT COURT

State of Kansas

Vs.                                    Case No.: 2015 MAY 26 P 1:54

Donald Brown          10 CR 938

                                       BY          B W

AMENDED MOTION TO ARREST JUDGEMENT PURSUANT TO K.S.A. 22-3503

     COMES NOW the defendant, Donald Brown, Pro Se, and moves this
court for dismissal with prejudice, of his case because he was
charged under a defective complaint pursuant to the Kansas
Supreme Court's recent decision in State Vs. Portillo, 274 P.3d
640, 2012 WL1453963(Apr.27,2012). The issue of subject matter
jurisdiction based on a defective complaint can be presented to
the District Court at anytime under K.S.A. 22-3503.

I. Statement of Facts

     On June 1,2010 Mr. Brown was charged by information, complaint
case# 10CR938 of 3counts of Rape in violation of K.S.A. 21-3502
(a2); 3counts of Aggravated Criminal Sodomy in violation of
K.S.A. 21-3506(a1) and 2counts of Aggravated Indecent Liberties
with a child in violation of K.S.A. 21-3504(a4A); the information
did not identify specific fact[s] and date[s]. Making the inform-
ation, complaint jurisdictionally and fatally defective. Mr.
Brown was convicted based upon a plea agreement of 3counts of
Rape, 3counts of Aggravated Criminal Sodomy and 2counts of Aggr-
avated Indecent Liberties with a child. The District Court
sentenced Mr. Brown to a sentence of 600 Months to Life under
K.S.A. 21-4643. Mr. Brown was not informed of his right under
the Constitution of the United States and of the State of Kansas
Bill of Rights that he has the right to appeal any conviction
and plea agreement based upon sentencing issues only in regarding
plea's.

II. Arguments and Authorities

1] The charging document in this case averts that the incident
for which the Defendant is to stand trial is said to have
occurred on June 1,2008 and on May 1,2010.

     In State Vs. Williams, 291 Kan. 554,244 P.3d 667 (2010)
     citing State Vs Vandervort, 276 Kan. 164,72 P.3d 925 (2003)
     " The Defendant argued that since it is unclear when the
     acts occurred giving rise to his convictions in this case,
     the Jury could have convicted him for acts that occurred
     at anytime during the period between Nov.1,1996 and Sept.17,
     2000, reflected in the charging document. 276 Kan. at 179,72
     P.3d 925".

2] On January 7,2011 plea hearing, as stated in the Transcript
of that hearing, the Prosecution states a correction to the
information, complaint," the word "And" is to be replaced with
"to the"." Making the information, complaint, defective because

(109)

information, complaint, must identify specific date[s], time[s]
and facts for each count of the alleged crimes. Date[s], facts
and time[s] are an essential elements that a crime has been
committed and are necessary for the defendant to prepare a defe-
nse. K.S.A. 22-3201b:"...The precise time of the commission of
an offense need not be stated in the indictment or information;
but it is sufficient if shown to have been within the statute of
limitations, except where the time is an indispensable ingredient
in the offense. ..." K.S.A. 22-3201c:" When relevant, the com-.
plaint, information or indictment shall also allege facts suffi-
cent to constitute a crime or specific crime subcategory in the
crime seriousness scale."

{3] There is no additional information; provided to narrow the
possible time frame from 730 days to a singular date or dates
for the commission of the alleged acts. K.S.A. 22-3218 (3)

|4] The Defendant is unable to prepare or present a defense,
because of the imprecision of the charging document.
K.S.A 22-3201f:"When a complaint, information or indictment
charges a crime but fails to specify the particulars of the
crime sufficiently to enable the defense to prepare a
defense...".
Being that the amendment was made at the plea hearing, this
gives rise to that the defendant would not have been aware that
the charging document is jurisdictionally defective, this is
why the court should have motioned for arrest of judgment pur-
suant to K.S.A. 22-3503.
   a) The defendant was employed in Shawnee County and on many
occasions was out of this jurisdiction at many times during
June 1,2008 to the May 1,2010 with proper notice he might be
able to present a complete defense of Alibi.
   b) The defendant's alleged victims were in shcool for much
of 2008-2010 with proper notice he could investigate the claim
and counter it with proof of the girls being present at school
or establish that the girl's behavior at/or near the time of
the alleged assault did not relect the girls having been sex-
aully victimized.

5) The lack of the sufficient notice of the facts, dates and time
of the alleged  crimes deprives the defendant of due process of
law as guaranteed by the 14th Amendment of the Constitution of
these United States and the constitution of the State of Kansas.

   6] Pursuant to the Kansas Supreme Court's recent decision in
State Vs Portillo, 274 P.3d 640 2012 WL1453963 (Kan.Apr.27,2012)
The issue of subject matter jurisdiction based on a defective
complaint can be presented to the District Court at anytime
under K.S.A 22-3503.
The Supreme Court in Portillo expressed that it was not asked
to revisit Hall and found that it was not necessary because
K.S.A. 22-3503. Does not have the same time constraints as when
the defendant files a motion to arrest judgment under K.S.A.
22-3502 Portillo, 274 P.3d at 649.

(110)

Hall; noted that it's requirment of K.S.A. 22-3502 motion
to arrest judgment "would allow the district court to pass on
the defendant's contentions in timely fashion and tocomply with
what we deem to be the procedure intended by the legislature
246 Kan. at760, 793 P.2d 737.
What Hall did not discuss is that K.S.A. 22-3503 allows the
trial court to arrest judgment without the time constraints of
K.S.A. 22-3502.  Specifically K.S.A. 22-3503 Provides: "Whenever
the court becomes aware of the existence of grounds which would
require that a motion for arrest of judgment be sustained, if
filed, the court may arrest the judgment without a motion."

As noted in Portillo subject matter jurisdiction may be raised at
anytime and a district court may arrest judgment when it be comes
aware of a defective complaint see K.S.A. 22-3503. Because Mr.
Brown's defective complaint is being presented to the district
court under K.S.A. 22-3503, there are no time constraints and
according to Portillo, the pre-Hall standards apply 274 P.3d at
649. Under the pre-Hall standard,"an information which omits one
or more of the essential elements of the crimes it attemps to
charge is jurisdictionally and fatally defective, and a conviction
based on such an information must be reversed" Reyna 290 Kan. at
677.
This court must arrest judgment and dismiss with prejudice the
complaint in Mr. Brown's case, because it does not charge specific
facts, date and time. which are essential elements of all crime ·&
are necessary  essential elements to prepare the most basic of
defenses.

## III. Plea Agreements

The analysis in Portillo should also be applied to plea agree-
ments and sentencing. The tial court was not instructed that they
needed to find specific facts, date and time of the alleged
offense. Consequently the defendant was deprived of the most basic
defense of Alibi. Which then allowed the States burden to be Lusses
lessened, because it did not need to prove all the essential ele-
ments of the facts,date and time specifics where not present on
the charge complaint and the State failed to present any evidence
of the facts, date[s] and time[s] correctness. This brings into
consideration multiplicity and possible duplicitious charges.
State Vs. Schoonover 281 Kan. 453 133 P.3d 48 (2006)
State Vs. Garcia 32 P.3d 188 (2001)

## IV. Conclusion

Mr. Brown was charged under a defective complaint, the district
court lacked jurisdiction to convict Mr. Brown of Rape x3 under
K.S.A. 21-3503a2, Aggravated Criminal Sodomy x3 under K.S.A.21-
3506a1 and Aggravated Indecent Liberties with a child x2 under
K.S.A. 21-3504a2A. Subject matter jurisdiction can be raised at
anytime and in accordance with K.S.A. 22-3503, this court can

(III)

and should arrest judgment without a motion to arrest judgment filed under K.S.A. 22-3503.

Wherefore, Mr. Brown prays that the court arrest judgment in his case. Reverse and dismiss with prejudice Mr. Brown's convictions under the defective complaint pursuant to K.S.A. 22-3503, or for the reasons contained herein and for such additional reasons as may become apparent at a hearing on this motion, Defendant requests this court to order an hearing and appoint the defendant counsel for said hearing.

                              Respectfully Submitted,
                              Donald L. Brown II pro se



NOTARY PUBLIC - State of Kansas
CANDITA MCNEAL
My Appt Expires 8-15-17

                              Ellsworth Correctional Facility
                              PO Box 107
                              Ellsworth KS 67439-0107


### Certificate of Service

   I, Donald L. Brown II, hereby certify that a true and correct copy of this document was served to all parties listed below by the United States Postal Service, Postage paid on this 22 day of MAY ,2015.

          Clerk of the District Court
          Douglas County Courthouse
          111 East 11th Street
          Lawrence Kansas 66044

       *  District Attorney
          Douglas County Courthouse
          111 East 11th Street
          Lawrence Kansas 66044

                         Signed Donald L. Brown II
                                Donald L. Brown II

(112)

## In Forma Pauperis Affidavit

I,Donald Brown, being first duly sworn dispose and say that
Iam presently an Inmate at the Ellsworth Correctional Facility
*and am employed for only nominal consideration, less than $1.05*
Per day. That Iam financilly unable to pay any cost applied to
the filing or maintaining of the proceeding of this motion.

Respectfully submitted

Donald L. Brown II
99897

Mail To:
Donald L. Brown II  99897
Ellsworth Correctional Facility
P.o. Box 107
Ellsworth Ks 67439-0107

(113)

In The District Court Of Douglas County, Kansas

Donald L. Brown II
          Petitioner
Vs                                            Case No.2015cv340

State of Kansas
          Respondent                          Div. 6


ThePetitioner's responce To State's Opposition to Motion
of Judgment on the Pleadings


Petitioner, Donald L. Brown II, Pro se, in responce to the
State's opposition, states the following:

1) Uncontroverted
2) Controverted

The Petitioner would direct the court and State to question 13a,c
of the petitioner's K.S.A. 60-1507, 60-208 d&e and 60-209h which
grants jurisdiction to this court to address the motion for
arrest of judgment Pursuant to K.S.A. 22-3503 Filed Nov.8,2012
and this motion for judgment onthe pleadings concerning the
Amended Motion for arrest of Judgment K.S.A. 22-3503 filed on
May 26,2015. Exibits A,B&D
The Petitoner shows prior to filing of this motion in civil case
#2015cv340, the petitioner filed 1.Amended motion for arrest of
judgment when the district court regainned jurisdiction from
the Appeallate court 2.a Pro se Motion to expedite a ruling on
June 29,2015. Which should be liberally construed under Kelly,
291 Kan. at 565 "Pro se pleadings are liberally construed where
effect is given to the pleadings content rather than labels and
form to articulate the defendants arguments, failure to cite the
correct statutory grounds is immaterial.". To request the court
reexamine it's ruling in 10cr938 inlight of the evidence present-
ed in these motioms. Exibit C&D
The Petitioner would state that he has no control over the courts
timely hearing and ruling on motions filed. The Petitioner is
citing Judical misconduct by Judge Kittel for failure to uphold
K.S.A.60-261"that Judges have an independant duty to protect the
fundimental rights of the Petitioner to a fair trial."; K.S.C.R.
166a"A Judge of the district court must issue a ruling on a civil
motion not later than 30days after the motions final submission
except for a ruling on a motion for summary judgment which must
be issued not later than 60days after final submission." and
K.S.A. 22-3503"Whenever the court becomes aware of the existence
of grounds which would require that a motion for arrest of judg-
ment be sustained, if filed, the court may arrest the judgment
without a motion." For allowing a faulty information to go
unchecked when the court can arrest judgment to maintain the
rights of the Defendant to present a defense at a fair tial.°The
trial court lacked jurisdiction,do to lack of subject matter in
the information, of facts,dates and times which without the
defendant could not prepare a defense.
The Petitionersshows the trial court lacked jurisdiction; See

(114)

Amended motion for arrest of judgment K.S.A.22-3503 Exibit D and
State V Elliott 281 Kan. 583 133 P.3d 1253 (2014) syl.Pg.1:3-5
       "3) A convition in a court that lacked jurisdiction is void;
       4) A judgment void for want of jurisdiction may be attacked
at any time and may be vacated because it is nullity.;
       5) Subject matter jurisdiction can not be waived or convey-
ed on a court by failure to object."
The Petitioner's limited knowledge of the law. He understands
there are time limits for Federal 2254 filings and he must stop
the tollable time for that motion. So that this court can sort
out the lack of jurisdiction based on the lack of subject matter
in the information charge complaint K.C.L.H.9.3(Kansas Criminal
Law Handbook 9.3) in part
       " A charge that fails to allege facts constituting a
       crime is fatally defective and any conviction based
       there on is void for lack of subject matter jursdiction,
       and failure to file the required motion to dismiss
       or failure to raise it during the  trial is not a
       waiver. State V. Shofler, 9 Kan. App.2d 696,698,687 P.2d29
       (1984 )."
K.C.L.H. 8.7 in part:
       " In most cases,the standard and proper time to raise the
       issue will be by arrest of judgment in which case the court
       will utilize a defendant-friendly"technical compliance"
       standard. State v. Shirley,277 Kan. 662, 89 P.3d 649(2004).
   →Such a challenge to the complaint or information as
       defective will prevail, however, if the alleged defect has:
       (1) Prejudiced the defendant in the preparation of his or
       her defense;

       (2) Impaired in any way the defendant's ability to plead
       the conviction in any subsequent prosecution (alleging
       double jeopardy for example); or

       (3) Limited in any way the defendant's substantial rights
       to a fair trial under the guarantees of the Six Amend-
       ment to the U.S. Constitution( which requires an accused
       to be informed of the nature and cause of an accusation)
       or the Kansas Constitution Bill of Rights Section 10(
       which allows an accused to demand the nature and cause of
       an allegation). State v Beeney,34 Kan.App.2d77,114 P.3d
       998 (2005)."
Which has violated the Petitioner's Civil and Constitutional
Rights.

  3) Controverted

The Petitioner accepts the States conseading that trial counsel
Attorney Clarke of more than 20years of experence failed to
challenge the evidense by any and all means limited only to the
filing of certen motions, which is addressed in the K.S.A.60-1507

*(115)*

4) Controverted

The Petitioner following how he understands the procedure to be
filed the arrest of judgment within 14days of the final order of
judgment by the Distict Court in case 10CR938. Which was the
denial of his guilty plea withdrawal K.S.A.22-3210d. The Peti-
tioner also following the procedure as in the case of Martin v
Martin,5 Kan.App.2d 670;623 P.2d 527;1981 Kan.App.Lexis216 the
court said," First, Wichita City Teachers Credit Union v. Rider,
203 Kan.552, 556,456 P.2d 42(1969) instructs that a trial court
may reexamine it's ruling within the time period allotted by
K.S.A.60-260, Provided it does so prior to the time the appeal is
docketed at the Appeallate Level." The Petitioner cites that the
timeperiod for this statute was meet. K.S.A.60-260c states that,
" A motion undersubsection (b) must be made within a reasonable
time,and for reasons under paragraphs B1,2,3 no more than one
year after the entry of judgment or_order,or the date of the pro-
ceedings."
The Petitioner further contends that trial counsel Clarke failed
to inform the Petitioner of filing deadlines for both the motion
for direct appeal and any motion for arrest of judgment pursaunt
to K.S.A.22-3503. InK.R.P.C.(Kansas Rules Professional Conduct)
1.4a Comment 4 in part " A lawyer may not with hold information
to serve the lawyers own intrust or convience."
The Petitioner states that it was due to Attorney Clarke's own
intrust and convience that he with hold informing the Petitioner
of the filing deadlines, in Rejohanning, 279 Kan. 950;111 P.3d
1061 2005 Kan. Lexis346, the court stated " Attorneys must act
with reasonable diligence and promptness in representing thier
clients." An Attorney violates K.R.P.C. 3.2 " if he or she fails
to make reasonable efforts to edpidite litigation consistant with
the  intrest of his or her client."
The Petitioner contends his trial counsels failure to notify him
of the courts filing deadlines has hindered the petitioners
chances at ajust and fair trial. The Petitioner asks this court
to not bar nor deny the motions for arrest of judgmentK.S.A.22-35
03. Based upon Attorney Clarke's knowingly violating his duty to
be an effective attorney as provided by the Kansas Rules Pro-
fessional conduct and the  6 th and 14th Amendments of the U.S.
Constitution.

5) Controverted
The Petitioner cites K.S.A. 22-4505 (2015) In part "...and
to direct that the defendant be supplied with a transcript of
the trial record." & K.S.A. 22-4505b (2015) In part " If the
Defendant files a verified Motion for Transcript stating that a
transcript of the trial record is necessary to enable the def-
endant to prosecute the appeal and that the defendant is not
financially able to pay the cost of procuring such transcript,
and if the court finds that the statements contained therein
are true, the court shall order that such transcripts be supplied
to the defendant as provided in K.S.A22-4509 and amendments there
to,and paid for by the stat board of Indigents' defense services
pursuant to the claims submitted therefor." *Exhibit E*

(116)

WHEREFORE, for the foregoing reasons, the Petitioner, Donald L. Brown II, Pro se, respectfully requests that this Court grant the Petitioner's Motion for Judgment on the Pleadings.

Respectfully submitted,

_____
Donald L. BrownII
Petitioner, Pro se

CERTIFICATE OF SERVICE

I, the undersigned, here by certify that I caused a true and correct copy of the above and foregoing Petitioner's response to the State's Opposition to Petitioner's Motion for Judgment On The PLeadings to be mailed  by prepaid postage to the Clerk of the Court and District Attorney at 111 east 11TH street,Lawrence KS 66044 on this _____day of December, 2015.

_____
Donald L. Brown II, Pro se.

(117)

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSA

STATE OF KANSAS,

VS

DONALD L. BROWN II.

CASE NO. 2010 CR 938

DIVISION 6

FILED

FEB 29 2016

ns

Clerk of the District C

## NOTICE OF APPEAL

COMES NOW, DEFENDANT AND HEREBY APPEALS THE DENIAL OF HIS MOTION TO ARREST JUDGEMENT, MOTIC FOR TRANSCRIPTS AND MOTION TO APPOINT COUNSEL,



NOTARY PUBLIC - State of Kansas
CANDITA MCNEAL
My Appt Expires  8-15-17

NOTARY PUBLIC
2-23-16
DATE

DONALD L. BROWN II, PR

Donald S Brown II

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THE 23 DAY OF FEBRUA 2016, I MAIL IN THE US. POSTAUL SERVICE A TRUE AND CORREC COPY OF THE ABOVE NOTICE OF APPEAL TO:

OFFICE OF THE DISTRICT ATTORNEY
111 EAST 11TH STREET
LAWRENCE, KS  66044

Donald S Brown II
DONALD L. BROWN II
99897 ELLSWORTH CORE
PO BOX 107
ELLSWORTH KS 6743

(118)

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

STATE OF KANSAS

FILED

FEB 29 2016

Clerk of the District Court

VS.                                    CASE NO. 2010 CR 938

DONALD L. BROWN II.                    DIVISION 6

## MOTION TO APPOINT APPELLATE COUNSEL

COMES NOW, DEFENDANT AND HEREBY MOVES THE COURT TO APPOINT APPELLATE COUNSEL TO PROSECUTE HIS APPEAL FROM THE COURTS DENIAL OF HIS MOTION TO ARRES JUDGEMENT, MOTION FOR TRANSCRIPTS AND MOTION TO APPOIN COUNSEL.

NOTARY PUBLIC - State of Kansas
CANDITA MCNEAL
My Appt Expires  8·15·17

DONALD L. BROWN II, PR

Donald S Brown II

NOTARY PUBLIC   DATE: 2·23·16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THE 23 DAY OF FEBRUARY 2016, I MAIL IN THE U.S. POSTAUL SERVICE A TRUE AND CORRECT COPY OF THE ABOVE MOTION TO APPOINT APPELLATE COUNSEL.

OFFICE OF THE DISTRICT ATTORNEY
111 EAST 11TH STREET
LAWRENCE  KS 66044

Donald S Brown II
DONALD L. BROWN II
99897 ELLSWORTH CORR. FA
PO BOX 107
ELLSWORTH KS 67439

(119)

**IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS**

FILED
DOUGLAS COUNTY
DISTRICT COURT

**CRIMINAL DEPARTMENT**   2016 AUG 30  P 1:30

**DONALD L.BROWN**

BY_____

**DEFENDANT**

**CASE NO:2010CR938**

**VS.**

**STATE OF KANSAS**

**PLAINTIFF**

**MOTION TO INSPECT PHYSICAL EVIDENCE**

**PURSUANT TO K.S.A.21-2512,and K.S.A.22-3212(a).**

**COMES NOW**,the Accused,Donald L. Brown II,by and through pro se,Moves this Court for an order to enter order requiring the preservation of,and Granting inspection of physical evidence,and to disclose the same to counsel for the Accused,Donald L.Brown II.The Accused further prays the Court for an immediate hearing on this Motion.

IN SUPPORT OF THIS MOTION,THE ACCUSED STATES THE FOLLOWING:

The first point that must be noticed about this provision of the statute is that unlike the mandatory hearing required upon favorable results,the District Court is granted discretion in ordering a hearing when the(DNA),results are inconclusive.If the Court orders a hearing,it purpose is for the Court to determine whether there is a substantial question of innocence.

In such a hearing,the defendant has the burden to prove by a preponderance of the evidence"that there is a substantial questio of Innocence".See,K.S.A.201421-2512(f)(3).

"Enter any order that serves the Interest of Justice,including but not limited to,an order".

(1).Vacating and setting aside the judgment;

(2).Discharging the petitioner if the petitioner is in Custody;

(3).Resentencing the petitioner;or

(4).Granting a New Trial.

---

1

(120)

## E – FILING  COVER SHEET

FROM: BROWN II, DONALD L. #99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II VS ROGER WERHOLTZ

CASE NUMBER:

DATE OF E-FILING MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE

PART SEVEN
OF
EIGHT
P.G. 120 - 139

PG 120 OF ~~148~~ 151

(121)

(1).The Accused's right to inspect physical evidence is guaranted by K.S.A.22-3212(a)

(2).The physical evidence items in the possession of the prosecution or its agent's are material to the case and the requested inspection will not unduly burden the State.

(3).With this motion,the Accused hereby notifies the prosecution that it requests preservation of physical evidence.

(4).In the event that the prosecution spoliate the physical evidence in order to obtain allegedly incriminating result's or report's of scientific tests or experiment's,the Accused will lack the ability to obtain comparable exculpatory evidence therough other reasonably available mean's.

(5).Notice must be provided to the Accused prior to any alteration,destruction,or consumption of physical evidence so that the Accused may exercise his rights to obtain exculpatory evidence through independant retesting.

(6).Merely recording the appearance of physical evidence by photography,videotaping,or other mean's is inadequate to allow the defense to challenge the prosecution's test result's or conclusion's or to preserve the exculpatory value of any physical evidence.

(7).Failure to allow the defense to inspect and independantly analyze the physical evidence would deny the Accused right to effective assistance of counsel,to confrontation,to compulsory process and to Due Process of Law,as guaranteed by the Sixth and Fourteenth Amendment's to the United States Constitution and 10 and 18th of the Kansas Bill of Right's.

Failure to allow,the defense to inspect the physical evidence prior to it's alteration and to independantly analyze it before it's consumption would violate the heightened reliability required in prosecution under the Cruel and Unusual Punishment provision's of the Eighth Amendment to the United States Constitution and 9th of the Kansas Bill of Right's.See.,Beck v.Alabama,442 U.S.625,638 100 S.Ct.2382,65 L.Ed.2d 392(1980).(noting that Eighth Amendment invalidates procedural rules that diminish the reliability of the guilt determination).(This Court has demaned that fact-finding procedures aspire to a heightened standard of reliability).

## MEMORANDUM OF LAW

The,Accused has a Constitutional and Statutory right of access, to physical evidence held by the prosecution.The,Accused must have access to the physical evidence,before it is spoliated,in order to challenge critical prosecution,Forensic evidence.The Accused's right to challenge allegedly inculpatory Forensic evidence is clearly established:

If the defendant,wishes to examine the qualifications of the Forensic examiner,the procedure followed in testing the substance or the results of the test,he may do so by subpoena,bringing the Forensic examiner into Court pursuant to K.S.A.22-3214.A,defendant may request discovery pursuant to K.S.A.22-3212,and K.S.A.22-3213.Defendant's also have the right to have similar or

2

(122)

other tests performed by their own expert's.Deoxyribonucleic Acid(DNA)testing would produce noncumulative,exculpatory evidence.The statute merely requires the prisoner to allege that the evidence is related to the investigation or prosecution of his conviction,that the State has possession or constructive possession of the evidence,and that the evidene was not previously subjected to(DNA)testing or that it could be tested using New(DNA)testing techniques.K.S.A.21-2512(a).

State v. Sherry,233 Kan.920,929,667 P.2d 367(1983);State v.Zimmer,198 Kan.479,426 P.2d 267 (1967)(no error found where defense counsel was aware that he could have contraband tested,and where State did not deny access to or custody of the pills so that independant testing could occur),see also.,United States v.Gaultney,606 F.2d 540.545(5th Cir.1979).rev'd on other grounds,subnom.Steagald vs.United States,451 U.S.204,101 S.Ct.1642,68 L.Ed.2d(1981).

(A concomitant part of the examination or inspection of a controled substance is the right of the Accused to have an independant chemical analysis performed on the seized substance).Committee on(DNA)Forensic Science;an update,National Research Council.The Evaluation of Forensic(DNA)evidence 88(1996).The best protection that an innocent suspect has against an error that could lead to a false conviction is the opportunity for an independant retest.

The Accused seeks to insure,before testing,that crucial exculpatory evidence will not be destroyed.While the Supreme Court has not directly addressed the spoliation of evidence by the prosecution after the defense has equested preservation,Federal and State,Courts have.In United States vs.Bohl,25 F.3d 904(10th Cir.1994).The Tenth Circuit addressed the States destruction of crucial evidence relied upon by the prosecution.The defendant was convicted of fraudulently submitting false claims for payments based on construction of nonconforming towers under a States contract.The defense requested that the State preserve the allegedly nonconforming steel tower legs,but the State,after testing them,destroyed them.The defense noted that they were prevented from performing their own tests on the materials,to which government responded the defendants,had access to comparable evidence in that the State provided them with photographs of the towers,small samples,and the States's test results,Bohl.25 F.3d at 980.

The Tenth Circuit held that the destroyed evidence constituted"potentially useful evidence",within the meaning of Arizona vs.Youngblood,488 U.S.51,109 S.Ct.333,102,281 (1988),and the destruction of the evidence after the defense notified the State that the evidence was potentially exculpatory constituted"bad faith",under Youngboold.Bohl.at 911-12.The Court also noted that the evidence was crucial to the case,and that the State was unable to put forward any innocent explanation for the destruction,such as accident or standard procedure at 912-13.

The Tenth Circuit found that due to the prejudice to the defense case, the proper remedy was

3

(123)

dismissal of the indictment at 914.Courts in many jurisdictions have upheld sanctions such as exclusion of evidence or even dismissal in response to prosecution destruction of critical evidence.see;United States vs.Cooper,983 F.2d 928(9th Cir.1993),upholding dismissal of indictment where prosecution,despite defense request for preservation,destroyed Laboratory equipment allegedly used in methamphetamine manufacture.Gurley vs. State,639 So.2d 557,567-68(Ala Cir.App.1993)in prosecution,destruction of evidence claim evaluated under three-part analysis weighing the culpability of the State for the loss of the evidence,the materiality of the lost evidence and the prejudice to the Accused;People vs.Koutsakis 255 ILL.App.3d 306,627 N.E.2d 388(ILL.App.3 Dist.1993)(Destruction of tape recording of police radio transmission after discovery request for same required preclusion of officer's testimony regarding matters which may have been recorded);People vs.New Berry ,166ILL.2d 310,652 N.E.2d 288(1995),Dismissal of charges is appropriate sanction for prosecution destruction of controlled substance after defense filed discovery request.Common Wealth vs.Gliniewicz,398 Mass.744 500 N.E.2d 1324(Mass.1986)(Where items subject to discovery order destroyed by prosecution testing,failure to exclude results is reversible error),and State vs.Havas,601 P.2d 1197(Nev.1979),Dismissal of forcible rape charge required due to prosecution failure to produce requested evidence.

The duty to preserve evidence is recognized in the rules of ethics.see...MRPC 34"a lawyer shall not,(a)unlawfully obstruct another party's access to evidence or unlawfully alter(or),Destroy material having potential evidentiary value".The ABA standards provide that the party intending to conduct testing which could alter or consume evidence should provide adeqate notice to opposing parties sufficiently in advance to afford that party an opportunity to object or take other appropriate action,ABA standards for Criminal Justice.Discovery and Trial by Jury,standard 11-3.2(A)(3DED.1996).The standards also acknowledge the rights of opposing parties to independantly retest evidenc at subsection(b).

By,this motion,the Accused merely requests that he be Granted his constitutionalright to access of exculpatory evidence in the possession of the State,and that his constitutional and statutory right to inspect the evidence be Granted while the right is still meaningful.Other jurisdictions recognize the right of a defendant to have an expert present when the State conducts scientific testing that will destroy evidence,See;People vs.Gomez,596 P.2d 1192(Colo.enbance 1979) (Where prosecution destroyed allegedly controlled substance samples without taking any steps to preserve the evidence or offering Accused the opportunity to have an expert present during testing,exclusion of the evidence was appropriate).People vs.Garries,645 P.2d 1306(Colo.1982) (Gomez applied in upholding the exclusion of evidence of chemical blood tests where State engaged in destructive testing without notice to defense counsel to allow for presence of defense expert)Gliniewicz,supra 500 N.E.2d(Mass 1986)(Exclusion of evidence of chemical testing conducted on boots allegedly stained with blood for failure to provide notice to defense prior to destructive testing).United States vs Gaultney,606 F.2d 540,545(5th Cir.1979) (Fundamental fairness is violated when a criminal Accused on Trial for his liberty is denied the

4

(124)

opportunity to have an expert of his choosing,Bound by appropriate safe guards imposed by the court,examine a piece of critical evidence whose nature is subject to varying expert opinion).

This motion merely requests that this Court order that defense counsel and defense expert(s) be Granted access to the evidence before destructive State testing,and that ample notice be provided before destruction or alteration of evidence.

**(1).**State v.Hernandez,2005 Kan.App.Unpub.Lexis 15(Kan.Ct.App.Jan.14,2005)

**(2).**Report at:

    State v.Hernandez,103 P.3d 993,2005 Kan.App.Lexis 37(Kan.Ct.App.2005)

**(3).**Review denied by:

    State v.Hernandez,279 Kan.1008,2005 Kan.Lexis 276(2005)

**(4).** Habeas corpus proceeding at:

    Hernanddez v.Cline,2011 U.S.Dist.Lexis 62929(D.Kan.June 14,2011)

**(5).**Writ of Habeas corpus dismissed:

    Hernandez v.Cline,2011 U.S.Dist.Lexis 83214(D.Kan.July 29,2011

**(6).**Post-conviction proceeding at:

    Hernandez v.State,209 P.3d 764,2009 Kan.App.Unpub.Lexis 459(Kan.Ct.App.2009)

**(7).**Review denied by:

    Hernandez v.State,290 Kan.1093,2010 Kan.Lexis 382(2010)

**(8).**Post-conviction relief denied at,Request denied by:

    Hernandez v.State,312 P.3d 398,2013 Kan.App.Unpub.Lexis 1034(Kan.Ct.App.2013)

**(9).**Review or rehearing granted by:

    State v.Hernandez,2015 Kan.Lexis 64 (Kan.Jan.15,2015)

    Reversed by,Remanded by(*Citation You Entered*):

    State v.Hernandez,303 Kan.609,366 P.3d 200,2016 Kan.Lexis 4(2016)

**WHEREFORE,**the Accused Respectfully moves this Court to enter and order

(125)

requiring the preservation of,and Granting inspection of,physical evidence.


Respectfully Submitted

**DONALD L.BROWNII**

(126)

## IN THE DISTRICT COURT OF DOUGLAS COUNTY,KANSAS

## STATE OF KANSAS

**DONALD L.BROWN**

MOVANT/PETITIONER

vs.                                                    **Case No 2010 CR 938**

**STATE OF KANSAS**

Respondent

_____

## MEMORANDUM of LAW in SUPPORT of MOVANT'S

## MOTION for RELIEF PURSUANT to

## K.S.A.21-2512(a)

COMES NOW,Movant,**Donlad L.Brown** and in support of his Motion for relief pursuant to K.S.A.21-2512 (a),offers the following memorandum:

### SUMMARY OF ARGUMENT

The question presented by the petition is whether a state forensic analyst's laboratory report,prepared for use in a criminal prosecution,is a"testimonial",statement within the meaning of,Crawford v.Washington,541 U.S.36(2004).The Appeals Court of Massachusetts,following binding precedent of the state's Supreme Court,Commonwealth v.Verde,827 N.E.2d 701(Mass.2005),effectively answered in the negative,The petitioner ,believes that such reports are clearly testimonial.

The refusal of many courts to recognize the testimonial character of laboratory reports like the one involved here reflects a tendency that predates,Crawford,to treat the Confrontation Clause as little more than an obstacle to efficient truth-determination.Laboratory reports prepared by State agents for the purpose of assisting prosecution can be deemed to be non-testimonial only by discarding the fundamental framework that Crawford established and returning in effect to the regime of Ohio v.Roberts,448 U.S.56(1980).

Forensic reports of the type involved here should be deemed testimonial because they are clearly prepared in contemplation of use in prosecution.Such reports are highly formal,but any statement made in anticipation of prosecutorial use should satisfy any applicable

1

*(127)*

of providing confrontation are legally immaterial and factually inaccurate.

The,Accused,**Donald L.Brown II**,that the arguments presented above demonstrate clearly in principle that the certificates are testimonial.Ultimately,the State of Kansas argument comes down to one of practicality,based on three assertions:

**[a]**.that the (DNA)certificates are highly reliable,("the analysts were State officials simply recording the results of a well recognized scientic (DNA)test,"

**[b]**.that confrontation of the analysts is of little value,("had the analysts been called to testify,they would merely have authenticated the document,and likely would have been unable to recall from actual memory information related to[the DNA evidence]specific contents,quoting in part,State v.O'Maley,932 A.2d 1,13(N.H.),petition for cert.filed,No.07-7577(Nov.7,2007).

**[c]**.that providing for confrontation would be unduly expensive.(bright-line rule characterizing (DNA)forensic lab reports as testimonial,and therefore imposing"burden of having the laboratory personnel called as witnesses in every criminal case where (DNA) forensic evidence is at issue","threatens the efficient administration of justice").

All three of these propositions are legally immaterial and factually incorrect.

**[1]**.Tha characterizing a statement as reliable does not relieve it from the requirements of the Confrontation Clause is the central holding of Crawford,541 U.S.at 61("Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontatiob".).And the vulnerabilities of lab reports are well established,Cheating the Constitution,59 Vand.L.REV.475,491-500(2006)such reports are far less reliable than has often been supposed.

**[2]**.The Constitution does not make the Accused's right to be confronted with a prosecution witness dependent on a judicial assessment of the likely value of the confrontation.Crawford,541 U.S.at 67("The Constitution prescribes a procedure for determining the reliability of testimony in criminal trials,and we lack authority to replace it with one of our own devising".).

Moreover,confrontation of the analysts does in fact have great potential value,even assuming the (DNA)analyst does not remember the particular test at issue.At the very least,it allows the accused to cross-examine the analyst about the laboratory's general procedure.Doing so could well reveal significant,and pervasive problems.And the prospect of facing searching cross-examination tends to make (DNA)forensic laboratories careful adhere to proper procedures,put another way,removing that prospect will almost certainly tend to make laboratories laxer in implementing sound standards and

2

(128)

formality requirement.Similarly,though State officials were involved in the creation of these reports,and indeed were the authors of them that should not be deemed essential for them to be deemed testimonial.

Characterizing a forensic report as a business or official record,or as non-discretionary,non-adversarial,or non-accusatory,does not negate its testimonial character.Nor does the fact that the reports purported to relate the current condition of the substances being tested.

Ultimately the State's argument is that providing confrontation of the author of forensic laboratory reports is impractical.This contention is legally immaterial and factually inaccurate.Because laboratory evidence is an important,and growing,part of prosecution evidence,cases holding that laboratory reports prepared for use in prosecution are not testimonial signal more than a theoretical misunderstanding of Crawford.They also threaten a wholesale change in our system of criminal justice,to one in which the key witness against the Accused testifies out of court,in writing,not necessarily under oath,and not in the presence of the Accused or subject to examination by him.

## ARGUMENT

Crawford v.Washington,541 U.S.36(2004),transformed the doctrine governing whether introduction of an out-of-court statement against an Accused violates the Confrontation Clause.Under Crawford,the central question in making that determination is whether the statement is testimonial in nature.If it is,then for purpose of the Clause the declarant was acting as a witness in making the statement;if not,as the Court has subsequently made clear,the declarant is deemed not to have been acting as a witness,and the Clause does not apply to the statement.Davis v.Washington,547 U.S.813,823-26(2006);Whorton v.Bockting,127 S.Ct.1173,1183(2007).

Crawford listed a few categories of statements that lay at the core of the category of testimonial statements.541 U.S.at 52,68.It also recited three definitions of "testimonial"that had been proposed,id.at 51-52.But,because the statement involved in the case would"qualify under any definition",id.at 52,the Court declined to adopt one.Quite the contrary,it said explicitly,"We leave for another day any effort to spell out a comprehensive definition of testimonial".541 U.S.at 68.

Two years later,in Davis,the Court returned to the field.The Davis decision resolved a pair of cases involving fresh accusations of domestic violence made in response to interrogations by police agents.Once again,the Court made its decision"[w]ithout attempting to produce an exhaustive classification of all conceivable conceivable statements in response to police interrogation".

3

(129)

testimonial".541 U.S.at 55.Records fitting within the limited,"shop book",rule extant as of 1791,see 5 John Henry Wigmore,Evidence in Trial at Common Law,at 429-30,were by their nature,not testimonal because they were not prepared with litigation in mind.Neither this rule nor Crawford's reference to it can justify evading the Confrontation Clause by admitting classes of statements that are prepared for litigation.

The same is true of what is now sometimes referred to as the hearsay exception for official documents.The,State of Kansas contends that there is an"ancient principle,recognized at the time of the adoption of the Constitution",that admits records made by a public officer in performing his duty.The opinion cites numerous cases that admit official records such as"weather records kept by officers under the law,the records of a postmaster,town and city records of enlistments in military service,certificate of discharge from military service on surgeon's certificate of disability,return of enumeration of proprietors by overseers,[and] records of certificate of marriage as showing residence of the husband",140 N.E.at 468.And the opinion also nots numerous categories of official records and reports that were not admissible,including"the report of an autopsy of a medical examiner giving his opinion as to the cause of death,the report of an investigation by state fire marshal as to the cause of a fire,[and] report of an inquest as to the cause of death".

Routine official statements not made in contemplation of litigation were readily admitted,statements made in anticipation of use in litigation almost never were.The extent to which,and the time at which,some such litigation oriented statements were admitted is not important to resolve for present purposes.Before,during,and long after the Framing era,a prosecutor was not allowed to introduce a report that was made by a State agent with the anticipation that it would be used in prosecution of a crime.The,Accused,**Donald L.Brown II**,knows of no case in the Framing era,or for many years afterwards,in which a prosecutor was allowed to introduce such a report.Even though such reports were allowed by some cases in more modern times,before Roberts signals greater leniency,a rule to that effect has never been well established.See,Fed.R.Evid.803(8),subsecs.B(excluding"in criminal cases matters observed by police officers,and other personnel"),(not applicable to evidence offered by the State's in criminal cases).

A State,may expand its hearsay exceptions for business and official records as far as it likes,but that will not alter the Constitutional status of such records.If a Document is prepared for litigation,it is testimonial in nature whether or not the State chooses to label it a business or official record.Palmer v.Hoffman,318 U.S.109,114(1943).And if documents of that type are routinely prepared for litigation,that simply means that that State,by admitting them against a criminal defendant absent live testimony of the authors,has countenanced a practice that routinely violates the confrontion right.

4

(130)

The,Accused,believes that perhaps the most important and pressing remaining issue for the Court to resolve with respect to the meaning of the term"testimonial"is the one presented by this case,whether the term encompasses statements,such as laboratory reports,routinely produced by State agents as part of the investigatory and prosecutorial process.This is not an important and pressing issue because it is difficult.On the contrary,the Accused beileves the issue is clear-cut.Like the statement in Crawford,a forensic laboratory report prepared for use in a criminal case"qualif[ies] under any definition",of "testimonial".541 U.S.at 52.This means that the doctrine of the Confrontation Clause will be seriously weakened if decision holding otherwise are allowed to stand.

**1).**Forensic Laboratory reports like the ones in this case are Testimonial because they are prepared in contemplation of use in prosecution.

A,forensic laboratory report of the type at issue here is clearly prepared in anticipation of use in the prosecutorial process.The State of Kansas essentially admits this fact.("the analysts probably knew their test results would be used as evidence in a criminal prosecution".) It could hardly do otherwise,given that the governing statute provides for performance of the test when the Department of Public Health is requested to do so by police authorities,if the Department"is satisfied that the analysis is to be used for the enforcement of law".Mass.Gen.L.Ch.111,12.In the view of the Accused **Donald L.Brownll,**this consideration should control the determination,as it does under the first and third definitions recited in Crawford.The,Accused,Donald L. Brown has made the argument at length elsewhere,Richard D.Friedman,Grappling with the Meaning of "Testimonial",71 BOOK.L.REV.241(2005)[hereinafter,Grappling"],at 243,251-59,and will present only a very brief summary here.(1).The report is pretrial statement similar to an affidavit "that declarants would reasonably expect to be used prosecutorially".(2).The statement was made"under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial".541 U.S.at 51-52.

The purpose of the Confrontation Clause is to prevent establishment of a system by which witnesses may testify against a criminal defendant out of the presence of the defendant and not subject to examination by him.But just such a system would be created if the Clause tolerated admission against the Accused of any statement made with the anticipation that it will be used in prosecution.Whatever the form or audience of the statement,if the declarant understands that the statement will likely be used in prosecuting crime,then the declarant is consciously creating prosecution evidence,and so making a statement of that type has become an accepted form of providing evidence that can help convict an accused.

5

(131)

The,STATE of Kansas,however,relies on Davis to contend that the test for determining whether a statement is testimonial cannot depend on the reasonable expectation of the declarant."If this were the standard",the State of Kansas says,"the Court in Davis would have held that the 911 call from the victim reporting a domestic disturbance was testimonial because a reasonable person would know that the result of such a call would be the arrest and prosecution of the perpetrator.This conclusion is incorrect.The,Accused, **Donald L. Brownll**,will argue elsewhere that this portion of Davis is best understood as adopting a "heat-of-the-moment",variation,rather than an"armchair",varation,of the reasonable-expection test in the context of statements made in response to an emergency:A person with the information that was available to the declarant,but calmly analyzing the situation in the later comfort of an armchair,wolud almost certainly realize that the report would likely lead to the prosecution of the defendant.But the Davis Court evidently regarded as decisive what it perceived to be the situation of the declarant as she was at the actual time she made the statement,in the heat of the moment and in clear distress.Richard D.Friedman,Crawford,Davis,and Way Beyond,15 J.L.& Pol.553(2007). [hereinafter"Way Beyond"],at 562-63.In that situation,it is far less likely that the declarant would focus on the possible legal consequences of her statement.The 911 case was,according the Davis opinion itself,a difficult case,527 U.S.at 829(characterizing Hammon,involving a statement to a responding officer,deemed testimonial,as"much easier"than the 911 case).The Court's resolution of that case should not control the standard in unrelated contexts for determining whether a statement is testimonial.

**2).**The certificates satisfied any applicable requirement of formality-but a statement made in anticipation of use in prosecution should satisfy any such requirement.

There is no doubt that the laboratory report in this case,signed under oath pursuant to the statutory requirement,was a formal statement;on this ground,it plainly satisfies the second of the three definitions presented by,Crawford,541 U.S.at51-52("extrajudicial statements,contained in formalized testimonial materials,such as affidavits,depositions,prior rtestimony,or confessions",quoting,White v.Illinois,502 U.S.346,365(1992).The,Accused,**Donald L.Brown II**,beieves that this formality was not require for the statement to be characterized as testimonial.Had the analyst report the test results to the prosecutor in a telephone conversation,or by passing along hand-written markings on a notepad,the statement would have been equally testimonial.The key factor is that the report was made with the anticipation that it would  be used in prosecuting crime.

The Accused,**Donald L. Brown II**,believes that,if there is a formality requirement for a statement to be deemed testimonial,"it adds nothing to the requirement that the statement be made in anticipation of prosecutorial use",Way Beyond,supra,15 J.L.& Pol.at 569

*6*

(132)

[F]ormalities,including the oath and opportunity for cross-examination,are required conditions of acceptable testimony.A statement is not rendered non-testimonial by the absence of formalities,rather,if the statement is genuinely testimonial in nature,lack of formalities makes the statement unacceptable.A rule that only formal statements will be characterized as testimonial is therefore theoretically backwards.Moreover,it creates a perverse incentive:those wanting to give or take testimony without it being subjected to confrontation could simply do so informally.id.at 567.

The,Accused, **Donald L.Brown II**,therefore submits that development of a sound conception of the Confrontation Clause will be best promoted by avoiding the suggestion of an independent formality requirement.That is,if the statement was made in anticipation that it would be used in investigation or prosecution of crime,characterizing it as informal should not cause it to be deemed non-testimonial.

**3].**State Officials were authors of the report involved here-but State involvement in creation of the report was not essential to characterize them as testimonial.

Another addition that some courts have incrusted onto the definition of"testimonial"is that a statement cannot be testimonial unless a State agent was involved in its creation.People v.Vigil,127 P.2d 916(Col.2006).That is not an issue here,because a State official was the author of the report.But,the Accused, **Donald L.Brown II**,submits that it is important to avoid any suggestion that State involvement in creation of a statement is necessary for the statement to be characterized as testimonial.A statement furnished to a prosecutor for use in prosecution should be considered testimonial even though the prosecutor played no role in creating the statement.See.,Davis,547 U.S.at 822.("The Framers were no more willing to exempt from cross-examination volunteered testimony,than they were to exempt answers to detailed interrogation".).And the same is true of a statement made to a private individual who is used as a conduit for passing the statement along to prosecutorial authorities.Friedman,supra,Grappling 71 BROOK L.REV.at 247,259-63.Similarly,a theoretical issue that arises in the context of police interrogations whether the testimonial quality of the statement should be judge from the perspective of the declarant or from that of the interrogator.Way Beyond,supra,15 J.L.& Pol.at 559-63 does not arise here.

**4].**Characterizing a forensic laboratory report as a business or official record does not negate its testimonial character.

In concluding that forensic lab report are not testimonial,some courts,including the Kansas Supreme Judicial Court,have drawn on the reference in Crawford to the fact at the time of the adoption of the Sixth Amendment there were already several exceptions,including one for business records,that"by their nature were not

(133)

**5].** That the certificates purported to relate the current condition of the (DNA) being tested does not negate their testimonial character.

The State of Kansas,contends that the certificates are not testimonial because they purport to relate the current condition of the (DNA) being tested rather than any past event.People v.Geier,161 P.3d 104,139(Cal.2007)(report"constitute[s] a contemporaneous recordation of observable events rather than the documentation of past events".).But that fact is immaterial.There is no principle that a statement that would otherwise be testimonial is removed from the scope of the Confrontation Clause because it reports on a contemporaneous condition or event.If that were the law,there would be no need for live testimony describing a crime scene,the (DNA) report of a police officer(or of anyone else) made while observing the scene could be introduced instead.Indeed,if the State of Kansas,theory were correct,the Confrontation Clause would allow a prosecution expert to present to a jury her assessment of the current condition of an object or (DNA) material before her,and then leave the courtroom without ever subjecting herself to cross-examination because her courtroom statement would not be considered testimonial in nature.

**6].** Characterizing the certificates as non-discretionary,non-adversarial,or non-accusatory does not negate their testimonial nature.

The State of Kansas argues that the (DNA)testing reported in the certificates"was performed in a non-adversarial setting",a strange characterization for (DNA)testing of suspected material performed at the request of police in a state laboratory.("The Framers would be astounded to learn that ex parte testimony could be admitted against a criminal defendant because it was elicited by neutral State officers".)It also argues that the certicares did not in themselves"accuse Petitioner of any crime",though of course they were offered to prove elements of the crime charged.Application of the Confrontation Clause is not limited to witnesses who might be considered adversaries of the accused.

Nor is application of the Clause limited to testimony that is accusatory in nature,the Clause gives the accused person the right to be confronted with"the witnesses against him",not merely with "his accusers".The Clause obviously applies to a witness who testifies to nothing more than the presence of the accused near the scene of a crime,even though that testimony is utterly non-accusatory.

Finally,testimony that is neither discretionary nor based on opinion plainly falls within the heart of the Clause;An eyewitness who is asked to do nothing more than relate what she is the paradigmatic example of a witness subject to the Clause.

**7].** Arguments based on the supposed reliability of the (DNA)evidence and impracticality

8

(134)

Finally,to the extent that the (DNA)analyst suffers memory loss between the time the test is performed and the time he testifies subject to confrontation,theState of Kansas has the ability to mitigate or eliminate the problem.It can hold trials promptly,and it can offer the Accused an early opportunity for confrontation at a pretrial deposition or other proceeding.That the State of Kansas fails to take reasonable steps to ensure that the Accused can exercise the confrontation right in a timely manner is not a ground for dispensing with the right altogether.

Petitioner,contends that a State may permissibly establish as conditions on (DNA)access that a person formally declare his innocence,and that he establish the materiality of new (DNA)testing.(citing 18 U.S.C.3600(a)(1),(5)-(7).The court of appeals in this case,however,determined that petitioner satisfy both of those conditions.Specifically,it found that petitioner"maintains his factual innocence".521 F.3d at 1121.And it further determined that petitioner request was material,because he had established a"reasonable probability that,if exculpatory(DNA)evidence were disclosed to[him],he could,affirmatively prove that he is probably innocent".id.at 1134(internal quotation marks omitted).

The decision below therefore does not call into question the legitimacy of either of those conditions.While State of Kansas invoke there, Federal statutory conditions,in reality,they seek to establish two far more onerous conditions.Both would place serious and unjustified obstacles in the path of persons seeking to establish their innocence and therefore violates Due Process.

First,the State of Kansas,contends that a State may deny access to a person who has previously confessed to the crime.But as the State of Kansas surely knows,there are numerous reasons that an innocent person might confess guilt,including a fear that he might be unable to persuade a jury of his innocence,a desire to avoid more serious charges,or a hope that such a confession might speed his release.Moreover,in light of the experience with(DNA)testing,such a condition simply cannot be justified a full quarter of the 232 post-conviction(DNA)exonerations involved false confessions and incriminating statements.See,Innocence Project Facts;See also,Kreimer&Rudovsky,supra,at547-48 (describing case of Bruce Godschalk,who was convicted of sexual assault following a detailed confession,but later was completely exonerated by(DNA)evidence).

Second,the State of Kansas contends that a request for testing may be denied when the existing evidence"convincingly establishes"guilt.That condition also unduly burdens persons seeking to establish his actual innocence.By definition,when a person has been convicted,the existing evidence is sufficient to establish his guilt beyond a reasonable doubt.To use that evidence as a basis for denying the request for access would threaten to undo the right of access altogether.Moreover,the Stae of Kansas,proposed condition once

(135)

again ignores the experience with(DNA)testing.

As the Ninth Circuit explained,"recent history has shown"that"(DNA)evidence has the capability of refuting otherwise irrefutable inculpatory evidence.521 F.3d at 1141.Accordingly,the key question is not whether the existing evidence provides convining proof of guilt,but whether(DNA) testing holds the potential to exonerate the person seeking access to(DNA)evidence.See,Pennsylvania v.Ritchie,480 U.S.39,57(1987) (compelling disclosure of confidential agency file even though it was impossible to say at that stage whether the evidence would be exculpatory).No matter how strong the existing evidence appears,if a favorable(DNA)test could conclusively exonerate the person seeking to establish his innocence,there is no justification for denying access to(DNA) evidence.

The State of Kansas have conceded that a favorable(DNA)test,K.S.A.21-2512(a),could conclusively establish the defendant's,innocence.In these circumstances,at least,denying access to the(DNA)evidence violates Due Process.

Wherefore the Accused repectfully moves this Court to enter,and order requiring the preservation of and Granting inspection of physical evidence.Reversed,and remanded with directions for appointment of counsel and an Evidentiary hearing in accordance with Bruner v.State of Kansas,277 Kan.603,Syl.P4,88 P.3d 214(2004).

## Certificate of service

I,Donald L.Brown II,hereby certify that a true and correct copy of this document was served to all parties listed below by the United States Postal Service,Postage paid on this ___23___ day of,August_____,2016

Clerk of the district Court                    District Attorney

Douglas County Courthouse              Douglas County Courthouse

111 East 11th Street                            111 East 11th Street

Lawrence Kansas 66044                    Lawrence Kansas 66044

NOTARY PUBLIC - State of Kansas
TANNER RIPPEN
My Appt Expires 5/8/19

Respectfully

_____
NOTARY

8/23/16
DATE

10

(136)

FILED
DOUGLAS COUNTY
DISTRICT COURT

201 AUG 30 P 1: 30

**IN THE DISTRICT COURT OF DOUGLAS COUNTY,KANSAS**

### CRIMINAL DEPARTMENT

DONALD L BROWN II

                 **DEFENDANT**

**VS.**

CASE NO:2010CR938

STATE OF KANSAS,

                **PLAINTIFF**

### MOTION FOR DISCOVERY

**COMES NOW,**the Accused,by and through pro se,DONLAD L BROWN II, andmoves this Court to order the State to identify and produce all the discovery requested,and other-wise comply with the requirements of Federal,State,and Ethical provisions relating to discovery in this Rape case.

### AUTHORITY:

Regardless of any specific request by the defense or ruling by the Court,the prosecution has an affirmative duty to timely disclose any exculpatory evidence to the defense.Brady vs.Maryland,371 U.S.812(1962),Kyles vs.Whitley,115 S.Ct.1555(1995).The duty to disclose this evidence increases when the Accused makes specific requests.U.S.vs.Agurs,427 U.S.(1976).

Exculpatory evidence as defined in a rape case extends to that which may reduce his legal or moral culpability for sentencing,or evidence that is in any way mitigates in favor of a sentence other than death.This duty extends beyond the statutorily identified defense or mitigators.Brady,supra,California vs.Trombetta,467 U.S.479(1984)see,e.g.,Exparte Monk,557 So.2d 832(Ala.1989).The rape case is"sufficiently different to justify broader discovery than in capital cases.

Indeed,broader discovery is warranted in a rape case because Brady's"favorable evidence"expands far beyond that which is contemplated in a capital case.The mitigational aspects of favorable evidence demands that wide latitude be granted to the Accused because the prosecutor cannot screen files for potential mitigating evidence.What one person may view as mitigating,another may not.Dobbert vs.Strickland,718 F.2d 1518,1524(11th Cir.) cert.denied,486 U.S.1220(1984).This Court is authorized to go well beyond the statutory permitted discovery because this is a rape case.

Discovery statutes did not contemplate rape litigation as it was enacted when the ultimate

1

(137)

penalty is sought,it is not just a matter of more years in prison,but is an irrevocable punishment that demands the utmost in Due Process,and fairness.A,heightened degree of reliability in these proceedings,and individualized consideration of,(DONALD L.BROWN's II),is fundamental to all proceedings in a rape cases,including,Discovery proceedings.Woodsonvs.North Carolina,482 U.S.280(1976).Eddingsvs.Oklahoma,455 U.S.104(1980).

The duty under"Brady",and"Kyles",is on going and not limited by any scheduling or deadlines set by the Court,by trial,or even by conviction.Moony vs.Holohan,294 U.S.103(1935).The prosecution is responsible for any evidence or knowledge held by any agent of the State of Kansas,that knowledge is imputed to the individual prosecutor in this case,and it is that prosecutor's duty to see that all evidence covered by Brady,Kyles,or by any order of this Court is identified,and produced,Giglio vs.U.S.405 U.S.150(1972).

## DEFINITIONS:

As used and intended in this and other discovery requests by DONALD L.BROWN II:

(A).The office of the Douglas County Attorneys office and the Kansas Attorney Generals office,if included in the investigation and/or prosecution of this case,including all present and former assistances,investigators and employees.

(B).Any person presently or formerly working as an agent,on contract,or on the authority of the prosecuting Authority.

(C).Every Law Enforcement personnel presently or formerly employed by the Federal,State,County or municipal Governments,including without limitation the LAWRENCE CITY Police Department,Douglas County Sheriff's Department,the Kansas Bureau of Investigation's or any and all other law enforcement agencies.

(D).Every person presently or formerly working as an agent,employee,informant,or on behalf of,or subject to the control of any law enforcement personnel,including without limitation all civilian employees,private citizens working at the governments direction,security guards,persons in trianing,and/or members of law enforcement auxiliaries,fraternal order of Police,and organized citizens anti-crime groups.

## 2).IDENTIFY"SHALL MEAN":

(A).With regards to a Document,the author,Date of creation respective revisions or addendums,and the current location and custodian of the original documents.

(B).With regards to a photograph,the photograph.Date exposed,date develpoed,all witnesses to the photographs being taken,and current location and custodian of the original negative.

(C).With regards to an audio or visual recording,the persons present,date recorded,all unedited

(138)

tape and any edited versions,date transcribed,the current location and custodian of the original,unedited tapes.

**(D).**With regards to computer created data,the operating system,the application program.All data produced,the current location and custodian of the original material provided to the Court for review.

Should this Court,after in-chambers review,determine the requested material is not to be produced,the defendant, **DONALD L.BROWN II,**asks the Court to seal that material and make it part of the record.This is necessary for meaningful review of this Courts rulings.

The,Accused, **DONALD L.BROWN II,**request the prosecution be expressly ordered to contact each and every person and agency identified in paragraph(1) or known to the prosecution,and to require those persons and agencies contacted to produce,identify and deliver to the prosecution all Discovery-able material including discovery ordered by this Court,required by State Statute or within the scpoe of"Brady",and"Kyles",within a reasonable time after being contacted by the prosecution.

The Accused,DONALD L.BROWN II,further requests a full and fair hearing on the above captioned Motion.

**RESPECTFULLY SUBMITTED**

**DONALD L.BROWN II**

8/23/16
DATE

TAKE NOTICE AND BE ADVISED THAT THE DEFENDANT, **DONALD L.BROWN II,**wants a hearing on this matter as soon as possible before the DOUGLAS COUNTY COURT,at whatever time or date the Court can allow.

NOTARY PUBLIC - State of Kansas
TANNER RIPPEN
My Appt Expires

NOTARY

8/23/16
DATE

3

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

(139)

STATE OF KANSAS,

VS                                    CASE NO. 2010 CR 0938

                                      2011 FEB 15 A 10:47

DONALD L. BROWN II                    DIVISION 6
                                      BY_____

### NOTICE OF APPEAL

COMES NOW, DEFENDANT DONALD L. BROWN II, PRO SE AND HERE BY APPEALS THE COURTS ORDER DENYING PENDING PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, FOR INSPECTION OF PHYSICAL EVIDENCE PURSUANT TO K.S.A. 21-2512 & K.S.A. 22-3212(A) AND MOTION FOR DISCOVERY. THIS JUDGE SITES NO STATUE OR CASE LAW FOR THIS ORDER, WHICH DENIES THE DEFENDANT HIS CONSTITUTIONAL RIGHT TO COUNSEL, DUE PROCESS, AND EQUAL PROTECTION UNDER THE LAWS OF KANSAS AND THE UNITED STATES.          DONALD L. BROWN II

                                      _Donald S. Brown II_

NOTARY PUBLIC - State of Kansas
RICK A. PERKINS
My Appt Expires 9-30-18

_Rick Perk_    2-8-17         99 B97 ELLSWORTH CORR. FACILITY
NOTARY PUBLIC   DATE          PO BOX 107
                              ELLSWORTH KS 67439

### CERTIFICATE OF SERVICE

I HERE BY CERTIFY THAT ON THE 8 DAY OF FEBRUARY 2017, I MAIL IN THE US POSTAL SERVICE A TRUE AND CORRECT COPY OF THE ABOVE NOTICE OF APPEAL TO:

OFFICE OF THE DISTRICT ATTORNEY
111 EAST 11TH STREET          DONALD L. BROWN II PRO SE
LAWRENCE KS 66044             _Donald S. Brown II_

(140)

**E – FILING  COVER SHEET**

FROM: BROWN II, DONALD L.  # 99897

TO
U.S. DISTRCIT COURT
DISTRICT OF KANSAS

CASE NAME: DONALD L. BROWN II  VS  ROGER WERHOLTZ

CASE  NUMBER:

DATE OF E-FILING  MARCH 15, 2019

NUMBER OF PAGES INCLUDING THIS PAGE

PART EIGHT
OF
EIGHT
PG. 140 – ~~148~~ 151

PG 140 OF ~~148~~ 151

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
(141)

STATE OF KANSAS

VS.                          CASE NO. 2010 CR 938

DONALD L. BROWN II,          DIVISION 6

DOUGLAS COUNTY
DISTRICT COURT
2017 FEB 15  A 10:46
BY _____

<u>MOTION TO APPOINT APPELLATE COUNSEL</u>

COMES NOW THE DEFENDANT DONALD L. BROWN II PRO SE
AND HEREBY MOVES THE COURT TO APPOINT APPELLATE
COUNSEL TO PROSECUTE HIS APPEAL OF THE COURTS DENIAL
OF HIS MOTIONS FOR APPOINTMENT OF COUNSEL, FOR INSPECTION OF
PHYSICAL EVIDENCE PURSUANT TO KSA. 21-2512 & 22-3212(A),
FOR DISCOVERY, TO ARREST JUDGMENT, AND MOTION FOR TRANSCRIPTS
FILED FEB, 29 2016.

                              DONALD L. BROWN II  PRO SE
                              _Donald S Brown II_

NOTARY PUBLIC — State of Kansas
RICKA PERKINS
My Appt Expires 9-30-18

_Rickla Perkins_    2877        99877 ELLSWORTH CORR. FACIL.
NOTARY PUBLIC      DATE         PO BOX 107
                               ELLSWORTH KS 67439


                    <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON THIS  8  DAY OF FEBRUARY 2017
I MAIL IN THE US. POSTAL SERVICE A TRUE AND CORRECT COPY
OF THE ABOVE MOTION. TO:

OFFICE OF THE DISTRICT ATTORNEY
    111 EAST 11TH STREET
LAWRENCE KS 66044             DONALD L. BROWN II PRO SE
                             _Donald S Brown II_

(142)

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | | |
|---|---|---|
| State of Kansas,<br>    Plaintif, | )<br>)<br>)<br>) | |
| Vs. | )<br>)<br>) | Case No. 10 CR 938 |
| Donald L. Brown,<br>    Defendant. | )<br>)<br>) | |

## MOTION TO CORRECT ILLEGAL SENTENCE

COMES NOW, The defendant, Donald L. Brown II, Pro Se, moves the Court for the correction of his illegal sentence under *K.S.A. 22-3504*. The Court was without jurisdiction to convict the defendant of the amended information, the information was statutorily and constitutionally insufficient to invoke the Courts subject matter jurisdiction and prevent double jeopardy as outlined in **State v. Dunn** 304 Kan. 773 and **State v. Lee** 210 Kan. 753 HN 1 & **State v. Dillion**, ~~761 P.2d 1281~~ 2 42 KAN. 410 *UNPUBLISHED TO K.S.A. 22-320 1 (b,c)* and **State v. Todd**, 262 Kan. 916. HN 9-11. $\overset{AND}{STATE}$ V SANDERS 2003 KAN. APP.

### I. Requirements of *K.S.A. 22-3504*

The statute permits the defendant to raise specific issues of an illegal sentence.

1) Sentences imposed by a Court without jurisdiction
2) Sentences that does not conform to the statutory provisions
3) An ambiguous sentence with respect to time and manner in which it is to be served.

The defendant shall have the right to a hearing after reasonable notice to be set by the Court and to be personally present and to have the assistance of counsel in any proceeding of the correction of a illegal sentence.

### II. Statement of Facts.

On June 1st, 2010 Brown was charged by probable cause information Case No. 10 CR 938 of three counts of Rape in violation of *K.S.A. 21-3502 (a2)* three counts of Aggravated Criminal Sodomy in violation of *K.S.A. 21-3506 (a1)* and two counts of Aggravated Indecent Liberties with a child in violation of *K.S.A. 21-3504 (a 3,4)*

*(143)*

The information did not identify specific facts and dates making the information jurisdictionally and fatally defective. Mr. Brown was convicted based upon a plea of guilty on a amended information of three counts rape, three counts Aggravated Criminal Sodomy and two counts Aggravated Indecent Liberties. The District Court sentenced Mr. Brown to a sentence of 600 months to life under *K.S.A. 21-4643*, Brown was informed of his rights.

**III**. Arguments and Authorities.

A) The amended information is defective as to subject matter jurisdiction, see **State v. Jones** 242 Kan. 385 HN 12. In support of this issue defendant offers the following evidence:

1) The defendants rights under State and Federal Constitution and State statutes calls for: Due Process, Equal Protection notice and prevention of Double Jeopardy. By notice of the alleged actions, Mr. Brown must defend against, such as, In the Act of:

a) Sexual intercourse, which may be committed by the following, which the information fails to identify a specific alleged action, such as by finger, object or male sex organ. Each count must allege **one** action for which the defendant can build a defense to or plead to. See **State v. Green**, 254 Kan. 669, Syl 2, 867 P.2d 366 (1994)

b) Sodomy, which may be committed by the following, which the information fails to identify a specific alleged action, such as by oral contact or oral penetration of the female genitalia or oral contact of the male sex organ or anal penetration by body part or object; oral or anal copulation or sexual intercourse between a person and animal. Each count must allege **one** action. For which the defendant can build a ~~case~~ *defense* or plead to. *STATE V. WARD, 292 KAN. 541 (2011) HN 11-14*

c) Indecent Liberties with a Child; which may be committed by the following, which the information fails to identify a specific alleged action, such as lewd fondling or touching, which one with the intent to arouse or satisfy the desire of the victim or the defendant or both, again which one, each count must allege **one** of each type, for which the defendant can build a defense to or plead to. See **State v. Jackson.** 239 Kan. 463 HN 3-6.

d) The information in this case averts the incident for which the defendant is to stand trial is said

*(144)*

to have occured on or about the first day of June 2008 to the first day of May 2010, there is no additional information provided to narrow the possible date range from 730 days to a singular date or dates. For the commission of the alleged acts, specific dates are necessary to prevent Double Jeopardy and which without the defendant is unable to prepare or present a defense. See **State v. Dunn** 304 Kan. 773 HN9.

    i) the defendant was employed in Shawnee County and on many occasions was without this jurisdiction at many times during June 1st, 2008 to May 1st 2010, with proper notice of a specific day, he might have been able to present a complete defense or alibi.

    ii) The defendants alleged victims were in school for much of 2008-2010, with proper notice of a specific day, he could have investigated the claim and counter it with proof of the girls being present at school or somewhere else, or, establish the girls behavior at or near the time of the alleged assault did not reflect the girls being sexually victimized.

    The Court knew this on the record Vol. 2 pg 22: 13-18 and gave the State the opportunity to fix it, by way of an amendment of the information, *THE STATE FAILED TO CORRECT THE INFORMATION* so that the defendant could prepare a defense. Which made the amended information still statutorily insufficient to gain the Courts subject matter jurisdiction, see **State v. Dunn**, 304 Kan. 773. pg 26 HN 7 "The problem is not a substantive absence of jurisdiction, the problem is a procedural failure to demonstrate its existance". See **State V. Dunn** HN 13.

*K.S.A. 22-3201 B, C,* in part:
(B) The complaint information or indictment shall be a **plain** and **concise written** *STATEMENT* of the **essential facts** (emphasis added) constituting the crime charged.

(C) When relevant, the complaint, information or indictment shall also **allege facts** (emphasis added) sufficient to constitute a crime or specific crime subcategory in the crime **seriousness scale** (emphasis added)

    The charging information must give all the essential facts plainly and concisely as to who, what, when, where, how, to whom and in the case of an intent crime, the why. All of this is necessary to allow the defendant to build a defense. Even missing one will deprive the defendant of his rights to notice and due process. This also deprived the Court of its subject matter jurisdiction because the Court would not be able to accept a plea of guilty at arraignment, *as* charged, to the stipulation of evidence in the States information as required by *K.S.A. 22-3205 & K.S.A. 22-3209.*

(2) As outlined in **State v. Dunn**, 304 Kan 773 The Court can evaluate its subject matter jurisdiction or

(145)

lack there of.

(a) By evaluating whether the information alleges facts about the intent and action on the part of the defendant that if proved, beyond a reasonable doubt would constitute a violation of a state criminal statue?

(b) By determaning whether the information meets both Federal and State constitutional standards for due process and notice, such that the defendant has an opportunity to meet and answer the States evidence and prevent Double Jeopardy?

(3) The defendant was unable to prepare or present a defense for trial because of the lack of facts and specific dates which failed to appear in the information. **State v. Green** 254 Kan. 669, Syl 2, 867 P.2d 366 (1994). HE WAS ALSO UNABLE TO MEET AND ANSWER THE STATES EVIDENCE, BY PLEADING TO THE CHARGES AT HIS ARRIAGNMENT, IN WHICH THE COURT REJECTED HIS PLEAS OF GUILTY, IN AN ATTEMPT TO AVERT THE ON GRIDE SENTENCING,

(4) The defendant shows the information was so bare bones that he was unable to appreciate an infringment of Due Process or notice until now. **State v. Dunn,** 304 Kan 773 @ HN 13 "It is hard to imagine that a Judge of the District Court or a majority of Judges on an appeals panel will not excuse a late challenge to an information for "cause shown".

(5) Since the information is statutorily insufficient **State v. Dunn** 304 Kan. 773, HN7 " Then the State has failed to properly invoke the subject matter jurisdiction of the Court and an appropriate remedy must be fashioned".

**State v. Elliot,** 281 Kan. 583133 P.3d 1253 (2014) Syl. Pg1: 3-5

"3) A conviction in a Court that lacked jurisdiction is void; 4) a judgment void for want of jurisdiction may be attacked at anytime and may be vacated because it is nullity; 5) Subject matter jurisdiction can not be waived or conveyed on a Court by failure to object."

**State v. Dunn,** citing **United States v. Peter**, 310 F.3d 709, 713-16 (11th Cir 2002) "indictment that fails to charge federal crime insufficient to support subject matter jurisdiction despite defendants guilty plea."

The best test for a charging document sufficiency, is if the defendant is able to have a plea of

(146)

guilty, accepted by the District Court at a arraignment, other wise the document is insufficient. See State v. Dunn citing United States v. Peter, 310 F.3d 709, 713-16 (11th Cir 2002) "indictment that fails to charge federal crime insufficient to support subject matter jurusdiction despite defendants guilty plea."

If this Court after all the evidence presented by the defendant of his inability to prepare and present a defense finds that his right to notice and due process was not prejudiced and that the Court had subject matter jurisdiction the following shall apply. State v. Carr, 300 Kan. HN 91-92.

B) The Court was without jurisdiction to convict Mr. Brown of the amended information, because Mr. Brown never withdrew his original plea and the Court found no fraud in making the plea. The Court erred by denying Mr. Browns guilty plea as charged at his arraignment, because double jeopardy had attached at that proceeding. State v. Todd, 262 Kan. 916 HN 9-11 & State v. Jenkins, 295 Kan.431 HN 4 & K.S.A. 21-31081 (a,b,c) & K.S.A. 21-3108 2 (a,b,c)

In support of this issue Defendant offers the following evidence:

1) Double Jeopardy had attached at the arraignment proceeding

a) Mr. Brown faced the "risk" that the District Court "could have" determined him guilty as charged. See Court of Appeals memorandum opinion 2018 pg 15 "the trial Court "could have" accepted Brown's guilty pleas based upon the facts alleged in the charging document." see Gooding v. Stots 1995 U.S. App. Lexis 10582 (HN 4-6) (citing) United States v. Marchese, 46 F.3d 1020, 1022 (10th Cir 1995) & Serfass v. United States, 420 U.S. 377, 388, 43 L.ed 2d 265 955 (1975) " in either case, however the overriding principle is that Jeopardy does not attach until a Defendant faces the "risk" of a determination of guilt." K.S.A. 22-3205 & K.S.A. 22-3208, 3209.

b) The Court made a determination the Defendant was not guilty, after Mr. Brown plead guilty. The Court made the following determination. Vol. 2 pg 24, that it was unable to find the Defendant guilty do to insufficient factual basis, which amounted to an aquittal because the States stipulation of evidence presented in the information was insufficient to charge the intended crime.

This is a conclusion of a prosecution and a finding by a reasonable factfinder that the Defendant was not guilty by way of insufficient factual basis and insufficient presented evidence within the charging stipulation information. K.S.A. 22-3201 B, C & 32081, K.S.A. 21-3108 (1a), State v. Lee 210 Kan. 753 (HN 2) Record Vol. 2, pg 28.

c) On October 6th, 2010 a second prosecution by the way of an amended information was filed, charging the defendant with the same offense and crimes with a harsher penalty. The doctrine of res judicata is to be applied to the amended information. This in violation of the Defendants rights against Double Jeopardy. K.S.A. 22-3208 (1) K.S.A. 21-3108 (1b), (2a), (3 ab). Statues or case law permitting amending information, clash with the State statues and both State and Federal constitutional protection against Double Jeopardy, after a plea of guilty.

(147)

Conclusion:

The Court with this evidence can and should prevent a infringment on Mr. Browns State, Federal, statutorial and Constitutional rights. This Court may chose to either vacate and resentence the defendant to the original plea ~~advisory~~ arrangment; may vacate and order a retrial or may vacate and dismiss with prejudice the defendants case.

*WHEREFORE,* Donald Brown, Pro Se, prays the Court would find in favor of the correction of Mr. Browns sentence for the reasons conatined herein and for such additional reasons that may become apparent at a hearing on this motion. Mr. Brown requests the appointment of competant counsel, and a hearing date.

Respectfully Submitted,

*Donald L Brown II*
Donald L. Brown II, Pro Se
Po Box 107
Ellsworth, Kansas 67439


## CERTIFICATE OF SERVICE


I Donald L. Brown II, here by certify that a true and corect copy of this document, was served to all parties listed below by United States Postal Service postage paid on this _____26_____ Day of *SEPTEMBER*, 2018. To the following:

Clerk of the District Court
111 East 11th Street, Unit 5
Lawrence, Kansas 66044-2966

✓District Attorneys Office
Douglas Court Court House
111 East 11th Street
Lawrence, Kansas 66044

*Donald L Brown II*                    / 9/26/18
Donald L. Brown II                          Date

(148)

In the District Court of Douglas County, Kansas
Judicial & Law Enforcement Center
Lawrence, Kansas 66044

STATE OF KANSAS,

                              Plaintiff,

vs.

DONALD L BROWN II,
837 Michigan St, #2C, Lawrence, KS  66044

                           Defendant.

2-10-6699

For Court Use Only
FILED
DOUGLAS COUNTY
DISTRICT COURT

2010 JUN -3 P 1:07

BY_____ DS

Case No. 2010 CR 0938
DOUGLAS COUNTY, KANSAS

## PROBABLE CAUSE INFORMATION

       Charles E Branson, District Attorney, of lawful age, being first duly sworn on oath, for complaint against the above shown defendant, alleges and states:

### Count 1

That on or about the 1st day of June, 2008, to the the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously commit the act of sexual intercourse with MDM (DOB: 09/20/1999), a child under 14 years of age, all in violation of K.S.A. 21-3502(a)(2).  (Rape, Off Grid/Person/Felony)

### Count 2

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously commit the act of sexual intercourse with MDM (DOB: 09/20/1999), a child under 14 years of age, all in violation of K.S.A. 21-3502(a)(2). (Rape, Off Grid/Person/Felony)

### Count 3

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously engage in sodomy with MDM (DOB: 09/20/1999), a child under 14 years of age, all in violation of K.S.A. 21-3506(a)(1). (Aggravated Criminal Sodomy, Off Grid/Person/Felony)

### Count 4

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously engage in sodomy with MDM (DOB: 09/20/1999), a child under 14 years of age, all in violation of K.S.A. 21-3506(a)(1). (Aggravated Criminal Sodomy, Off Grid/Person/Felony)

(149)

Probable Cause Information
State v. DONALD L BROWN II
Page 2

### Count 5

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously engage in lewd fondling or touching of MDM (DOB: 09/20/1999), a child under 14 years of age, with the intent to arouse or to satisfy the sexual desires of the victim, the defendant, or both, all in violation of K.S.A. 21-3504(a)(3)(A). (Aggravated Indecent Liberties with a Child, Level 3/Person/Felony)

### Count 6

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously commit the act of sexual intercourse with MDM (DOB: 07/17/2001), a child under 14 years of age, all in violation of K.S.A. 21-3502(a)(2). (Rape, Off Grid/Person/Felony)

### Count 7

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously engage in sodomy with MDM (DOB: 07/17/2001), a child under 14 years of age, all in violation of K.S.A. 21-3506(a)(1). (Aggravated Criminal Sodomy, Off Grid/Person/Felony)

### Count 8

That on or about the 1st day of June, 2008, to the 1st day of May, 2010, in Douglas County, Kansas, one Donald L Brown II, did then and there unlawfully and feloniously engage in lewd fondling or touching of MDM (DOB: 07/17/2001), a child under 14 years of age, with the intent to arouse or to satisfy the sexual desires of the victim, the defendant, or both, all in violation of K.S.A. 21-3504(a)(3)(A). (Aggravated Indecent Liberties with a Child, Level 3/Person/Felony)

 Penalty section: K.S.A. 21-4704

**Witnesses:**
MDM (DOB: 9/20/1999)
MDM (DOB: 7/17/2001)
Scott Hanks
Anita R Morgan
Earl D Morgan
MM (DOB: 12/29/2002)
MM (DOB: 9/02/1997)
MM (DOB: 12/02/2004)
Anthony James Brixius
John A Cross
Evidence Officer
Randy S Glidewell
John D Hanson
Jamie Len Lawson
Jason Charles Novotny
Records Custodian
Andrea Verbanic

(150)

Probable Cause Information
State v. DONALD L BROWN II
Page 3

*Charles E Branson*

Charles E Branson, 17376
District Attorney

Subscribed and sworn to before me this 3rd day of June, 2010.

*Cathy Reyes*

NOTARY PUBLIC – State of Kansas
CATHY REYES
My Appt. Exp. 12-20-13

Notary Public
Term Expires: 12/20/2013

Probable Cause Arrest -- appearance bond requirement is -- $ _____

Notice: Information about the Diversion Program is available through the District Attorney's Office.

(151)

