# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DONALD L. BROWN, II,**

        Petitioner,

    v.                                 CASE NO. 19-3036-SAC

**ROGER WERHOLTZ,**

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts and enters the following order.

The petition identifies eight grounds for relief and states that at least four of those claims were presented to the state district court in a pending motion to correct illegal sentence. The Court has consulted on-line records maintained by the state courts[1] and finds that the motion was denied by the state district court on January 6, 2020. The Court therefore will direct petitioner to advise the Court whether he is pursuing an appeal from the denial of that motion, and if possible, to provide a copy of the order denying his motion. A state prisoner seeking habeas corpus relief must exhaust available state court remedies before proceeding in federal court. *See* 28 U.S.C. § 2254(b)(1). Therefore, petitioner must present his claims to the state appellate court to exhaust state court remedies or must show that no remedy is available.

---

[1] *See* Kansas.gov/countyCourts/search/records.

Petitioner's motion to appoint counsel also is pending before the Court. A petitioner seeking habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). However, court sitting in habeas corpus may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(a)(2)(b). Because it is not clear that petitioner has exhausted available remedies, the Court declines to appoint counsel in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **February 21, 2020,** to advise the Court whether he is pursuing an appeal from the denial of his motion to correct illegal sentence.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 2) is denied.

**IT IS SO ORDERED.**

DATED: This 29th day of January, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge