IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DONALD L. BROWN, II,**

        **Petitioner,**

   v.               **CASE NO. 19-3036-JWL-JPO**

**ROGER WERHOLTZ,**

        **Respondent.**

## MEMORANDUM AND ORDER

   This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. When Petitioner filed his petition, the Court conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On October 14, 2021, the Court issued an Order granting Petitioner's motion to stay[1] this matter pending resolution of a motion of proclamation of innocence filed in the state district court on September 30, 2021. (Doc. 20.) The Order directed Petitioner to provide a status report to the Court every 90 days regarding the state court proceedings. *Id.* Petitioner has timely filed status reports, but he asserts that the state district court has not yet taken any action on the pending motion. (*See* Doc. 26-1.) The online records of the District Court of Douglas County, Kansas confirm that the motion remains pending.

   The stay of this federal matter and the requirement that Petitioner file a status report every 90 days will remain in place. The Court notes, however, that the relevant motion has been pending in state district court for over a year. If Petitioner is unhappy with the length of time his state court

---

[1] Respondent informed the Court by separate filing that he did not oppose the stay. (Doc. 18.)

1

motion has been pending, it appears that avenues for state court relief may remain available to Petitioner. For example:

> "Mandamus is 'a proceeding to compel some inferior court . . . to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law.' K.S.A. 60-801. A 'writ of mandamus seeks to enjoin an individual or to enforce the personal obligation of the individual to whom it is addressed,' and 'rests upon the averred and assumed fact that the respondent is not performing or has neglected or refused to perform an act or duty, the performance of which the petitioner is owed as a clear right.'"

*Schwab v. Klapper*, 315 Kan. 150, 154 (2022) (quoting *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1024 (1984)).

Kansas Supreme Court Rule 9.01 sets forth the procedure for initiating an original action in mandamus in the Kansas appellate courts. This Court offers no opinion on the likelihood of success of such an action, nor is it requiring Petitioner to pursue a writ of mandamus in the state appellate courts. The Court merely notes that if Petitioner wishes to seek an order directing the district court to rule on the pending motion, there appear to be state court avenues by which he may do so.

**IT IS THEREFORE ORDERED THAT** Petitioner shall continue to provide status reports to the Court every 90 days.

**IT IS SO ORDERED.**

DATED:   This 26th day of October, 2022, at Kansas City, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge
