IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD L. BROWN, II,

                              Petitioner,

      v.                                                    CASE NO. 19-3036-JWL

ROGER WERHOLTZ,

                              Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Donald L. Brown, II. It comes before the Court on Petitioner's status report. (Doc. 29.) The Court has reviewed this matter, which has been stayed since October 2021, and which was reassigned to the undersigned in August 2022. As explained below, the Court will partially lift the current stay for the limited purpose of clarifying the record and will direct Petitioner to show cause why this matter should not be dismissed as untimely filed.

### Background

In January 2011, Petitioner pled guilty in the District Court of Douglas County, Kansas to three counts of rape, three counts of sodomy, and two counts of aggravated indecent liberties with a child. *Brown v. State*, 2017 WL 4455306, *2-3 (Kan. Ct. App. Oct. 6, 2017) (*Brown II*), *rev. denied* Aug. 30, 2018; *State v. Brown*, 2014 WL 1193422, *1 (Kan. Ct. App. March 21, 2014) (*Brown I*), *rev. denied* March 12, 2015. In March 2011, he was sentenced to a controlling sentence of life imprisonment without the possibility of parole for 50 years.

On September 19, 2011, Petitioner filed a motion to withdraw his plea. *Brown II*, 2017 WL 4455306, at *3. According to the online records of the Douglas County District Court, the district court denied the motion at a hearing on November 6, 2012. Two days later, Petitioner, who was

1

represented by counsel, filed a pro se motion to arrest judgment. Before the district court ruled on the motion, however, Petitioner filed a notice of appeal from the denial of the motion to withdraw plea. (*See* Doc. 1, p. 46.) When Petitioner docketed his appeal on March 4, 2013, the district court lost jurisdiction to rule on the motion to arrest judgment. *See id.*; *see also State v. Smith*, 278 Kan. 45, 51 (2004) (holding that once an appeal is docketed, the district court lacks jurisdiction to rule on posttrial motions). Thus, the motion to arrest judgment remained pending in the district court while the appeal proceeded. Ultimately, the Kansas Court of Appeals (KCOA) affirmed the denial of the motion to withdraw plea and the Kansas Supreme Court (KSC) denied the petition for review on March 12, 2015.

On May 26, 2015, Petitioner filed in state district court an amended motion to arrest judgment. (Doc. 1, p. 100.) On September 24, 2015, while that motion was still pending, Petitioner filed in state district court a motion for writ of habeas corpus pursuant to K.S.A. 60-1507, which began a civil proceeding separate from the criminal case. *See Brown II*, 2017 WL 4455306, at *3.

The district court denied the motion to arrest judgment along with other outstanding motions in an order filed on February 17, 2016. (Doc. 1, p. 45.) Petitioner filed a notice of appeal[1] from that order. On March 17, 2016, the district court denied relief in the K.S.A. 60-1507 proceeding. (Doc. 1, p. 49.) Petitioner timely appealed, but the KCOA affirmed the denial and, on August 30, 2018, the KSC denied the petition for review.

When Petitioner filed his federal habeas petition, the Court conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby*

---

[1] The online records of the Kansas Appellate Courts do not reflect that a corresponding appeal was ever docketed.

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The petition asserts eight grounds for relief, related to the sufficiency of the charging document, ineffective assistance of trial counsel, and the circumstances under which Petitioner pled guilty. As relief, Petitioner asks this Court to vacate his sentences and remand for resentencing. The petition acknowledged that some of the grounds for relief therein were unexhausted in the state courts, and on September 29, 2021, Petitioner moved this Court to stay this matter pending resolution of a "Motion of Proclamation of Innocence" he had filed in his criminal case in the Douglas County District Court, which he alleged could provide a remedy for at least some of his federal habeas claims. (Doc. 17.) Respondent advised the Court by a response to the motion that he did not oppose the stay. (Doc. 18.)

The Court granted the motion for stay on October 14, 2021. (Doc. 20.) It directed Petitioner to file a status report every 90 days to advise whether the state court action remained pending. *Id.* Petitioner has faithfully filed timely status reports since that time. (Docs. 21, 23, 24, and 26.) In August 2022, this matter was reassigned to the undersigned judge for all further proceedings. (Doc. 25.) Petitioner's status reports indicate—and the online records of the Douglas County District Court reflect—that the motion of proclamation of innocence remains pending.

Petitioner timely filed his latest status report on January 24, 2023. (Doc. 29.) It states that there has been no action on his September 2021 motion, which remains pending in state district court. *Id.* The Court has reviewed the petition in this matter, and it appears that this matter was not filed within the applicable statute of limitations. Therefore, Petitioner will be directed to show cause, in writing, why the matter should not be dismissed as untimely filed.

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

3

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner was sentenced on March 4, 2011. *Brown II*, 2017 WL 4455306, at *3. Under Kansas law, he had 14 days to appeal, not counting the day that judgment was entered. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1983, the defendant shall have 14 days after the judgment of the district court to appeal."); K.S.A. 60-260(a)(1)(A) (explaining how to compute the time). Petitioner did not pursue a direct appeal, so judgment became final for AEDPA purposes and the one-year federal habeas limitation period began to run on March 19, 2011. Thus, Petitioner had to and including March 19, 2012 to file his § 2254 petition. *See Longoria v. Falk*, 569 Fed. Appx. 580, 581 (10th Cir. 2014) (unpublished) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application

4

under AEDPA is the anniversary of when the judgment became final.").

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Under this provision, the one-year federal habeas limitation period was tolled, or paused, when Petitioner filed his motion to withdraw plea on September 19, 2011. At that point, approximately 183 days of the year had expired, leaving approximately 182 days remaining.

The proceedings related to the motion to withdraw plea concluded when the KSC denied review on March 12, 2015, and the one-year federal habeas limitation period resumed the next day.[2] It expired approximately 182 days later, on or around September 10, 2015.[3] Yet Petitioner did not file this federal habeas petition until March 15, 2019. In the portion of the form § 2254 petition that addresses timeliness, Petitioner addresses exhaustion of state-court remedies, noting that motions pending in the state courts involved issues raised in this federal habeas matter. (Doc. 1, p. 22-23.) Although calculating whether a federal habeas matter was timely filed may include considering time spent exhausting state court remedies, timeliness is a requirement distinct from exhaustion. In this matter, for the reasons explained above, the information now before the Court reflects that this matter is untimely.

The one-year federal habeas limitation period also is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant

---

[2] Although Petitioner's motion to arrest judgment remained pending in the district court when the federal habeas limitation period resumed, it did not toll the federal habeas limitation period because, as the state district court later noted in an order denying the motion, it was not timely filed. (Doc. 1, p. 46.) Thus, it did not constitute a "properly filed application for State post-conviction or other collateral review" that statutorily tolled the federal habeas limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 1807, 1814 (2005) (holding that when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)").

[3] Similarly, Petitioner's K.S.A. 60-1507 motion did not trigger statutory tolling because it was not filed until September 24, 2015, which was after the one-year federal habeas limitation period had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted).

equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

There also is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

"The Supreme Court has made clear that a petitioner invoking actual innocence as to a guilty plea still has to prove his innocence of the charge to which he pleaded guilty—namely, the crime of conviction." *Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). Moreover, Petitioner should be aware that his guilty pleas and his factual proffer in support of his guilty pleas work to undermine any actual innocence claim. *See Johnson v. Medina*, 547 Fed. Appx. 880, 885 (10th Cir. 2013) (unpublished).

## Conclusion

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the

6

time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue any further orders necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERD THAT** the stay of this matter is partially lifted for the limited purpose of clarifying the record. Petitioner is granted until and including February 27, 2023, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:   This 24th day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
