## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONALD L. BROWN, II,**

                      **Petitioner,**

        **v.**                               **CASE NO. 19-3036-JWL**

**ROGER WERHOLTZ,**

                      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Donald L. Brown, II. It comes before the Court on Petitioner's response (Doc. 31) to this Court's Memorandum and Order to Show Cause (Doc. 30) regarding timeliness. The Court has reviewed the response carefully, along with the other documents referred to therein, and concludes that this matter was not timely filed.

### Background

In January 2011, Petitioner pled guilty in the District Court of Douglas County, Kansas to three counts of rape, three counts of sodomy, and two counts of aggravated indecent liberties with a child. *Brown v. State*, 2017 WL 4455306, *2-3 (Kan. Ct. App. Oct. 6, 2017) (*Brown II*), *rev. denied* Aug. 30, 2018; *State v. Brown*, 2014 WL 1193422, *1 (Kan. Ct. App. March 21, 2014) (*Brown I*), *rev. denied* March 12, 2015. In March 2011, he was sentenced to a controlling sentence of life imprisonment without the possibility of parole for 50 years.

On September 19, 2011, Petitioner filed a motion to withdraw his plea. *Brown II*, 2017 WL 4455306, at *3. According to the online records of the Douglas County District Court, the district

court denied the motion at a hearing on November 6, 2012. Two days later, Petitioner, who was represented by counsel, filed a pro se motion to arrest judgment. Before the district court ruled on the motion, however, Petitioner filed a notice of appeal from the denial of the motion to withdraw plea. (*See* Doc. 1, p. 46.) When Petitioner docketed his appeal on March 4, 2013, the district court lost jurisdiction to rule on the motion to arrest judgment. *See id.*; *see also State v. Smith*, 278 Kan. 45, 51 (2004) (holding that once an appeal is docketed, the district court lacks jurisdiction to rule on posttrial motions). Thus, the motion to arrest judgment remained pending in the district court while the appeal proceeded. Ultimately, the Kansas Court of Appeals (KCOA) affirmed the denial of the motion to withdraw plea and the Kansas Supreme Court (KSC) denied the petition for review on March 12, 2015.

On May 26, 2015, Petitioner filed in state district court an amended motion to arrest judgment. (Doc. 1, p. 100.) On September 24, 2015, while that motion was still pending, Petitioner filed in state district court a motion for writ of habeas corpus pursuant to K.S.A. 60-1507, which began a civil proceeding separate from the criminal case. *See Brown II*, 2017 WL 4455306, at *3.

The district court denied the motion to arrest judgment along with other outstanding motions in an order filed on February 17, 2016. (Doc. 1, p. 45.) Petitioner filed a notice of appeal from that order, but it does not appear that an appeal was ever docketed. On March 17, 2016, the district court denied relief in the K.S.A. 60-1507 proceeding. (Doc. 1, p. 49.) Petitioner timely appealed, but the KCOA affirmed the denial and, on August 30, 2018, the KSC denied the petition for review.

Petitioner filed his federal habeas petition in this matter on March 15, 2019 and, to his credit, he acknowledged that some of his asserted grounds for relief were unexhausted in the state courts. (Doc. 1.) Thus, on October 14, 2021, at Petitioner's request and with Respondent advising

the Court that he had no opposition, the Court stayed this matter pending resolution of a related

state court proceeding that Petitioner alleged could provide a remedy for at least some of his federal

habeas claims. (Docs. 17, 18, 20.) Since that time, Petitioner has faithfully filed timely status

reports as directed by this Court. (Docs. 21, 23, 24, 26, 29.) Those status reports indicate—and the

online records of the District Court of Douglas County, Kansas reflect—that the state court

proceeding remains pending.

In August 2022, this matter was reassigned to the undersigned judge for all further

proceedings. (Doc. 25.) In January 2023, after receiving Petitioner's most recent status report, the

undersigned reviewed the petition in this matter and concluded that it appears that this matter was

not filed within the applicable statute of limitations. Therefore, on January 24, 2023, the Court

issued a Memorandum and Order to Show Cause (MOSC) advising Petitioner that this action is

subject to the one-year limitation period established by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). (Doc. 30, p. 3.) After setting forth the

applicable law, the MOSC explained:

> Petitioner was sentenced on March 4, 2011. *Brown II*, 2017 WL 4455306, at *3. Under Kansas law, he had 14 days to appeal, not counting the day that judgment was entered. *See* K.S.A. 22-3608(c) ("For crimes committed on or after July 1, 1983, the defendant shall have 14 days after the judgment of the district court to appeal."); K.S.A. 60-260(a)(1)(A) (explaining how to compute the time). Petitioner did not pursue a direct appeal, so judgment became final for AEDPA purposes and the one-year federal habeas limitation period began to run on March 19, 2011. Thus, Petitioner had to and including March 19, 2012 to file his § 2254 petition. *See Longoria v. Falk*, 569 Fed. Appx. 580, 581 (10th Cir. 2014) (unpublished) (citing *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final.").

> The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Under this provision, the one-year federal habeas limitation period was tolled, or paused, when

Petitioner filed his motion to withdraw plea on September 19, 2011. At that point, approximately 183 days of the year had expired, leaving approximately 182 days remaining.

The proceedings related to the motion to withdraw plea concluded when the KSC denied review on March 12, 2015, and the one-year federal habeas limitation period resumed the next day. It expired approximately 182 days later, on or around September 10, 2015. Yet Petitioner did not file this federal habeas petition until March 15, 2019. In the portion of the form § 2254 petition that addresses timeliness, Petitioner addresses exhaustion of state-court remedies, noting that motions pending in the state courts involved issues raised in this federal habeas matter. (Doc. 1, p. 22-23.) Although calculating whether a federal habeas matter was timely filed may include considering time spent exhausting state court remedies, timeliness is a requirement distinct from exhaustion. In this matter, for the reasons explained above, the information now before the Court reflects that this matter is untimely.

*Id.* at 4-5 (footnotes omitted).

The MOSC also discussed equitable tolling and the actual innocence exception to the one-year AEDPA limitation period. *Id.* at 5-6. It concluded:

[T]he petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred.

*Id.* at 6-7. Petitioner timely filed his response to the MOSC (Doc. 31), and the Court has reviewed it carefully.

**Analysis**

Because Petitioner proceeds pro se, the Court has liberally construed the response and the exhibits attached to and referred to within the response. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). First, Petitioner argues that his trial counsel was ineffective in the way counsel advised him of filing deadlines and related statutes of limitations. (Doc. 31, p. 1.) He points to Petitioner alleges that had he known of the relevant deadlines, he would have met them, so he asserts that he is entitled to equitable tolling for the time in which to his motion to arrest judgment

4

was pending in the state courts, even though that motion did not trigger statutory tolling. *Id.*; *see also* (Doc. 31, p. 5 n.2 (explaining why the motion to arrest judgment did not trigger statutory tolling)).

The Tenth Circuit has explained, however, that "[i]gnorance of the law is not a valid excuse for failing to satisfy procedural requirements." *See Valenzuela v. Silversmith*, 699 F.3d 1199, 1207 (10th Cir. 2012) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220. And, as noted in the MOSC, "'[s]imple excusable neglect is not sufficient'" to justify equitable tolling, even when it is attorney neglect. (Doc. 30, p. 6 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).) By generally asserting that his counsel did not adequately or accurately inform him of relevant filing deadlines, Petitioner has not alleged the sort of egregious behavior or attorney misconduct that warrants equitable tolling of the AEDPA one-year federal habeas limitation period.

Next, Petitioner reminds the Court that he has been pursuing the exhaustion of his claims in motions that are currently pending in the state courts, which he asserts also entitles him to equitable tolling. (Doc. 31, p. 2.) This argument is also unpersuasive. While exhaustion of claims may at times be relevant to a timeliness analysis—for example, when the state proceedings implicate statutory tolling under 28 U.S.C. § 2244(d)(2)—the pursuit of relief in state court does not always justify tolling the one-year federal habeas limitation period. The Court has reviewed the motions on which Petitioner relies and remains unconvinced that the pursuit of those motions constitutes the sort of "rare and exceptional circumstance" that justifies equitable tolling. *See Gibson*, 232 F.3d at 808. (Doc. 1, p. 100-03[1] (motion to arrest judgment), 111-17 (motion to

---

[1] Although the response refers to the pages according to Petitioner's numbering, this citation and those in the following paragraph refer to the page numbers as the documents are on file in this Court. This is merely for ease of understanding.

inspect physical evidence), 128-30 (motion for discovery), 134-39 (motion to correct illegal sentence).)

Finally, Petitioner asserts that he may be entitled to the actual innocence exception to the AEDPA time limitations. (Doc. 31, p. 2.) As the "new reliable evidence" not presented at trial that supports his claim to this exception, *see Schlup v. Delo*, 513 U.S. 298, 324 (1995), Petitioner refers the Court to a portion of a DNA report (Doc. 6, p. 6-11) and an argument made in the state court in the motion to correct illegal sentence (Doc. 1, p. 135-36) in which he asserts a possible alibi. (Doc. 31, p. 2.) The DNA report, however, reflects that Petitioner could not be excluded as a possible contributor to some of the items tested, and the alibi argument is based on the fact that the criminal conduct was alleged to have occurred over a period of years, which Petitioner believed was improper. Even to the extent that the alibi argument could be considered "new reliable evidence," neither of these make it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," which is the standard for entitlement to the actual innocence exception. *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

## Conclusion

As explained above, the petition currently before the Court does not appear to have been timely filed. After careful consideration of Petitioner's response, the documents in the record to which it refers, and the relevant case law, the Court concludes that Petitioner has not shown entitlement to additional statutory tolling, equitable tolling, or the actual innocence exception to the AEDPA one-year federal habeas limitation period. Thus, this matter must be dismissed as time-barred.

---

Petitioner is assured that the Court has reviewed all the motions to which he referred in the response and all of the related notices of appeal.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERD THAT** the stay of this matter, which was previously lifted for the limited purpose of clarifying timeliness, is lifted. This matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 23rd day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge